UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARGARET PALCKO | : | CIVIL ACTION |
| 2 Exter Drive | : | |
| Blackwood, NJ 08012 | : | NO. |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| AIRBORNE EXPRESS, INC. | : | |
| 1101 N. Christopher Columbus Blvd. | : | |
| Philadelphia, Pa. 19125, | : | |
| | : | |
| Defendant. | : | JURY TRIAL DEMANDED |

## CIVIL ACTION

1. Plaintiff, Margaret Palcko, brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended by 42 U.S.C. §1981a and the Pennsylvania Human Relations Act, 43 PA. CONS. STAT. ANN. § 951, *et seq*., as amended December 20, 1991 (effective immediately).  Plaintiff seeks compensatory and punitive damages and costs and attorneys' fees from defendant to compensate her for defendant's repeated unlawful discrimination against her because of her sex, female, and for creating and condoning a hostile and discriminatory work environment and retaliating against her for reporting such actions and conditions, and otherwise violating her civil rights.

## THE PARTIES

2. Plaintiff, Margaret Palcko, (hereinafter "Plaintiff" or "Ms. Palcko") is an adult female and citizen of the State of New Jersey who at all times relevant and material hereto has resided at 2 Exter Drive, Blackwood, NJ 08012.

3. Defendant, Airborne Express, Inc. (hereinafter "Defendant" or "Airborne Express") is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business located at 3101 Western Avenue, Seattle, Washington, 98121. At all times relevant to the occurrences herein, Airborne Express had a place of business located at 1101 N. Christopher Columbus Blvd, Philadelphia, Pa. 19125. During the relevant time of this lawsuit, Airborne Express has employed more than 500 employees and has been an "employer" within the meaning of 43 PA. CONS. STAT. ANN. § 954(B) by virtue of Airborne Express having employed four or more persons within the Commonwealth of Pennsylvania.

4. At all times relevant and material hereto, Airborne Express's agents, servants and/or employees acted or failed to act in their personal capacities and/or official capacities as officers, agents, representatives, employees, and/or servants of Airborne Express.

5. At all times relevant and material hereto, Airborne Express was acting through its agents, servants and/or employees who were acting within the scope of their authority, under the control of or right to control of Airborne Express and in furtherance of Airborne Express's business.

6. At all times relevant and material hereto, each agent, servant, representative, and/or employee of Airborne Express was acting intentionally, maliciously and in concert with one another in reckless and deliberate disregard for Plaintiff's federal and state statutory and common law rights.

7. At all times relevant and material hereto, each agent, servant, representative, and/or employee of Airborne Express acted by, through, and pursuant to a custom, policy, pattern and practice within Airborne Express of sex-based discrimination, sexual harassment, and retaliation in violation of Plaintiff's federal and state rights.

## JURISDICTION AND VENUE

8.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331 and 1343, inasmuch as Plaintiff alleges a cause of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended by 42 U.S.C. §1981a.  This Court's supplemental jurisdiction is also invoked pursuant to 28 U.S.C. §1367, inasmuch as Plaintiff alleges a cause of action under state law.

9.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b), inasmuch as Plaintiff's causes of action arose in the Eastern District of Pennsylvania.

## FACTUAL BACKGROUND

10.      Ms. Palcko is a twenty-nine (29) year old female who was employed by Airborne Express as a Field Service Supervisor (FSS) from approximately 1998 to March 5, 2001.

11.      In her capacity as an FSS, Ms. Palcko directly supervised 30 - 35 drivers, all but one of whom were male.  Ms. Palcko attempted to bring about more efficiency in driver performance and immediately encountered resistance from the drivers and their union, Teamsters Local 107.

*The October 9, 2000 Incident*

12. On or about October 9, 2000, Local 107 Assistant Shop Steward Greg Sangmeister ("Sangmeister") attempted to intimidate Ms. Palcko by stating that she had engaged in sexual misconduct with another Airborne Express employee.

13. Ms. Palcko immediately reported this false allegation and act of intimidation to her immediate supervisor, Michael Matey (hereinafter "Matey"), the District Field Services Manager.

14. Management did not meaningfully respond or otherwise remediate the situation.

15. Further, upon information and belief, management did not initiate or take disciplinary action against Sangmeister.

*The November 13, 2000 Incident*

16. On approximately November 13, 2000, while Ms. Palcko was working on Airborne Express premises, Airborne Express drivers Steve Link (hereinafter "Link") and John McAndrews (hereinafter "Andrews") began shouting and physically menacing Ms. Palcko and backing her into a small confined area against her will.

17. Ms. Palcko managed to escape and reported this to Airborne Express management, which again did not take meaningful action against the wrongdoers or otherwise remediate the situation.

18. Further, upon information and belief, management did not initiate or take disciplinary action against Link or McAndrews.

*The Sangmeister Remark*

19.     From approximately mid-December, 2000 to January, 2001, while Ms. Palcko was working on Airborne Express premises and in the presence of other Airborne Express employees, Sangmeister said to Ms. Palcko: "Women don't belong here or in this industry.  If you choose to be here, you should work days where Mike can watch over you."  Later, Sangmeister made this remark to Peter Sankus, another Airborne Express employee.

20.     Mr. Sankus and Ms. Palcko brought this to the attention of Michael Matey.  Ms. Palcko requested that Airborne Express's Human Resources Department initiate a training program to educate Airborne Express employees about the unlawfulness of perpetuating a hostile work environment so that similar episodes of sexual harassment could be avoided in the future.

21.     Human Resources and management declined to become involved and did not take any meaningful action to halt the hostile activity that was directed at Ms. Palcko because she was female.

22.     Indeed, Mr. Matey told Ms. Palcko that she should get "thicker skin."

23.     Management did not meaningfully respond or otherwise remediate the situation and, upon information and belief, did not initiate or take disciplinary action against Sangmeister.

*The E-Mail Incident*

24.     During the period of approximately December, 2000 through January, 2001, an individual who Ms. Palcko believes to have been an employee of Airborne Express used the company's internal wireless alpha numeric message system to slander and demean her by spreading false and vile rumors about her sex life and make highly offensive, obscene, lewd and vulgar statements about her moral character.

25. The aforementioned messages referred to Ms. Palcko as "slut", "whore", "fat pig" and "fucking slut whore", among other vulgarities, and falsely accused her of multiple acts of sodomy and deviant sex with multiple Airborne Express employees, and falsely accused Ms. Palcko's mother of similar perversions and low moral character.

26. The aforementioned messages were broadcast and distributed throughout Airborne facilities in southeast Pennsylvania and southern New Jersey. Some of these offensive messages were printed out and circulated among Airborne Express employees. The messages also contained threats of bodily harm.

27. Airborne Express did not take meaningful action to investigate the lewd and obscene messages and/or determine the identity of the person who was sending these messages and did not counteract the hostile environment and harassment arising from these messages through training, which Ms. Palcko again requested, or other means.

28. Throughout this period, lewd and obscene remarks were made about Ms. Palcko and her moral character by Airborne Express employees on Airborne Express premises. On or about December 19, 2000, Ms. Palcko's car was vandalized on property owned and/or controlled by Airborne Express.

29. These incidents were reported to Airborne Express management. Airborne did not conduct meaningful investigations of these incidents and did not take meaningful action to counteract or otherwise address the hostile work environment that existed as a result of these and other actions.

*The March 5, 2001 Incident*

30. At a management meeting on March 5, 2001, the subject again came up of the hostile work environment and sexual harassment directed specifically against Ms. Palcko.

31. When Ms. Palcko again complained about these matters, Matey stated in everyone's presence words to the effect that "Maybe you don't belong in this industry," and "Maybe you should just leave."

32. At that time Ms. Palcko left the meeting and never returned to her position at Airborne Express.

33. Matey called Ms. Palcko at home on March 8, 2001 and asked her what it would take to get her back to work.

34. Ms. Palcko told Matey that Airborne Express could not give her what she needed to work there, which was a work place free of discrimination and harassment directed against her based on her sex, female   Nothing that Matey told Ms. Palcko caused her to believe that Airborne Express would take any meaningful action to remedy the hostile, discriminatory and abusive work environment.

*Damages*

35. Ms. Palcko was subjected to sexual harassment and sex discrimination, including but not limited to a hostile work environment.

36. Ms. Palcko asserted her rights under local, state and federal law.

37. When Ms. Palcko asserted her rights Airborne Express retaliated against her, through the actions of her direct supervisor, Matey, by, *inter alia*, telling her to leave.  As a result, Ms. Palcko did not return to work.

38. Ms. Palcko could not return to that same hostile, discriminatory and abusive environment and consequently sought other employment.

39. The environment became so intolerable and oppressive to Ms. Palcko, that, under the circumstances, a reasonable individual, such as Ms. Palcko, had no meaningful choice but to resign her position and, therefore, was constructively discharged.

40. Ms. Palcko obtained other employment at a position that pays substantially less and has fewer benefits (less medical coverage and no pension plan) than her former position at Airborne Express.

41. As a result of the actions of Airborne Express, Ms. Palcko has sustained great emotional distress and anguish.

42. Ms. Palcko timely filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on May 31, 2001 at which time it was assigned Docket No. 170A11213. Ms. Palcko requested the EEOC provide her with a Dismissal and Notice of Rights on February 12, 2002 on the grounds that 180 days had elapsed since the filing of the Charge of Discrimination without a finding by the EEOC on the Charge of Discrimination.  On February 27, 2002, the EEOC issued its Dismissal and Notice of Rights.  Ms. Palcko has, therefore, exhausted her administrative remedies under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) and 29 CFR § 1601.28(a)(2).

43. Ms. Palcko Complaint of Discrimination was cross-filed with the Pennsylvania Human Relations Commission ("PHRC") on June 26, 2001.  Ms. Palcko has, therefore, exhausted her administrative remedies under the Pennsylvania Human Relations Act, 43 P.S. § 962(c).

# COUNT I

## *Margaret Palcko v. Airborne Express*
### (Violation of Title VII of the Civil Rights Act of 1964, as amended)

44. The averments in foregoing paragraphs 1 through 43 of this Civil Action are incorporated herein as though set forth in full.

45. As set forth above, Defendant has discriminated against Plaintiff with regard to the terms, conditions, and privileges of her employment on the basis of her sex.

46. Plaintiff, as a female, belongs to a group protected from discrimination under Title VII of the Civil Rights Act of 1964, as amended.

47. The harassment and retaliation complained of by Plaintiff on the part of Defendant and its agents, employees, servants, and/or representatives as aforesaid were based on Plaintiff's sex, female.

48. The harassment and retaliation complained of by Plaintiff on the part of Defendant and its agents, employees, servants, and/or representatives as aforesaid have unreasonably interfered with Plaintiff's job performance by allowing and promoting a hostile work environment.

49. The harassment and retaliation complained of by Plaintiff on the part of Defendant and its agents, employees, servants, and/or representatives as aforesaid was sufficiently severe and oppressive such that a reasonable person such as Plaintiff was compelled to resign her position and was constructively discharged by Defendant.

50. Defendant's discriminatory conduct violates Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended.

51.     Defendant employs in excess of 15 employees in each of 20 or more calendar weeks in the current and in the preceding calendar year, and is an "employer" as defined by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended.

52.     Based upon the actions and inactions of its agents, servants, representatives, and/or employees as aforesaid, and their knowledge of the harassment against Plaintiff, Defendant had knowledge or constructive knowledge of the harassment and failed to take prompt and remedial action as required under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended.

53.     Defendant is liable to Plaintiff under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended.

54.     As a direct result of the aforesaid actions and inactions by Defendant and/or its agents, servants, employees, and/or representatives, Plaintiff has sustained and continues to sustain losses, injuries, and damages compensable under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended by 42 U.S.C. §1981a.

WHEREFORE, Plaintiff Margaret Palcko demands judgment in her favor against defendant Airborne Express, Inc. which awards her relief which includes but is not limited to:

(a)     an amount in excess of one hundred fifty thousand dollars ($150,000.00) for her compensatory damages;

(b)     reimbursement of all expenses and financial losses Plaintiff has incurred as a result of the unlawful conduct by Defendant;

(c)     attorneys' fees plus costs;

(d)     delay damages;

(e) punitive damages; and,

(f) such other relief as this Court deems appropriate.

## COUNT II

### MARGARET PALCKO V. AIRBORNE EXPRESS
### (VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT, AS AMENDED)

55. The averments in foregoing paragraphs 1 through 54 of this Civil Action are incorporated herein as though set forth in full.

56. As set forth above, Defendant has discriminated against Plaintiff with regard to the terms, conditions, and privileges of her employment on the basis of her sex.

57. Plaintiff, as a female, belongs to a group protected from discrimination under the Pennsylvania Human Relations Act, 43 PA. CONS. STAT. ANN. § 951, *et seq.*, as amended December 20, 1991 (eff. immed.).

58. At all times relevant and material hereto, Sections 5(a) of the Pennsylvania Human Relations Act made it an unlawful discriminatory practice "[f]or any employer because of ... sex, ... to discharge from employment such individual ..., or to otherwise discriminate against such individual ... with respect to ... terms, conditions or privileges of employment ... .

59. At all times relevant and material hereto, Sections 5(d) of the Pennsylvania Human Relations Act made it an unlawful discriminatory practice "[f]or any ... employer ... to discriminate in any manner against any individual because such individual has opposed any practice forbidden by this act, or because such individual has made a charge ... under this act.

60. The harassment and retaliation complained of by Plaintiff on the part of Defendant and its agents, employees, servants, and/or representatives as aforesaid were based on Plaintiff's sex, female, in violation of the Pennsylvania Human Relations Act.

61. The harassment and retaliation complained of by Plaintiff on the part of Defendant and its agents, employees, servants, and/or representatives as aforesaid have unreasonably interfered with Plaintiff's job performance by allowing and promoting a hostile work environment, in violation of the Pennsylvania Human Relations Act.

62. The harassment and retaliation complained of by Plaintiff on the part of Defendant and its agents, employees, servants, and/or representatives as aforesaid was sufficiently severe and oppressive to a reasonable person such as Plaintiff such that Plaintiff was compelled to resign her position and constructively discharged by Defendant.

63. The actions and/or omissions of Airborne Express through its agents, servants, workmen and/or employees described in the foregoing paragraphs of this Civil Action constitute unlawful and intentional discrimination against Plaintiff based on her sex in direct violation of the Pennsylvania Human Relations Act.

64. As a direct result of the actions and/or omissions of Airborne Express through its agents, servants, workmen and/or employees Plaintiff has sustained and continues to sustain emotional distress, and has been further required to incur and continues to incur legal expenses and legal fees, and other miscellaneous costs.

WHEREFORE, Plaintiff Margaret Palcko demands judgment in her favor against defendant Airborne Express, Inc. which awards her relief which includes but is not limited to:

    (a)    an amount in excess of one hundred fifty thousand dollars ($150,000.00) for her compensatory damages;

    (b)    reimbursement of all expenses and financial losses Plaintiff has incurred as a result of the unlawful conduct by Defendant;

    (c)    attorneys' fees plus costs;

    (d)    delay damages;

    (e)    punitive damages; and,

    (f)    such other relief as this Court deems appropriate.

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable in this case.

**SPRAGUE & SPRAGUE**

By:_____
DAVID L. DACOSTA
JOSEPH J. MCALEE

THE WELLINGTON BUILDING
135 SOUTH 19TH STREET, SUITE 400
PHILADELPHIA, PA 19103
(215) 561-7681

ATTORNEY FOR PLAINTIFF

DATE: May 20, 2002