```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

**MARGARET PALCKO**              :    CIVIL ACTION
                                 :
          v.                     :
                                 :
**AIRBORNE EXPRESS, INC.**       :    NO. 02-2990

**O R D E R**

**AND NOW,** this        day of August, 2002, upon consideration of plaintiffs' Motion to Enter Default Judgment (Doc. #4), as a court may not enter judgment by default without being satisfied that it has personal jurisdiction over the defendant as to whom judgment is sought, see Cobb v. Cobb, 1997 WL 602790, *4 n.8 (E.D. Pa. Sept. 23, 1997) (lack of personal jurisdiction deprives court of power to enter default judgment); as proper service of process is a prerequisite to personal jurisdiction, see Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 569 (3d Cir. 1996); as it appears that plaintiff served the summons and complaint on Dan McTague, a supervisor at defendant's facility at 1101 North Christopher Columbus Blvd. in Philadelphia; and, as plaintiff has not provided sufficient information from which the court can conscientiously conclude that Mr. McTague is a corporate officer, an agent authorized by appointment to receive service of process on behalf of defendant or a managing or general agent of defendant, see Fed. R. Civ. P. 4(h)(1); Gottlieb v. Sandia Am. Corp., 452 F.2d 510, 513 (3d

Cir.)(managing or general agent is responsible person in charge of "substantial phase" of corporation's operations), cert. denied sub nom. Wechsler v. Gottlieb, 404 U.S. 938 (1971); Alloway v. Wain-Roy Corp., 52 F.R.D. 203, 204 (E.D. Pa. 1971) (mere fact that recipient is designated as a manager "does not indicate that he was clothed with the responsibility envisioned by the Federal or Pennsylvania rules as a proper person to receive service"); Mattson v. Intedge Industries, Inc., 1990 WL 200705, *2 (E.D. Pa. Dec. 10, 1990); 4A Wright & Miller, Federal Practice and Procedure Civil 3d § 1103 (3d ed. 2002), or that he is otherwise authorized by state law to receive service of process, see Pa. R. Civ. P. 424, **IT IS HEREBY ORDERED** that said Motion is **DENIED** without prejudice to renew upon a showing that service on Mr. McTague was effective or after otherwise making proper service on an appropriate person at defendant's headquarters or elsewhere, should defendant thereafter fail timely to appear and answer.

                                        **BY THE COURT:**

                                        _____

                                        **JAY C. WALDMAN, J.**