IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____ :
                                 :
                                 :
MARGARET PALCKO                  :    CIVIL ACTION
                                 :    NO: 02-2990
                                 :
              Plaintiff,         :
                                 :
        v.                       :
                                 :
                                 :
AIRBORNE EXPRESS, INC.           :
                                 :
              Defendant.         :    JURY TRIAL DEMANDED
_____ :

### Memorandum of Law in Support of Motion
### of Defendant Airborne Express to Dismiss

Defendant Airborne Express ("Airborne") respectfully moves the Court pursuant to Fed.R.Civ.P. 12 (b)(2) and (5) to dismiss plaintiff's complaint for insufficiency of service of process and lack of personal jurisdiction.  Airborne requests dismissal based upon plaintiff's failure, in violation of Fed.R.Civ.P. 4(m), to effect service of process within 120 days of filing her complaint.

### General Background

Plaintiff Margaret Palcko ("Palcko") was an Airborne employee until she walked off the job and voluntarily quit in March of 2001.  Palcko filed a charge of discrimination against Airborne Express with the Equal Employment Opportunity Commission on or about May 31, 2001, and eventually requested a Right-to-Sue letter.  As alleged in paragraph 42 of the plaintiff's complaint,

the Right-to-Sue letter was issued on February 27, 2002.
Plaintiff filed her complaint in this action on May 20, 2002 but
to date has not effected service of process.  Plaintiff's
complaint seeks relief for alleged gender discrimination, sexual
harassment and retaliation under Title VII of the Civil Rights
Act of 1964, 42 U.S.C. §2000e, as amended by 42 U.S.C. §1981a,
(Count I) and the Pennsylvania Human Relations Act, 43
Pa.Cons.Stat. Ann. §§951 *et seq.* (Count II).

On September 24, 2002, Airborne learned from outside
counsel that Palcko had filed a complaint and thereafter had
moved for the entry of a default judgment, which the Court denied
in an Order issued on August 15, 2002.  Affidavit of Robert J.
Zech, Jr., attached hereto as Exhibit "A", ¶2.  In her Motion to
Enter Default Judgment, plaintiff represented to the Court that
copies of the Summons and the Complaint were handed to a "Dan
McTague" at Airborne's station located at 1101 North Christopher
Columbus Boulevard in Philadelphia (the "DWP" station).
Plaintiff's Motion to Enter Default Judgment, ¶2.

The Court denied plaintiff's Motion "without prejudice
to renew upon a showing that service on Mr. McTague was effective
or after otherwise making proper service on an appropriate person
at defendant's headquarters or elsewhere, should defendant
thereafter fail timely to appear and answer."  The Court's Order
of August 15, 2002 was filed on August 16, 2002 and is the last

2

entry on the docket in this case.  A true and correct of a Pacer Docket Report is attached hereto as Exhibit "B".[1]

### Plaintiff's Motion to Enter Default Judgment

Plaintiff sought the entry of a default judgment on the ground that she had allegedly served Airborne with the Summons and a Complaint on June 4, 2002 and that Airborne failed to respond within twenty (20) days.  According to plaintiff, copies of the Summons and Complaint were handed to "Dan McTague, Supervisor of the facility" known as DWP.  See Plaintiff's Motion to Enter Default Judgment, ¶2.  Contrary to plaintiff's allegation, however, Dan McTague was never "Supervisor of the facility."  Rather, Airborne briefly employed McTague as a field services supervisor at the DWP station from March 4, 2002 until July 29, 2002.  As a newly hired and low-level supervisor, McTague was never in charge of the station or of the station's operations during his brief tenure with the company.  Affidavit of Robert J. Zech, Jr., ¶7.  The field service supervisor position is an entry level position for exempt employees.  Affidavit of Robert J. Zech, Jr., ¶4.

### Plaintiff Failed to Effect Service of Process

Assuming that a process server for plaintiff's counsel handed something to McTague on June 4, 2002, it was not effective

---

[1]Airborne's counsel requested a Docket Report from the Clerk of the Court but it has not yet been received.  Airborne submits the Pacer Report in the interest of time.

3

service of process.[2]  Under Fed.R.Civ.P. 4(h), service on a corporation may be made by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process . . .. "  McTague was not an officer or a managing or general agent of Airborne Express, nor was he otherwise authorized by appointment or by law to receive service of process.  Affidavit of Robert J. Zech, Jr., ¶¶ 5,6. Consequently, plaintiff failed to effect service of process under the Federal Rules of Civil Procedure.

Service of process on a corporation may also be made pursuant to the law of Pennsylvania, in which this District Court is located.  Fed.R.Civ.P. 4(h)(1) and (e)(1).  The service of process on corporations under Pennsylvania law is governed by Pa.R.Civ.P. 424.  Rule 424 provides as follows:

> Service of original process upon a corporation . . . shall be made by handing a copy to any of the following persons . . .
>
> (1) an executive officer, partner or trustee of the corporation . . .
>
> (2) the manager, clerk or other person for the time being in charge of any regular

---

[2]Plaintiff's Motion does not include a copy of the Summons allegedly handed to McTague, only the portion reflecting the alleged Return of Service.  Consequently, Airborne does not know whether the Summons met the form requirements of Fed.R.Civ.P. 4(a), and respectfully reserves its right to challenge the sufficiency of process under Fed.R.Civ.P. 12(b)(4) if and when the Summons can be examined.

place of business or activity of the
corporation, or

(3) an agent authorized by the
corporation . . . in writing to receive
service of process for it.

Plaintiff did not effect service under the Pennsylvania
Rule because McTague does not fall into any of the above
categories.  McTague was never an executive officer, partner,
trustee or agent authorized to accept service of process for
Airborne.  Affidavit of Robert J. Zech, Jr., ¶¶5,6.  Nor was he a
"manager, clerk or other person for the time being in charge of
any regular place of business or activity of the corporation."
Affidavit of Robert J. Zech, Jr., ¶7.  Both a Station Manager and
a District Field Services Manager are in charge of the DWP
station, a fact that plaintiff knew or should have known from her
employment at Airborne.

The mere fact that plaintiff's process server
identified McTague as a supervisor does not "indicate that he was
clothed with the responsibility envisioned by Federal or
Pennsylvania rules as a proper person to receive service."
Alloway v. Wain-Roy Corporation, 52 F.R.D. 203 (E.D.Pa.
1971)(designation as "manager" does not indicate the necessary
responsibility envisioned by the applicable rules).

The Court's Order of August 15, 2002 specifically
advised plaintiff's counsel to either establish that McTague had

the requisite level of authority or effect service of process in
accordance with the rules. The Order expressly referred to
service on Airborne's headquarters, an address known to plaintiff
and her counsel, as reflected in paragraph 3 of plaintiff's
complaint. In response, plaintiff apparently did nothing to
effect service of process or meet her burden under Pennsylvania
law to show that service had been accomplished. Richman,
Berenbaum & Associates v. Carolina Casualty Company, 2002
U.S.Dist. LEXIS 15328, *16 (E.D.Pa. 2002)(Giles, J.)(plaintiff's
burden under Pennsylvania law to establish that service had been
made). In short, plaintiff could have but did not effect service
within 120 days despite the clear signal from the Court that
proper service might not have been accomplished, as indeed, it
had not.

Airborne is not aware of any further attempts at
service nor do the docket entries reflect any activity since the
filing of the Court's Order on August 16, 2002. The failure to
serve Airborne Express with the Praecipe to Enter Default or the
Motion to Enter Default Judgment further suggests that plaintiff
had no real interest in seeking to serve Airborne.[3]

---

[3]Although plaintiff claims to have mailed a copy of the
Praecipe to Enter Default Judgment to McTague shortly before the
termination of his employment with Airborne, this does not
reflect a commitment to achieve service but, rather, a hope for a
snap default judgment given the lack of response by Airborne
after the alleged service on McTague.

6

In the absence of proper service, the Court does not obtain personal jurisdiction over a defendant. <u>Lin v. Pennsylvania Machine Works, Inc.</u>, 1998 U.S.Dist. LEXIS 2767 (E.D.PA. 1998)(Bartle, J.), *citing* <u>Ayres v. Jacobs & Crumplar, P.A.</u>, 99 F.3d 565 (3d Cir. 1996)(action dismissed for failure to serve proper Summons in accordance with Fed.R.Civ.P. 4(a) despite actual notice). Airborne respectfully requests that the Court dismiss plaintiff's complaint for failure to effect service of process and the resulting lack of personal jurisdiction over Airborne.

### Dismissal of the Complaint<br>is Appropriate Under the Facts of This Case

Fed.R.Civ.P. 4(m) provides as follows:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion . . . shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified period of time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Plaintiff's complaint was filed on May 20, 2002, so the 120 day period for service expired on September 17, 2002.

The Third Circuit requires "a two-pronged inquiry to determine whether the grant of an extension of time in which to serve is proper under Rule 4(m)." <u>McCurdy v. American Board of Plastic Surgery</u>, 157 F.3d 191, 196 (3d Cir. 1998). First the

Court "must determine whether good cause exists for failure to have effected service in a timely manner.  If so, an extension must be granted." Id.  If good cause is not shown, however, the Court may either grant an extension for service of process or dismiss the complaint in the exercise of the Court's discretion.

In this case, good cause for plaintiff's failure to effect service cannot be shown because plaintiff's counsel was on notice upon receipt of the Court's Order of August 15, 2002 that the previously attempted service was ineffective    or at least that further inquiry as to McTague's authority was required. Plaintiff had nearly an entire month remaining on the 120 days in which to accomplish service of process but apparently chose not to do so.  And, if plaintiff had made any inquiry of Airborne regarding McTague, she would have learned that he was no longer an employee of Airborne.

Rule 4(m) does not define "good cause" but it is equated with the "excusable neglect" standard under Fed.R.Civ.P. 6(b)(2).  MCI Telecommunications Corporation v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995), *cert. denied,* 519 U.S. 815 (1996).  Good cause requires "a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance with the time specified in the rules."  Id.  Good cause does not include inadvertence of counsel, half-hearted efforts by counsel, or reliance upon a

8

third party or on a process server.  <u>Petrucelli v. Bohringer &</u>
<u>Ratzinger, GMBH</u>, 46 F.3d 1298, 1307 (3d Cir. 1995), *reh'g en banc*
*denied,* 1995 U.S.App. LEXIS 4100 (3d Cir. 1995).  Accordingly,
good cause does not exist in this case to require an extension of
time in which service may be made, assuming plaintiff belatedly
requests such an extension.

Plaintiff's failure to effect service of process in
response to the Court's Order of August 15, 2002 can only be
described as willful and not inadvertent.  It appears to be a
conscious strategic or tactical decision because Airborne could
easily have been served with process at the DWP station or at its
headquarters in Seattle at an address known to plaintiff and her
counsel.  Simply serving the Summons and Complaint by mail with a
waiver of service pursuant to Fed.R.Civ.P. 4(d) would have
preserved time, expense and judicial resources.

Factors that a district court should consider in
exercising discretion under Rule 4(m) include frivolousness,
motivation, objective unreasonableness (factual and legal),
consideration of compensation and deterrence in particular
circumstances, and the running of a statute of limitations.
<u>Boley v. Kaymark</u>, 123 F.3d 756, 759 (3d Cir.1997) *cert. denied,*
522 U.S. 1109 (1998), *citing* <u>United States v. Monaco</u>, 23 F.3d
793, 799 (3d Cir. 1994)(remand to district court to allow
exercise of court's discretion in criminal sentencing matter) and

9

Lieb v. Topstone Industrial Inc., 788 F.2d 151, 156 (3d Cir. 1986)(exercise of discretion to award attorneys' fees in copyright action).  Another factor is whether the defendant is evading service or conceals a defect in service, neither of which occurred here.  *See e.g.,* Boley, *supra,* 46 F.3d at 1305-06, *citing* Advisory Committee Note on Rule 4(m) amendment.

The plaintiff's failure to effect service of process in the face of the Court's Order is both factually and legally unreasonable.  Moreover, this is not a case in which the defendant had actual notice of the complaint but instead did not learn of it or the motion for entry of a default judgment until September 24, 2002, and then only because defendant's outside counsel happened fortuitously to come across the case citation in the Clerk's office while working on another matter.  As discussed below, plaintiff's Title VII action will be time-barred as a result of the dismissal of the complaint.  While this factor weighs in favor of an extension of time in which to accomplish service of process, it is not dispositive and is outweighed by the refusal to act upon the Court's very clear direction to properly effect service.

Airborne respectfully requests that the Court exercise its discretion to dismiss plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(5) for failure to effect service and Rule 12(b)(2) for the resulting lack of personal jurisdiction.

## Plaintiff's Title VII Claim is Time-Barred

Airborne requests that the Court dismiss plaintiff's Title VII claim as time-barred as a matter of law.  Under Title VII, a plaintiff must file a complaint within 90 days of receipt of a Right-to-Sue letter.  42 U.S.C. §2000e-5(f)(1).  The 90 day requirement is treated as a statute of limitations and is strictly construed.  Burgh v. Borough Council of the Borough of Montrose, 251 F.3d 465, 470 (3d Cir. 2001).  Absent some equitable basis for tolling, "a civil suit filed even one day late is time-barred and may be dismissed."  Id.

The EEOC issued its Right-to-Sue letter on February 27, 2002.  Ninety days expired on May 28, 2002 or, allowing three days for receipt of the letter by mail, on May 31, 2002.  Plaintiff filed her Complaint on May 20, 2002, with, at most, eleven (11) days remaining on the 90 day period.  Even assuming a basis for tolling the running of the 90 day period because of the attempted service, such tolling could only extend to the receipt of the Court's Order of August 15, 2002, at which point plaintiff and her counsel knew or should have known that service of process had not been accomplished.  The eleven (11) days remaining on the 90 day period as of the filing of the complaint on May 20, 2002 would begin to run on August 19, 2002,[4] expiring on August 30,

---

[4]The copy of the Court's Order in the Clerk of the Court's file reflects that the Order was mailed to plaintiff's counsel on August 16, 2002.  Airborne includes the three (3) days for

2002.

      With the dismissal of plaintiff's complaint for failure to serve process, any attempted re-filing of the Title VII claim is time-barred under the 90 day rule. Lin, *supra,* 1998 U.S.Dist. LEXIS at *7-8 (motion to dismiss granted where, even with equitable tolling, 103 days passed between receipt of the EEOC letter and the filing of a second complaint). When Airborne learned of plaintiff's action on September 24, 2002, 115 days had elapsed since the filing of the complaint, excluding the post-filing period until receipt of the Court's Order of August 15, 2002; 122 days have elapsed as of the filing of this motion. The Third Circuit has ruled in another context that the running of the statute of limitations is a factor supporting the discretionary grant of an extension of time to make service under Fed.R.Civ.P. 4(m). *See, e.g.,* Boley v. Kaymark, *supra*, 123 F.3d 756 (3d Cir.1997) (remanding for correct consideration of the relevant factors bearing on exercise of discretion, including running of two year statute of limitations in personal injury action), *cert. denied,* 522 U.S. 1109 (1998). It is, however, but one factor and not a dispositive one. *See e.g.,* Petrucelli v.

---

service by mail under Fed.R.Civ.P. 6(e) in its calculation. Airborne does not know the date on which plaintiff received her Right-to-Sue letter, and therefore relies on Rule 6(e) to create a presumption that notice was received three (3) days after it was mailed. Mosel v. Hills Department Store, 789 F.2d 251, 253, n. 2 (3d Cir. 1986)(citations omitted).

Bohringer & Ratzinger, GMBH, *supra,* 46 F.3d at 1306.

Airborne respectfully submits that the other factors discussed above weigh in favor of the Court's discretion to dismiss plaintiff's complaint. Those factors include the Court's Order of August 15, 2002, the objective unreasonableness of not effecting service in response to the Order, the ease with which service could have been accomplished and the strict construction of the 90 day period for filing suit upon receipt of a Right-to-Sue letter. As stated by the court in Lin, courts are bound by the rules of service, "no matter how technical they may seem." Lin, *supra,* 1998 U.S.Dist. at *6. That is particularly true in light of the mandated strict construction of the 90 day limitation for the filing of complaints upon receipt of a Right-to-Sue letter.

As stated in Griffith v. Philadelphia Prison Systems, 2001 U.S.Dist. LEXIS 11511, *6 (E.D.Pa. 2001)(Kauffman, J.)(Title VII claims time-barred where complaint filed nine (9) days beyond 90 day period), "the ninety day filing period acts as a statute of limitation in Title VII cases and cannot, in the absence of equitable considerations, be extended for even one day", *citing* Montecalvo v. Trump's Taj Mahal Casino, 1997 U.S.Dist. LEXIS 19199, *3 (E.D.Pa. 1997)(E.D.Pa. 1997)(Weiner, J.)(action dismissed for failure to file within 90 days; request for reconsideration by EEOC does not toll 90 day filing period) and

<u>Mosel</u>, *supra,* 789 F.2d at 253 (refusing to extend filing period for even one day).  Any equitable considerations based upon the attempted service of process in this case ended upon receipt of the Court's Order of August 15, 2002.  To allow a liberal construction of Fed.R.Civ.P. 4(m) to trump the clear Congressional policy considerations in enacting the 90 day filing period under the circumstances of this case would eviscerate the filing requirement set forth in Title VII.

### **Conclusion**

Airborne Express respectfully requests that the Court dismiss plaintiff's Title VII claim with prejudice and plaintiff's claim under the PHRA without prejudice for failure to serve original service within 120 days of the filing of the complaint.

Respectfully submitted,


_____
Sharon M. Erwin
Law Offices
  of Sharon M. Erwin, LLC
3130 W. Penn Street
Philadelphia, PA 19129-1016
(215) 438-8813

Dated: October 2, 2002

## CERTIFICATE OF SERVICE

I, Sharon M. Erwin, certify that I am causing a true and correct copy of the foregoing Motion to Dismiss to be served by first class mail, postage pre-paid, this 2nd day of October, 2002, upon the following:

David L. DaCosta, Esquire
Joseph J. McAlee, Esquire
Sprague & Sprague
The Wellington Building
135 S. 19th Street, Suite 400
Philadelphia, PA 19103

Attorneys for plaintiff


_____

Sharon M. Erwin


Dated: October 2, 2002