**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Margaret Palcko,** | : | **Civil Action** |
| **Plaintiff** | : | |
| | : | |
| v. | : | |
| | : | |
| **Airborne Express, Inc.,** | : | **No.: 02-CV-2990** |
| **Defendant** | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S ANSWER TO DEFENDANT AIRBORNE EXPRESS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, Airborne Express, Inc. ("defendant") has moved to dismiss plaintiff's complaint for insufficient service of process and lack of personal jurisdiction pursuant to Fed.R.C.P. 12 (b) (2) and (5). Defendant's motion is a disingenuous attempt to shift from the defensive posture of explaining away a default to an offensive attack by accusing the plaintiff of failure to effectuate proper service. Defendant's motion is not only devoid of merit but sanctionable.[1]

**Factual Background**

On May 20, 2002 plaintiff filed a complaint against her former employer, defendant Airborne Express, Inc. ("defendant") alleging causes of action under Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act for acts of sexual discrimination, hostile work environment, and unlawful retaliation.

On June 4, 2002, defendant was personally served with a copy of the Summons and Complaint at its place of business at 1101 North Christopher Columbus Boulevard, Philadelphia, Pennsylvania by handing copies thereof to Dan McTague, Supervisor of the facility (return of

[1]Contemporaneously with this Answer, plaintiff is filing a Renewed Motion to Enter Default Judgment Against Defendant in which she incorporates by reference this Memorandum of Law in support of her renewed motion.

service attached as Exhibit “A”). Service was accomplished by Darryl F. Otto, a retired Senior Investigator for the New York State Police, who is now employed by plaintiff's counsel as an investigator (see Affidavit of Darryl F. Otto, attached hereto as Exhibit “B”, ¶ 1). Mr. Otto entered the defendant's offices and asked the receptionist for the person in charge of the facility (Exhibit “B”, ¶ 3). The receptionist then summoned a person who identified himself as “Dan McTague” who stated that he was the person in charge of the facility and identified himself by the title “Supervisor.” (Exhibit “B”, ¶ 4). Mr. Otto than handed a copy of the Summons and Complaint to Mr. McTague, advised him that Airborne was being sued, and stated that he was serving McTague on behalf of Airborne (Exhibit “B”, ¶ 5). Mr. McTague replied “OK,” and uttered words to the effect that he would “send this over” (*id.*), presumably to a superior or to corporate headquarters. As he left the premises, Mr. Otto observed Mr. McTague reading the Complaint. At no time did Mr. Otto have any reason to believe that Mr. McTague was not who he represented himself to be – the person in charge of the defendant's place of business (Exhibit “B”, ¶ 6).

Plaintiff's counsel received no response to the Complaint, and on June 28, 2002, filed a Praecipe to Enter Default against defendant, and default was entered by the Clerk that day. Even though no rule of Court required it, on July 15, 2002, plaintiff's counsel sent a letter to Mr. McTague at the place where he had been personally served advising him of entry of the default and suggesting that he forward it to defendant's legal department (attached as Exhibit “C”).

Still receiving no response, on July 26, 2002, plaintiff's counsel filed a motion for entry of a default judgment against defendant. On August 15, 2002, this Honorable Court issued an Order denying plaintiff's motion “without prejudice to renew upon a showing that service on Mr. McTague was effective....” (Order attached as Exhibit “D”). Plaintiff's counsel then performed

additional legal research and attempted to learn more about Mr. McTague in order to renew her motion. Before that process was completed, defendant's local counsel, allegedly learning of plaintiff's complaint serendipitously, filed the instant Motion to Dismiss and filled in the gaps in plaintiff's knowledge about Mr. McTague, including that he no longer worked for defendant. Not only does Mr. McTague acknowledge being served with the Complaint in this matter, he was the "PM Supervisor" and was "in charge of the facility," and was the "only supervisor at the facility" at the time the Complaint was served (see affidavit of Dan McTague, attached hereto as Exhibit "E", ¶ 3). Moreover, Mr. McTague acknowledges receiving the post-default correspondence addressed to him by plaintiff's counsel and passing it on to his immediate superior (Exhibit "E", ¶ 5). Defendant's mendacious Motion to Dismiss should be denied for the reasons set forth below.

**Argument**

______Service of process on corporations may be accomplished in the same manner as service on individuals. Fed.R.C.P. 4 (h)(1). Service of process on individuals may be accomplished "pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State." Fed.R.C.P. 4 (e)(1). Pennsylvania Rule of Civil Procedure 424 provides that:

> Service of original process upon a corporation or similar entity shall be made by handing a copy to any of the following persons ...
>
> . . . . .
>
> (2) the manager, clerk or *any other person for the time being in charge* of any regular place of business or activity of the corporation ....

(emphasis added).

Defendant admits that Dan McTague was employed by them as a Field Service Supervisor at the time and place where Mr. Otto says he served him (Defendant's Exhibit "A", ¶ 4). In fact, he was served (Exhibit "E", ¶ 3). Defendant also admits that Mr. McTague remained employed by them until two weeks after plaintiff's counsel mailed a letter addressed to him at the facility advising him of the default, enclosing a copy of the default, and suggesting he contact the defendant's legal department (Exhibit "E", ¶ 5; *see* Exhibit "C"). Defendant also admits that it instructs its managers "to forward all legal papers served on them to Airborne's Legal Department in Seattle, Washington." (Defendant's Exhibit "A", ¶ 8). Mr. McTague gave the Summons and Complaint to his immediate supervisor and observed him reading it (Exhibit "E", ¶ 4). Mr. McTague also acknowledges receiving the correspondence from plaintiff's counsel in which notice of the entry of default was given and the suggestion to advise defendant's legal department given – although Mr. McTague did not read this letter, he passed it on to the same superior to whom he gave the complaint (Exhibit "E", ¶ 5). Yet, incredibly, defendant claims never to have received either the Summons and Complaint or Notice of Default.

Defendant's discussion of Mr. McTague's authority to accept service on its behalf completely ignores the "any other person for the time being in charge" language of Pennsylvania Rule of Civil Procedure 424 (2) (Defendant's Memo of Law, pp. 3 - 6). Defendant's affidavit does not address whether Mr. McTague had been left temporarily in charge while his seniors were temporarily absent or otherwise occupied, when that is in fact what occurred (see Exhibit "E", ¶ 3). In any event, it simply does not matter whether Mr. McTague was "temporarily in charge" either *de facto or de jure*, since *he represented to Mr. Otto that he was in fact in charge.* That representation is sufficient to effectuate service. *Cintas Corporation v. Lee's Cleaning Services,*

*Inc.*, 700 A.2d 915 (Pa. 1997). In *Cintas*, the defendant attempted to strike a default judgment because the complaint was served on defendant's receptionist, who was not "the person in charge" *Id.* at 918.

> Although the return of service here did not allege that [the receptionist] expressly represented that she was the person in charge, Cintas supplied this fact in a subsequent affidavit by [the process server] filed with its response to [defendant's] petition to strike. In the affidavit, [the process server] states that [the receptionist] 'identified herself as the person in charge of the business at the aforesaid address known as Lee's Cleaning Services, Inc.' ... Therefore, even if Lee's Cleaning had properly brought its challenge pursuant to Rule 424 (2) in a petition to open, *it would not be entitled to relief because service was proper.*

*Id.* at 920 (emphasis added). The *Cintas* Court also quoted with approval a leading Pennsylvania commentator on Pennsylvania practice concerning the interpretation of "a person in charge for the time being" pursuant to Rule 424:

> It should not be possible for a defendant to avoid a valid service of process by the device of placing an office or usual place of business under the control of a subsidiary or minor employee and thereafter take the position that such a person did not bear a proper relationship to the company so that service upon him or her would be sufficient to assure the requisite notice to the company. *Goodrich Amram 2d* § 424(2):2 (1991).

*Id.* at 920, n.3.

Thus, it is crystal clear that service of the Summons and Complaint on Mr. McTague was valid under Pennsylvania law and, hence, sufficient under the Federal Rules of Civil Procedure. *Trio Dying & Finishing Company, Inc., et al. v. Mimarc Industries*, 1995 U.S. Dist. LEXIS 15300 (E.D. Pa. 1995) (service which is sufficient under state rules of civil procedure satisfies requirements of Rule 4).

Perhaps the most troubling aspect of defendants' motion is defendant's wilful deceptiveness in failing to apprize the Court of the chain of command existing at its Columbus Boulevard facility. The Return of Service states that service was made on defendant by handing a copy of the Complaint to Mr. McTague at 4:25 p.m. (*see*, Exhibit "A.")[2] Mr. McTague states that at the time he was served with the Complaint he was the evening supervisor in charge of the facility, his superiors having left for the day. (*see* affidavit of Dan McTague, Exhibit "E", ¶ 3.) If, in fact, another supervisor was in charge of the facility at the time the Complaint was served, defendant could have easily identified that supervisor and obtained an affidavit from that individual, rather than relying on the representations of a legal representative 3,000 miles away.[3] The fact is, Mr. McTague was in charge of the facility at the time the Complaint was served, a fact readily ascertainable by and certainly known to defendant at the time its motion was filed.

Nevertheless, rather than file a motion to set aside the default under Fed.R.C.P. 55, defendant attempts to perpetrate a fraud upon the Court by falsely stating " ...McTague was never in charge [of the facility]" (Defendant's Exhibit "A", ¶ 7), when it knew that in fact he was in charge of the facility at the time the Summons and Complaint were served (Exhibit "E"). At best, the most likely explanation for defendant's failure to receive the Summons and Complaint and Notice of Default in its legal department, assuming that to be true, is that their internal procedures

---

[2]As the Affidavit of Service was attached to the Motion for Default Judgment, defendant cannot certainly claim it was unaware of the *date and time* of service of the Summons and Complaint.

[3]Defendant was certainly able to cite chapter and verse of Mr. McTague's employment history.

for responding to legal process once it is served were defective or did not work on this occasion. Such a feeble excuse, as defendant must know, is not "good cause shown" for opening the default.[4] That defendant found itself in an untenable position, however, does not excuse its deceptive attempt to avoid the consequences of its own misconduct by attacking the validity of service and seeking dismissal of plaintiff's complaint. Such conduct is reprehensible and deserves the strongest condemnation.

WHEREFORE, for all the foregoing reasons, plaintiff respectfully requests the Court to deny defendant's motion to dismiss and to grant such other relief as the Court deems appropriate.

Respectfully submitted,

SPRAGUE & SPRAGUE

BY: ______________________________

David L. DaCosta, Esquire
Joseph J. McAlee, Esquire
The Wellington Building
135 So. 19th Street, Suite 400
Philadelphia, PA 19103

Dated: October 18, 2002

(215) 561-7681

[4]*See Rogers v. Hartford Life and Accident Ins. Co.*, 167 F.3d 933, 943 (5th Cir. 1999)(that [defendant] "failed to respond to [plaintiff's] summons and complaint because it mistook them for an internal appellate file" does not warrant relief from default judgment); *Gibbs v. Air Canada*, 810 F.2d 1529, 1537 (11th Cir. 1987)("The only excuse [defendant] offers for the failure of process to reach Montreal is that a mail clerk must have misplaced the complaint. This is not a sufficient excuse"); *North Central Illinois Laborers' District Council v. S.J. Groves & Sons Company, Inc.*, 842 F. 2d 164, 167-68(7th Cir. 1988)( break down in internal procedures insufficient to warrant relief from default judgment); *Insurance Company of North America v. S/S "Helenic Challenger"*, 88 F.R.D. 545, 548 (S.D.N.Y. 1980)(evidence that employee misplaced complaint so that it never reached attention of appropriate authorities did not establish excusable neglect). *See also MacClain v. Penn Fruit, Inc.*, 361 A.2d 403 (Pa. Super. 1976)(failure to forward complaint to legal department because of "an alleged 'mix-up' ... [of] 'technical oversight..." does not justify opening default judgment); *Reed v. Loblaws, Inc.*, 17 D & C 3d 211 (1980)(excuse that the complaint "was seemingly lost in inter-company mail" deemed insufficient reason to open default judgment).

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Margaret Palcko,** | : | **Civil Action** |
| **Plaintiff** | : | |
| | : | |
| v. | : | |
| | : | |
| **Airborne Express, Inc.**, | : | **No.: 02-CV-2990** |
| **Defendant** | : | |
| | : | |

**O R D E R**

**AND NOW** this day of , 2002, upon consideration of Plaintiff's Answer to Defendant Airborne Express' Motion to Dismiss Plaintiff's Complaint, it is hereby **ORDERED** that defendant's Motion to Dismiss is **DENIED**.

BY THE COURT:

______________________________
Hon. Jay C. Waldman, U.S.D.J.

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Margaret Palcko,** | : | **Civil Action** |
| **Plaintiff** | : | |
| | : | |
| v. | : | |
| | : | |
| **Airborne Express, Inc.,** | : | **No.: 02-CV-2990** |
| **Defendant** | : | |
| | : | |

**PLAINTIFF'S ANSWER TO DEFENDANT AIRBORNE EXPRESS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Airborne Express' motion to dismiss plaintiff's complaint should be denied for the reasons set forth in the accompanying Memorandum of Law.

SPRAGUE & SPRAGUE

BY: ______________________________

David L. DaCosta, Esquire
Joseph J. McAlee, Esquire
The Wellington Building
135 So. 19th Street, Suite 400
Philadelphia, PA 19103
(215) 561-7681

Dated: October 18, 2002

**CERTIFICATE OF SERVICE**

I, David L. DaCosta, Esquire, hereby certify that a true and correct copy of the foregoing **Plaintiff's Answer to Defendant Airborne Express' Motion to Dismiss Plaintiff's Complaint** and **Memorandum of Law** in support thereof was served this day on the person(s) indicated below by hand delivery:

Sharon M. Erwin, Esquire
Law Offices of Sharon M. Erwin, L.L.C.
3130 West Penn Street
Philadelphia, PA 19129

*Counsel for Defendant Airborne Express, Inc.*

____________________________
David L. DaCosta

October 18, 2002