UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Margaret Palcko,** | : | Civil Action |
| **Plaintiff** | : | |
| | : | |
| v. | : | |
| | : | |
| **Airborne Express, Inc.**, | : | No.: 02-CV-2990 |
| **Defendant** | : | |
| | : | |

**O R D E R**

      **AND NOW** this _____ day of, 2002, upon consideration of Defendant Airborne Express' Petition to Open Default, and plaintiff's opposition thereto, it is hereby **ORDERED** that defendant's Petition to Open Default is **DENIED**, with prejudice.

BY THE COURT:

_____
Hon. Jay C. Waldman, U.S.D.J.

UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Margaret Palcko,** : | Civil Action |
| **Plaintiff** : | |
| : | |
| v. : | |
| : | |
| **Airborne Express, Inc.**, : | No.: 02-CV-2990 |
| **Defendant** : | |
| : | |

PLAINTIFF'S RESPONSE TO
DEFENDANT AIRBORNE EXPRESS' PETITION TO OPEN DEFAULT

Plaintiff, Margaret Palcko, by and through her attorneys, files the following reply to Defendant Airborne Express' Petition to Open Default.

In support thereof, Plaintiff incorporates by reference the attached Memorandum of Law in Opposition of Defendant Airborne Express' Petition to Open Default.

SPRAGUE & SPRAGUE

BY: _____
   David L. DaCosta, Esquire
   Joseph J. McAlee, Esquire
   The Wellington Building
   135 So. 19th Street, Suite 400
   Philadelphia, PA 19103
   (215) 561-7681

Dated: November 18, 2002

UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Margaret Palcko,** | : | Civil Action |
| **Plaintiff** | : | |
| | : | |
| v. | : | |
| | : | |
| **Airborne Express, Inc.**, | : | No.: 02-CV-2990 |
| **Defendant** | : | |
| | : | |

## MEMORANDUM OF LAW IN OPPOSITION TO
## DEFENDANT AIRBORNE EXPRESS PETITION TO OPEN DEFAULT

### PROCEDURAL HISTORY

On May 20, 2002 plaintiff Margaret Palcko ("plaintiff") filed a complaint against her former employer, defendant Airborne Express, Inc. ("defendant") alleging causes of action under Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act for acts of sexual discrimination, hostile work environment, and unlawful retaliation. On June 4, 2002, defendant was served with a copy of the Summons and Complaint.  Plaintiff's counsel received no response to the Complaint, and on June 28, 2002, filed a Praecipe to Enter Default against defendant, and the Clerk entered default that day.  Even though no rule of Court required it, on July 15, 2002, plaintiff's counsel sent a letter to defendant's representative.

On October 2, 2002, before plaintiff's counsel filed a renewed motion for default judgment, defendant's counsel entered her appearance and filed a motion to dismiss the complaint for an alleged lack of personal jurisdiction due to alleged improper service.[1]  On October 15, 2002, plaintiff's counsel filed an answer to the motion to dismiss and renewed her motion to enter default judgment, submitting affidavits that established that defendant's motion

---

[1] Parenthetically, plaintiff notes that a Rule 12(b)(6) motion should not be considered where default is not opened *Zeulzke Tool & Engineering Company, Inc. v. Anderson Die Casting, Inc.*, 129 F.R.D. 532, 534 (E.D. Wis. 1990)

to dismiss was without merit. Defendant responded to plaintiff's renewed motion for default judgment, on November 1, 2002 requesting the Court to, *inter alia*, open the default judgment.[2] For reasons set forth below, defendant's request should be denied.

## STANDARD

Federal Rule of Civil Procedure 55(c) provides that "[f]or good cause shown the Court may set aside an entry of default, and if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." *Kauffman v. Cal Spas*, 37 F. Supp. 2d 402, 404 (E.D. Pa. 1999). The criteria for determining whether to set aside a default judgment or an entry of default are the same, but are applied more liberally to an entry of default. *See Duncan v. Speach*, 162 F.R.D. 43, 44 (E.D. Pa. 1995). In either situation, the Court must consider the following factors: 1) whether lifting the default would prejudice the plaintiff; 2) whether the defendant has a meritorious defense; 3) whether the defendant's conduct is excusable or culpable; and 4) the possibility of effective alternative sanctions. *See Feliciano v. Reliant Tooling Co., Ltd.*, 691 F2d. 653, 657 (3d Cir.1982) (noting the Court should apply same factors in both setting aside default entry and opening default judgment); *Emacasco Ins. Co. v. Sambrick*, 834 F2d 71, 73, (3d Cir.1987); *Dizzley v. Friends Rehabilitation Program, Inc.*, 202 F.R.D. 146, 147 (E.D. Pa. 2000). The party who seeks to set aside the entry of default must act with reasonable promptness. *Consolidated Masonry and Fireproofing, Inc. v. Wagman Construction Corp.*, 383 F.2d 249, 251 (4th Cir. 1969).

---

[2] By moving to dismiss plaintiff's Complaint on the grounds of alleged defective service, plaintiff has waived any right to request this Court open that judgment. In the alternative, by requesting this Court to open the default, defendant has conceded the Complaint was properly served and has effectively abandoned its argument that service was defective.

**ARGUMENT**

**1.     Defendant Has Not Promptly Moved To Open The Default**

Whether a defendant has timely moved to open a default is measured from the time the default is entered. *Zeulzke Tool & Engineering Company, Inc. v. Anderson Die Casting, Inc.*, 129 F.R.D. 532, 534 (E.D. Wis. 1990); *In the matter of Clarence B. Rodgers, Jr.*, 160 B.R. 249 (N.D. Ga. 1993).

*Maine National Bank v. F/V Explorer*, 663 F. Supp. 462 (D. Me. 1987) is similar to the within matter. In that case, an *in rem* action, plaintiff filed suit on September 25, 1986, seized the defendant vessel on September 26, 1986 and entry of default and default judgment were entered on October 11, 1986. 663 F. Supp. at 464. The owner of the vessel in question admitted he had been informed of the seizure of the vessel as early as October 2, 1986, but claimed he had no knowledge of the case giving rise to the seizure of the vessel until December 11, 1986. 663. F. Supp. at 466. The Court noted, that despite this knowledge, the owner, an attorney, did not move to open the default judgment until January 23, 1987. *Id.* In denying the owner's motion to open default judgment, the Court made the following observations:

> "Even if one accepts [the owner's] version that he did not know this case was pending until December 11, 1986, some six weeks passed before [he] finally moved for relief from the judgment. Those six weeks, it must be remembered, came after [the owner] admittedly knew his vessel had been seized, and extended to *four months* the time between the entry of the default judgment and [the owner's] motion for relief therefrom. A delay of six weeks under the circumstances of this case hardly constitutes 'reasonably prompt' action. This Court refuses to countenance [the owner's] obvious and extreme dilatoriness by finding that such actions constitute 'reasonable neglect.'"

*Id.* Plaintiff respectfully submits this Court should reach the same conclusion in the within matter.

On June 28, 2002, Plaintiff filed a Praecipe to Enter Default against defendant, and the Clerk entered default that day. Even though no rule of Court required it, on July 15, 2002, plaintiff's

counsel sent a letter to defendant's representative. Defendant has admitted that it received this letter.[3] On October 2, 2002, defendant moved to dismiss plaintiff's Complaint pursuant to Rule 12(b)(6). Even accepting that representations of defense counsel that defendant became "aware" of the default on September 24, 2002,[4] defendant delayed its request to open the default for more than 5 weeks while interposing spurious motions to dismiss this matter. Defendant's "obvious and extreme dilatoriness" in requesting this Court to open the default in this matter, warrants a denial of that request.

Other Courts have denied a request to open a default judgment where a similar amount of time has passed between entry of the default and application to the Court to open it. *American Metals Service Export Co. v. Ahrens Aircraft, Inc.*, 666 F. 2d 718 (1st Cir. 1981) (5 month delay in requesting opening of default not prompt); A*lmacen Boyoca CIA, LTDA v. Gran Golfo Exp.*, 771 F. Supp. 354 (S.D. Fla. 1991) (5 month delay in requesting opening of default not prompt); *Allemand Boat Co. v. Kirk*, 141 F.R.D. 458 (E.D. La. 1992) (4 month delay in requesting opening of default judgment not prompt).[5]

---

[3] Daniel McTague, the supervisor who accepted service of plaintiff's Complaint, stated he gave the letter from plaintiff's counsel to his immediate supervisor, George DiMarco (Affidavit of McTague, ¶ 5.) Mr. DiMarco whom defendant contends was in charge of the facility, admits that Mr. McTague showed him the letter sent by plaintiff's counsel. (Affidavit of DiMarco, ¶ 6.) Thus, there is no dispute that defendant was aware the default had been entered.

[4] Robert J. Zech, Jr., Esquire, litigation counsel for defendant states he was advised of the existence of the default by defense counsel on September 24, 2002. (Affidavit of Zech, October 1, 2002).

[5] Compare with *Grover v. Commercial Ins. Co.*, 104 F.R.D. 136 (D. Me. 1985) (motion to open default filed on 13th day after motion for default judgment was prompt); *TCI Group Life Ins. Plan v. Knoebber*, 244 F. 3d 691 (9th Cir. 2001) (motion to open default filed less than 1 month after default entered was prompt); *H & W Fresh Seafoods, Inc. v. Schulman*, 200 F.R.D. 248 (D. Md. 2000) (request to open default made within 7 days was timely); *Owens-Illinois, Inc. v. T & N, Ltd.*, 191 F.R.D. 522 (E.D. Tex. 2000) (request to open default made within 3 days was prompt).

4

Simply stated, the 6 weeks defendant waited to petition to open the default after it was clearly aware it had been entered as well as the passage of 4 months subsequent to the default being entered warrant the denial of its request now.

### 2. Defendant Does Not Have A Plausible Excuse To Explain The Reasons For The Entry Of The Default

"Culpable conduct" means actions taken willfully or in bad faith. *Gross v. Stereo Component Systems, Inc.*, 700 F.2d 120, 123 (3d Cir. 1983); *Choice Hotels*, 192 F.R.D. at 174. While intentional or reckless disregard of communications from the plaintiff or the court can satisfy the culpable conduct standard, "more than mere negligence must be demonstrated." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1183 (3d Cir. 1984). *See also Cassell v. Philadelphia Maintenance Co.*, 198 F.R.D. 67, 69 (E.D. Pa. 2000); *Foy v. Dicks*, 146 F.R.D. 113, 117 (E.D. Pa. 1993). Similarly, "where a party willfully, albeit through ignorance or carelessness, abdicates its responsibilities, relief … is not warranted." *Zeulzke Tool & Engineering Company, Inc. v. Anderson Die Casting, Inc.*, 925 F. 2d. 226, 229 (7th Cir. 1991).

In this case, defendant has failed and refused to take responsibility for its failure to timely respond to plaintiff's Complaint. Instead, defendant has asserted that it is plaintiff who is culpable for defendant's failure to respond in a timely fashion by failing to perform a proper investigation to determine who was in charge of the facility. (Defendant's Opposition to Renewed Motion for Default Judgment, pp. 5, 16-17.) Defendant has never disputed it did not receive the Complaint. Defendant has merely stated that service of the Complaint was not effected because plaintiff did not

5

serve it on the appropriate person.[6]  In summary, defendant has offered no reason, let alone demonstrating the requisite "good cause" for its failure to respond to plaintiff's Complaint.

Defendant also suggests, without explicitly stating, that its failure to respond to plaintiff's Complaint was due to the inexperience of George DiMarco, the station manager at the time the letter advising of a default was received by defendant.  In this regard, defendant states Mr. DiMarco was also not competent to realize the significance of that letter which, even in and of itself, should have been cause for an investigation because he had recently assumed that supervisory position. (Defendant's Opposition to Renewed Motion for Default Judgment, p. 16, n.5.)  In promoting Mr. DiMarco to that position of responsibility, defendant is expecting that Mr. DiMarco is competent to handle such matters.  This argument is wholly disingenuous and does not excuse defendant's failure to respond to the Complaint on the grounds of "excusable neglect."  The cases rejecting this defense are legion.  *See*, *for example*, *Rogers v. Hartford Life and Accident Ins. Co.*, 167 F.3d 933, 943 (5th Cir. 1999) (that [defendant] "failed to respond to [plaintiff's] summons and complaint because it mistook them for an internal appellate file" does not warrant relief from default judgment); *Gibbs v. Air Canada*, 810 F.2d 1529, 1537 (11th Cir. 1987) ("The only excuse [defendant] offers for the failure of process to reach Montreal is that a mail clerk must have misplaced the complaint. This is not a sufficient excuse"); *North Central Illinois Laborers' District Council v. S.J. Groves & Sons Company, Inc.*, 842 F. 2d 164, 167-68(7th Cir. 1988) (break down in internal procedures insufficient to warrant relief from default judgment); *Insurance Company of North America v. S/S "Helenic Challenger"*, 88 F.R.D. 545, 548 (S.D.N.Y. 198) (evidence that employee misplaced complaint so that it never reached attention of appropriate authorities did not

---

[6]Defendant's argument in this regard is wholly self-serving and without merit.  *See*, Plaintiff's Reply to Opposition of Defendant Airborne Express to Plaintiff's Renewed Motion to Enter Default Judgment, being contemporaneously filed with this Response.

establish excusable neglect); *Palmetto Federal Savings Bank of South Carolina v. Industrial Valley Title Insurance Company*, 756 F. Supp. 925, 933-35 (D. S.C. 1991) (complaint "fell through the cracks" not excusable neglect necessary to open default)

A court may also consider the extent to which the error is attributable to the defendant and the extent to which it is attributable to defense counsel. *See Momah v. Albert Einstein Medical Ctr.*, 161 F.R.D. 304, 308 (E.D. Pa. 1995); *Interior Finish Contractors Assoc. v. Drywall Finishers Local Union No. 1955*, 625 F. Supp. 1233, 1239 (E.D. Pa. 1985). "When the party is blameless and the attorney is at fault, the former interests control and a default judgment should ordinarily be set aside. When the party is at fault, the latter interest dominate and the party must adequately defend its conduct in order to show excusable neglect." *Augusta Fiberglass Coatings v. Fodor Contracting*, 843 F.2d 808 (4th Cir. 1988). In the within matter, counsel filed the motion to dismiss, rather than the petition to open the default and relied upon an affidavit of corporate counsel alleging improper service. This Court is not required to treat the decision to delay filing the motion to open default judgment as a strategy employed by trial counsel for which the defendant should not be held accountable. Defendant's determination to delay was a tactical decision jointly made by counsel and the client. Therefore, both counsel and the client should be held accountable.

Defendant does not have a plausible excuse to explain the reasons for the entry of the default. and the default should not be opened

### 3. Defendant Has Not Presented A Meritorious Defense

A "meritorious defense" is one, which "if established at trial, would completely bar plaintiffs' recovery." *Momah*, 161 F.R.D. at 307. A defendant, however, must present specific facts to show that it can make out such a defense. *See Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994) ("meritorious defense" must be "supported by a developed legal and factual basis"); *United States*

7

*v. $ 55,518.05 in U.S. Currency*, 728 F.2d 192, 95 (3d Cir. 1984) (defendant must set forth "specific facts beyond simple denials or conclusory statements"); *Momah*, 161 F.R.D. at 307 (defendant must "raise specific facts beyond a general denial" to show it "can make out a complete defense"); *Ferraro v. Kuznetz*, 131 F.R.D. 414, 419 (S.D.N.Y. 1990) ("defendant must present some factual basis for the supposedly meritorious defense").

Defendant asserts it has a meritorious defense and cites, in reliance thereon, the affidavit of Robert J. Zech, Jr., litigation counsel of defendant, attached as Exhibit "D" to Defendant's Opposition to Renewed Motion for Default Judgment. Of particular interest in defendant's response is that while plaintiff's Complaint is quite specific with regard to the date, time and specific acts of discrimination alleged, defendant has not countered those facts with an affidavit from any person who has first hand knowledge of plaintiff's allegations.[7] At no time does Mr. Zech respond to any allegation made by plaintiff based on his own first hand knowledge. He does not, because he cannot. Mr. Zech's self-serving Affidavit should be ignored by this Court.

Lastly, this Court need not reach the issue of a meritorious defense. Defendant "has not shown that it had good cause for its failure to act and regardless of whether it had a meritorious defense, it failed to present it in a timely manner." *Zeulzke Tool & Engineering Company, Inc.*, 925 F.2d. at 230. Therefore, defendant's request to open the default judgment should be denied.

  **4.  Prejudice To Plaintiff Warrants Denying Defendant's Petition To Open Default Judgment**

Prejudice to plaintiff warrants denying defendant's petition to open default judgment. A plaintiff is prejudiced where the loss of relevant evidence or some other occurrence impairs his

---

[7]This should be contrasted with Defendant's Opposition to plaintiff's Renewed Motion for Default Judgment wherein defendant obtained an affidavit from Mr. DiMarco, who, at least, would potentially have first hand knowledge of the issue of service.

8

ability to pursue the claim. *See Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656-657 (3d Cir. 1982). Delay in realizing satisfaction on a claim rarely establishes the degree of prejudice sufficient to preclude the setting aside of a default which is invariably entered at an early stage of the proceedings. *Id.*; *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 246 (3d Cir. 1951). That a plaintiff will have to litigate an action on the merits rather than proceed by default does not constitute prejudice. *Choice Hotels Int'l, Inc. v. Pennave Assoc's, Inc.*, 192 F.R.D. 171, 174 (E.D. Pa. 2000).[8]

Opening the default judgment would, under the circumstances herein, cause plaintiff immeasurable harm. As previously stated, defendant has moved to dismiss plaintiff's Complaint on the grounds of ineffective service and he existence of an agreement to arbitrate. Defendant has taken the position, in its original motion to dismiss where it attacked service and personal jurisdiction, that dismissal of plaintiff's complaint will result in her claims being time barred because any attempted refiling would be outside the Title VII 90 day statute of limitations following her receipt of a right to sue letter from the EEOC. (Defendant's Memo of Law in Support of Motion to dismiss, pp. 11 - 14.) The arbitration agreement proffered by defendant requires that written notice of any claim be given within the applicable state or federal statute of limitation to defendant's "Senior Vice President of Human Resources at the Company's headquarters." (See 3rd unnumbered paragraph of defendant's Exhibit "A".

Were this court to grant defendant's motion, defendant would undoubtedly renew its argument before the arbitrator that plaintiff's claim was time barred and that she failed to follow the

---

[8]Where, as here, defendant has not presented a meritorious defense, plaintiff is unduly prejudiced by having to prosecute a lawsuit in which the defendant has defaulted and no meritorious defense exists. *Turner Broadcasting, Inc. v. Sanyo Elec., Inc.* 33 B.R. 1001, 1003 (N. D. Ga. 1983), *affirmed* 742 F.2d 1465 (11th Cir. 1984); *In the matter of Clarence B. Rodgers, Jr.*, 160 B.R. at 255.

written notice procedures of an agreement *of which she was not even given a copy* (See Palcko Affidavit of Margaret Palcko, ¶¶ 4, 5, attached as Exhibit "A" to Plaintiff's Opposition to Defendant's Petitio to Compel Arbitration). Here, defendant sought to gain a tactical advantage over plaintiff by failing to assert the arbitration agreement until after it had been caught in a bald faced lie to this court on its motion to dismiss for failure to effectuate proper service. To grant defendant's motion would, in effect, reward defendant for its duplicitous conduct by giving defendant another chance to have plaintiff's claim dismissed without reaching the merits.[9]

    WHEREFORE, for all the foregoing reasons, plaintiff respectfully requests the Court to deny defendant's Petition to Open Default.

Respectfully submitted,
SPRAGUE & SPRAGUE

BY: _____
David L. DaCosta, Esquire
Joseph J. McAlee, Esquire
The Wellington Building
135 So. 19th Street, Suite 400
Philadelphia, PA 19103
(215) 561-7681

Dated: November 18, 2002

---

[9] When a default judgment is vacated the trial Court may nonetheless impose other sanctions against incident to the Rule 60(b) motion. *United States v. Moradi*, 673 F.2d 275 (4th Cir. 1982). While plaintiff does not believe the default should be opened, in the event this Court decides to open the default, precluding defendant from asserting the existence of an alternative dispute resolution process would be an appropriate sanction.

**CERTIFICATE OF SERVICE**

    I, Joseph J. McAlee, Esquire, hereby certify that a true and correct copy of the foregoing Response to Defendant Airborne Express' Petition to Open Default with Memorandum of Law in Opposition Thereto was served this day on the person(s) indicated below by first class regular mail:

Sharon M. Erwin, Esquire
Law Offices of Sharon M. Erwin, L.L.C.
3130 West Penn Street
Philadelphia, PA 19129

*Counsel for Defendant Airborne Express, Inc.*

                                                                                                                                                             _____
                                                                                                                                                             Joseph J. McAlee

Dated: November 18, 2002