UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Margaret Palcko,** : | Civil Action |
| **Plaintiff** : | |
| : | |
| V. : | |
| : | |
| **Airborne Express, Inc.**, : | No.: 02-CV-2990 |
| **Defendant** : | |
| : | |

**O R D E R**

**AND NOW** this      day of              , 2002, upon consideration of Plaintiff's Opposition to Defendant Airborne Express' Motion to Compel Arbitration, it is hereby **ORDERED** that defendant's Motion to Compel Arbitration is **DENIED**, with prejudice.

BY THE COURT:

_____
Hon. Jay C. Waldman, U.S.D.J.

UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Margaret Palcko,** | : | Civil Action |
| **Plaintiff** | : | |
| | : | |
| V. | : | |
| | : | |
| **Airborne Express, Inc.**, | : | No.:  02-CV-2990 |
| **Defendant** | : | |
| | : | |

## PLAINTIFF'S OPPOSITION TO
## DEFENDANT AIRBORNE EXPRESS' MOTION TO COMPEL ARBITRATION

    Plaintiff, Margaret Palcko, by and through her attorneys hereby responds to and opposes defendant Airborne Express' motion to compel arbitration for the reasons set forth in the accompanying Memorandum of Law.

                                                       SPRAGUE & SPRAGUE

                                     BY: _____
                                           David L. DaCosta, Esquire
                                           Joseph J. McAlee, Esquire
                                           The Wellington Building
                                         135 So. 19th Street, Suite 400
                                           Philadelphia, PA 19103
                                         (215) 561-7681

Dated: November 18, 2002

UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Margaret Palcko,** : | Civil Action |
| **Plaintiff** : | |
| : | |
| v : | |
| : | |
| **Airborne Express, Inc.**, : | No.:  02-CV-2990 |
| **Defendant** : | |
| : | |

MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT AIRBORNE EXPRESS' MOTION TO COMPEL ARBITRATION

**Procedural History**

On May 20, 2002 plaintiff Margaret Palcko ("plaintiff") filed a complaint against her former employer, defendant Airborne Express, Inc. ("defendant") alleging causes of action under Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act for acts of sexual discrimination, hostile work environment, and unlawful retaliation. On June 4, 2002, defendant was served with a copy of the Summons and Complaint.  Plaintiff's counsel received no response to the Complaint, and on June 28, 2002, filed a Praecipe to Enter Default against defendant, and the Clerk entered default that day.  Even though no rule of Court required it, on July 15, 2002, plaintiff's counsel sent a letter to defendant's representative.

On October 2, 2002, before plaintiff's counsel filed a renewed motion for default judgment, defendant's counsel entered her appearance and filed a motion to dismiss the complaint for an alleged lack of personal jurisdiction due to alleged improper service.  On October 15, 2002, plaintiff's counsel filed an answer to the motion to dismiss and renewed her motion to enter default judgment, submitting affidavits that established that defendant's motion to dismiss was without merit.  Defendant responded to plaintiff's renewed motion for default

judgment, on November 1, 2002 requesting the Court by, *inter alia*, asserting, for the first time, plaintiff is required to arbitrate her claims against defendant. Defendant's eleventh hour production of this arbitration agreement is too late – its demand for arbitration is waived, and, in any event, the "agreement" is unenforceable.[1]

### **Argument**

When presented with an arbitration agreement, the court must decide as a preliminary matter whether the agreement is enforceable. *E.g., John Ashe Associates, Inc. v. Envirogenics Co.,* 425 F. Supp. 238, 241 (E.D.Pa. 1977). For the reasons set out below, the "agreement" in the instant case in not enforceable.

The agreement provides: "Except as provided in this Agreement, the Federal Arbitration Act shall govern the interpretation, enforcement and all proceedings pursuant to this agreement." (see defendant's Exhibit "A"). However, the Federal Arbitration Act ("FAA") does not apply to "contracts of employment of seamen, railroad employees, or any other class of workers engaged in interstate or foreign commerce." 9 U.S.C. § 1. In *Tenney Engineering, Inc. v. United Electrical, Radio & Machine Workers of America, (U.E.) Local 437,* 207 F.2d 450 (3rd Cir. 1953) the Third Circuit interpreted the exemption as applying "only to those classes of workers directly engaged in commerce, that is, only those other classes of workers who are actually engaged in the movement of interstate or foreign commerce *or in work so closely related thereto as to be in practical effect part of it."* (*Id.* at 452)(emphasis added). The Supreme Court has recently adopted the Third Circuit's interpretation of the exemption in *Circuit City Stores, Inc. v. Adams,*

---

[1] Plaintiff incorporates herein by reference as though the same were set forth herein at length, Plaintiff's Motion to Strike Opposition of Defendant Airborne Express to Plaintiff's Renewed Motion to Enter Default Judgment, which is being simultaneously filed with the Court.

525 U.S. 105, 121 S. Ct. 1302 (2001). There can be no doubt that defendant is engaged in the transportation of goods in interstate and foreign commerce. (see Palcko affidavit, Exhibit "A", ¶ 2). Nor can there be any doubt that plaintiff's duties under her employment contract with defendant[2] involved her in "work so closely related thereto as to be in practical effect part of it." As stated by plaintiff in her affidavit:

> I was employed by defendant Airborne Express as a Field Service Supervisor and was the immediate supervisor of between 30 - 35 drivers who delivered packages from our terminal to their ultimate destination in Philadelphia and vicinity and who delivered packages picked up from customers in Philadelphia and vicinity from our terminal to the Airborne Express cargo planes at Philadelphia International Airport for transshipment. I was responsible for monitoring and improving the performance of drivers under my supervision to insure timely and efficient delivery of packages.

(Exhibit "A", ¶ 3.) Thus, plaintiff is exempt from the Federal Arbitration Act and the arbitration "agreement" is unenforceable.

As is clear from plaintiff's affidavit, there was clearly no agreement to arbitrate between the parties. The "agreement," presented in fine print on one half of a form that also contains an "Equal Employment Opportunity Questionnaire" and "Consumer Credit Report Disclosure and Consent" which appear in much larger print is inherently deceptive[3] and appears calculated to draw the reader's eye to the latter two items and assume that they are the purpose of the form.

---

[2] Although plaintiff was an "at-will" employee, she clearly had an "employment contract" with defendant. *McClease v. Donnelley & Sons Company,* 2002 WL 31261953 (E.D.Pa.)("... Congress intended the term "contract" to include employment relationships without regard to their precise terms and conditions". *See also, Fucci v. Graduate Hospital,* 969 F.Supp. 310, 320 (E.D. Pa. 1997); *Reilly v. Stroehmann Brothers Company,* 532 A.2d 1212, 1213 (Pa. Super. 1987).

[3] The copy of the arbitration agreement provided to the Court by defendant as Exhibit "A" has blanked out these two items. Compare copy originally provided to plaintiff's counsel attached hereto as Exhibit "B."

Indeed, that appears to be what occurred in this case in which plaintiff was presented with this form, along with other forms, at the end of the interview process in which she was hired. The forms were presented to her as "merely routine forms that were needed by personnel" before she started work. (Palcko affidavit, Exhibit "A", ¶ 6). She was asked to fill out the forms while still in the office of the interviewer, who distracted her with small talk while she filled out the forms (Palcko affidavit, Exhibit "A", ¶ 6). No one explained to her that she was signing away her right to a judicial forum or explained to her that she had the right to consult an attorney before signing the form – had this been done, she would not have signed the form. (Palcko affidavit, Exhibit "A", ¶ 6). These circumstances lead to the inescapable conclusion that plaintiff was fraudulently lead to believe that she was signing only some routine personnel forms, and thus the "agreement" is unenforceable. *E.g. Kramer v. Schaeffer,* 751 A.2d 241, 246 (Pa. Super. 2000)("...when there is mistake on one side and fraud on the other, relief is available (citation omitted). Likewise, irrespective of fraud, if the other party knows or has good reason to know of the unilateral mistake, relief will be granted to the same extent as a mutual mistake (citations omitted).").

While plaintiff acknowledges the cases stating that waiver of arbitration is "not to be lightly inferred ... the cases are legion where our courts have held that the right to arbitration may be waived." *E.g., Blocker v. Providian Life & Health,* 2001 WL 43644, *2 (E.D. Pa. 2001)(citations omitted). Where a party delays asserting an arbitration agreement, causing prejudice to the other party, waiver of the arbitration claim should be found. *Id.* Defendant has taken the position, in its original motion to dismiss where it attacked service and personal jurisdiction, that dismissal of plaintiff's complaint will result in her claims being time barred

4

because any attempted refiling would be outside the Title VII 90 day statute of limitations following her receipt of a right to sue letter from the EEOC. (Defendant's Memo of Law in Support of Motion to dismiss, pp. 11 - 14.) Moreover, the arbitration agreement proffered by defendant requires that written notice of any claim be given within the applicable state or federal statute of limitation to defendant's "Senior Vice President of Human Resources at the Company's headquarters." (See 3rd unnumbered paragraph of defendant's Exhibit "A". Were this court to grant defendant's motion, defendant would undoubtedly renew its argument before the arbitrator that plaintiff's claim was time barred and that she failed to follow the written notice procedures of an agreement *of which she was not even given a copy* (See Palcko affidavit, Exhibit "A", ¶¶ 4, 5). Here, defendant sought to gain a tactical advantage over plaintiff by failing to assert the arbitration agreement until after it had been caught in a bald faced lie to this court on its motion to dismiss for failure to effectuate proper service. To grant defendant's motion would, in effect, reward defendant for its duplicitous conduct by giving defendant another chance to have plaintiff's claim dismissed without reaching the merits. Such an outcome would be a travesty given the circumstances of this case. *See Marranca General Contracting Co., Inc. v. Amerimar Cherry Hill Associates Limited Partnership,* 610 A.2d 499 (Pa. Super. 1992)(finding that defendant waived arbitration when it waited until after receiving an adverse ruling on its motion to dismiss before demanding arbitration).

WHEREFORE, for all the foregoing reasons, plaintiff requests that defendant's Motion to Compel Arbitration be denied and that default judgment be entered against it.

                                                  SPRAGUE & SPRAGUE

                              BY: _____
                                  David L. DaCosta, Esquire
                                  Joseph J. McAlee, Esquire
                                  The Wellington Building
                                  135 So. 19th Street, Suite 400
                                  Philadelphia, PA 19103
                                  (215) 561-7681

Dated: November 18, 2002

## CERTIFICATE OF SERVICE

      I, Joseph J. McAlee, Esquire, hereby certify that a true and correct copy of the foregoing **Plaintiff's Opposition to Defendant Airborne Express' Motion to Compel Arbitration** was served this day on the person(s) indicated below by regular mail:

Sharon M. Erwin, Esquire
Law Offices of Sharon M. Erwin, L.L.C.
3130 West Penn Street
Philadelphia, PA 19129

*Counsel for Defendant Airborne Express, Inc.*

_____
Joseph J. McAlee

Dated: November 18, 2002