## UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Margaret Palcko,** | : | Civil Action |
| **Plaintiff** | : | |
| | : | |
| V. | : | |
| | : | |
| **Airborne Express, Inc.**, | : | No.: 02-CV-2990 |
| **Defendant** | : | |
| | : | |

### ORDER

AND NOW, this _____ day of _____ 2002, upon consideration of the motion of plaintiff, Margaret Palcko, for leave to file a reply memorandum in further support of its Motion to Remand, the response thereto, if any, and prior proceedings herein, leave is GRANTED, and plaintiff's Reply Memorandum is accepted as filed

BY THE COURT:

_____
Hon. Jay C. Waldman, U.S.D.J.

UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Margaret Palcko,** | : | Civil Action |
| Plaintiff | : | |
| | : | |
| V. | : | |
| | : | |
| **Airborne Express, Inc.**, | : | No.: 02-CV-2990 |
| Defendant | : | |
| | : | |

**MOTION OF PLAINTIFF FOR LEAVE TO FILE THE ATTACHED REPLY
TO DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
RENEWED MOTION FOR DEFAULT JUDGMENT**

Pursuant to local rule 7.1(c), plaintiff Margaret Palcko ("plaintiff") respectfully requests this Court to permit her to file the attached reply to defendant's Memorandum in Opposition to Motion for Renewed Default Judgment.

In support of this motion plaintiff states as follows:

1. In its opposition to Plaintiff's Motion for Renewed Default Judgment, defendant disingenuously attempt to shift from the defensive posture of explaining away a default to an offensive attack by accusing the plaintiff of failing to "investigate" whether service was proper. Defendant's argument is unsupportable in fact and, as such, is not only devoid of merit, but sanctionable. Plaintiff files the within reply to address the misrepresentations contained in defendant's opposition.

2. Plaintiff respectfully submits that allowing it to file the attached reply will assist the Court in the ruling on the motion to remand. Moreover, because plaintiff's reply is brief, it should not unduly burden the Court.

2

WHEREFORE, plaintiff Margaret Palcko respectfully requests this Honorable Court grant it leave to file the attached reply.

                                              SPRAGUE & SPRAGUE

                              BY: _____
                                   David L. DaCosta, Esquire
                                   Joseph J. McAlee, Esquire
                                   The Wellington Building
                                   135 So. 19th Street, Suite 400
                                   Philadelphia, PA 19103
                                   (215) 561-7681

Dated: November 18, 2002

UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Margaret Palcko,** : | Civil Action |
| **Plaintiff** : | |
| : | |
| V. : | |
| : | |
| **Airborne Express, Inc.**, : | No.:  02-CV-2990 |
| **Defendant** : | |
| : | |

**PLAINTIFF'S REPLY TO OPPOSITION OF DEFENDANT AIRBORNE EXPRESS
TO PLAINTIFF'S RENEWED MOTION TO ENTER DEFAULT JUDGMENT**

Plaintiff files the following reply to the Answer of Defendant Airborne Express to Plaintiff's Renewed Motion to Enter Default Judgment

In support thereof, Plaintiff incorporates by reference the attached Memorandum of Law in Support of Plaintiff's Reply to Opposition of Defendant Airborne Express to Plaintiff's Renewed Motion to Enter Default Judgment.

                                                  SPRAGUE & SPRAGUE

                                    BY: _____
                                           David L. DaCosta, Esquire
                                           Joseph J. McAlee, Esquire
                                           The Wellington Building
                                           135 So. 19th Street, Suite 400
                                           Philadelphia, PA 19103
                                           (215) 561-7681

Dated: November 18, 2002

**UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Margaret Palcko,** | : | **Civil Action** |
|     **Plaintiff** | : | |
| | : | |
|     V. | : | |
| | : | |
| **Airborne Express, Inc.,** | : | **No.: 02-CV-2990** |
|     **Defendant** | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S REPLY TO OPPOSITION OF DEFENDANT AIRBORNE EXPRESS
TO PLAINTIFF'S RENEWED MOTION TO ENTER DEFAULT JUDGMENT**

**Procedural History**

On July 26, 2002, plaintiff's counsel filed a motion for entry of default judgment against defendant Airborne Express, Inc. ("Airborne" or "defendant") for failure to answer plaintiff's Summons and Complaint. On August 15, 2002, this Honorable Court denied plaintiff's motion without prejudice. On October 2, 2002, defendant's counsel entered her appearance and filed a motion to dismiss the complaint for an alleged lack of personal jurisdiction due to alleged improper service. On October 15, 2002, plaintiff's counsel filed an answer to the motion to dismiss and renewed her motion to enter default judgment, submitting affidavits that established that defendant's motion to dismiss was without merit. Defendant's response is a disingenuous attempt to shift from the defensive posture of explaining away a default to an offensive attack by accusing the plaintiff of failing to "investigate" whether service was proper. Defendant's argument is unsupportable in fact and, as such, is not only devoid of merit, but sanctionable. Plaintiff files the within reply to address the misrepresentations contained in defendant's opposition.

**Argument**

First, it bear restating that under the Federal Rules, service of process may be accomplished "pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State." Fed.R.C.P. 4 (e)(1). Pennsylvania law provides, in relevant part, that: "Service of original process upon a corporation or similar entity shall be made by handing a copy to any of the following persons ... (2) the manager, clerk or *any other person for the time being in charge* of any regular place of business or activity of the corporation .... (emphasis added). Pennsylvania Rule of Civil Procedure 424 (2). In interpreting Pennsylvania law, the Third Circuit has held that "the 'person for the time being in charge' of any office or usual place of business of the defendants for the purposes of Pennsylvania Rule of Civil Procedure [] must either be an individual with some direct connection to the party served or *one whom the process server determines to be authorized on the basis of her representation* as evidenced by the affidavit of service. A 'person for the time being in charge' should either derive *or appear to derive* authority from the party upon whom service is attempted." *Grand Entertainment Group Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476 (3rd Cir. 1993) (emphasis supplied).

Defendant admits that Daniel McTague was employed by it as a Field Service Supervisor at the time and place states defendant was served with the Complaint (Exhibit "A", ¶ 4 to Defendant's Motion to Dismiss). Defendant simply disputes that Mr. McTague had the authority to accept service on its behalf. In *Cintas Corporation v. Lee's Cleaning Services, Inc.*, 700 A.2d 915 (Pa. 1997), the defendant attempted to strike a default judgment because the

complaint was served on defendant's receptionist, who was not "the person in charge" *Id.* at 918. The Supreme Court of Pennsylvania disagreed stating defendant was estopped from arguing that the receptionist was not authorized to accept service when she had identified herself to the process server as the person in charge of the business at the time the Complaint was served. *Id.* at 920 (emphasis added).  Significantly, as here, the Supreme Court noted the fact that the receptionist expressly represented that she was the person in charge was supplied in a subsequent affidavit of the process server filed by plaintiff with its response to defendant's petition to strike. *Id.* at 920[1]   In this case, plaintiff has also supplied evidence that the person who accepted service on behalf of defendant states he was in charge of the facility. (Affidavit of Daniel McTague, Exhibit "E" to Plaintiff's Renewed Motion for Default Judgment, ¶ 3). (*see also*, *Hopkinson v. Hopkinson*, 323 Pa. Super. 404, 470 A.2d 981 (1984), *rev'd on other grounds*, *Sonder v. Sonder*, 378 Pa. Super. 474, 549 A.2d 155 (1988) (medical corporation's secretary who represented to sheriff's deputies that she was in charge of the office met definition of "person for the time being in charge" under Pa. R. C. P. 2180, which was similar to Rule 402.)

In any event, it simply does not matter whether Mr. McTague was "temporarily in charge" either *de facto or de jure*, since *he represented to Mr. Otto that he was in fact in charge.* That representation is sufficient to effectuate service. Thus, it is crystal clear that service of the Summons and Complaint on Mr. McTague was valid under Pennsylvania law and, hence, sufficient under the Federal Rules of Civil Procedure. *Trio Dying & Finishing Company, Inc., et*

---

[1]Indeed, defendant has not sought to distinguish *Cintas* (Defendant's Opposition to Renewed Motion for Default Judgment, pp. 5-8) for the reason that *Cintas* is absolutely and irretrievably fatal to defendant's position.

3

*al. v. Mimarc Industries*, 1995 U.S. Dist. LEXIS 15300 (E.D. Pa. 1995) (service which is sufficient under state rules of civil procedure satisfies requirements of Rule 4).

Defendant also assails plaintiff for failing to perform a proper investigation to determine whether Mr. McTague was in charge of the facility. (Defendant's Opposition to Renewed Motion for Default Judgment, pp. 5, 16-17.) Significantly, defendant has cited no authority to support this proposition. It again bears repeating that once Mr. McTague represented himself as being in charge of the facility, plaintiff's inquiry into the matter was at an end. (*see* discussion at pp. 2-3.) Nevertheless, had plaintiff attempted to contact Mr. McTague to ascertain the nature and extent of his authority, plaintiff would have obtained the same information which she has now placed before this Court. Mr. McTague not only represented himself to be, but was, in fact, in charge of defendant's place of business at the time process was served.

Defendant also accuses plaintiff of "obtaining [a] snap default[s] by serving new, entry level employees without the sophistication or experience to put defendants on notice that litigation commenced." (Defendant's Opposition to Renewed Motion for Default Judgment, p. 8.)[2] This argument advanced by defendant is the same argument rejected by *Cintas*. In reaching its decision, the *Cintas* Court noted it should not be possible for a defendant to avoid a valid

---

[2]Of particular interest in this regard is the concession by defendant that George DiMarco, the station manager at the time the letter advising of a default had been entered was received by Mr. McTague, was also not competent to realize the significance of that letter which, even in and of itself, should have been cause for an investigation because he had recently assumed that supervisory position. (Defendant's Opposition to Renewed Motion for Default Judgment, p. 16, n.5.) In promoting Mr. DiMarco to that position of responsibility, defendant is expecting that Mr. DiMarco is competent to handle such matters. This argument is wholly disingenuous and does not excuse defendant's failure to respond to the Complaint on the grounds of "excusable neglect." (*see also*, Plaintiff's Opposition to Defendant Airborne Express's Petition to Open Default Judgment.)

service of process by the device of placing an office or usual place of business under the control of a subsidiary or minor employee and thereafter take the position that such a person did not bear a proper relationship to the company so that service upon him or her would be sufficient to assure the requisite notice to the company. 700 A.2d at 920, n.3. *citing Goodrich Amram 2d* § 424(2):2 (1991).

Defendant also attacks the Mr. Otto, the investigator employed by plaintiff's counsel who served the Complaint on defendant. In this regard, defendant argues Mr. Otto's word is less worthy of belief than the word of a sheriff. (Defendant's Opposition to Renewed Motion for Default Judgment, p. 9.) Mr. Otto is a retired Senior Investigator for the New York State Police (Exhibit "B" to Plaintiff's renewed Motion for Default Judgment, ¶ 1). Such an attack on his integrity is not only unwarranted and unprofessional, but irrelevant. Defendant does not dispute that Mr. McTague stated he was in charge of the facility, merely that he was not authorized to state he was in charge of the facility. Therefore, had the Complaint been served by a sheriff, Mr. McTague would no doubt have also accepted service also. It is indeed more likely he would have accepted service of the Complaint from the sheriff than a private individual. More importantly, Mr. Otto is authorized to serve original process under the federal rules (*see*, Federal Rule of Civil Procedure 4(c)(2)), and has defendant cited no authority which would call into question the legitimacy of that service.

WHEREFORE, for all the foregoing reasons, plaintiff Margaret Palcko requests that default judgment be entered against defendant, Airborne Express, Inc.

SPRAGUE & SPRAGUE

BY: _____
David L. DaCosta, Esquire
Joseph J. McAlee, Esquire
The Wellington Building
135 So. 19th Street, Suite 400
Philadelphia, PA 19103
(215) 561-7681

Dated: November 18, 2002

## CERTIFICATE OF SERVICE

   I, Joseph J. McAlee, Esquire, hereby certify that a true and correct copy of the foregoing **Motion for Leave to File Plaintiff's Reply to Opposition of Defendant Airborne Express to Plaintiff's Renewed Motion to Enter Default Judgment** and **Memorandum of Law** in support thereof was served this day on the person(s) indicated below by first class mail:

Sharon M. Erwin, Esquire
Law Offices of Sharon M. Erwin, L.L.C.
3130 West Penn Street
Philadelphia, PA 19129

*Counsel for Defendant Airborne Express, Inc.*

                             _____
                             Joseph J. McAlee

November 18, 2002