UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Margaret Palcko,** | : | Civil Action |
| **Plaintiff** | : | |
| | : | |
| V. | : | |
| | : | |
| **Airborne Express, Inc.**, | : | No.:  02-CV-2990 |
| **Defendant** | : | |
| | : | |

**O R D E R**

**AND NOW** this _____ day of _____, 2002, upon consideration of Plaintiff's Motion to Strike Opposition of Defendant Airborne Express to Plaintiff's Renewed Motion to Enter Default Judgment, and any response thereto, it is hereby **ORDERED** that Plaintiff's Motion is **GRANTED** and Defendant Airborne Express's Opposition to Plaintiff's Renewed Motion to Enter Default Judgment is **STRICKEN**.

BY THE COURT:

_____
Hon. Jay C. Waldman, U.S.D.J.

UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Margaret Palcko,** : | Civil Action |
|     **Plaintiff** : | |
| : | |
| V. : | |
| : | |
| **Airborne Express, Inc.**, : | No.: 02-CV-2990 |
|     **Defendant** : | |
| : | |

**PLAINTIFF'S MOTION TO STRIKE OPPOSITION
OF DEFENDANT AIRBORNE EXPRESS TO PLAINTIFF'S
<u>RENEWED MOTION TO ENTER DEFAULT JUDGMENT</u>**

    Plaintiff, Margaret Palcko, by and through her attorneys hereby moves to strike defendant Airborne Express' opposition to her renewed motion for default judgment for the reasons set forth in the accompanying Memorandum of Law.

    SPRAGUE & SPRAGUE

    BY: _____
        David L. DaCosta, Esquire
        Joseph J. McAlee, Esquire
        The Wellington Building
        135 So. 19th Street, Suite 400
        Philadelphia, PA 19103
        (215) 561-7681

Dated: November 18, 2002

**UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Margaret Palcko,** : | Civil Action |
| **Plaintiff** : | |
| : | |
| V. : | |
| : | |
| **Airborne Express, Inc.**, : | No.: 02-CV-2990 |
| **Defendant** : | |
| : | |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION TO STRIKE OPPOSITION
OF DEFENDANT AIRBORNE EXPRESS TO PLAINTIFF'S
RENEWED MOTION TO ENTER DEFAULT JUDGMENT**

**Procedural History**

On May 20, 2002 plaintiff Margaret Palcko ("plaintiff") filed a complaint against her former employer, defendant Airborne Express, Inc. ("defendant") alleging causes of action under Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act for acts of sexual discrimination, hostile work environment, and unlawful retaliation. On June 4, 2002, defendant was served with a copy of the Summons and Complaint. Plaintiff's counsel received no response to the Complaint, and on June 28, 2002, filed a Praecipe to Enter Default against defendant, and the Clerk entered default that day. Even though no rule of Court required it, on July 15, 2002, plaintiff's counsel sent a letter to defendant's representative.

On October 2, 2002, before plaintiff's counsel filed a renewed motion for default judgment, defendant's counsel entered her appearance and filed a motion to dismiss the complaint for an alleged lack of personal jurisdiction due to alleged improper service. On October 15, 2002, plaintiff's counsel filed an answer to the motion to dismiss and renewed her motion to enter default judgment, submitting affidavits that established that defendant's motion to dismiss was without merit. Defendant responded to plaintiff's renewed motion for default

judgment, on November 1, 2002 requesting the Court by, *inter alia*, asserting, for the first time, plaintiff is required to arbitrate her claims against defendant. Defendant's eleventh hour production of this arbitration agreement is too late – its demand for arbitration is waived, and, in any event, the "agreement" is unenforceable.[1]

## **Argument**

Fed.R.C.P. 12 (g) provides, with certain exceptions not herein applicable, that a party who makes a motion under this rule (Rule 12) waives any omitted "defense or objection then available to the party which this rule permits to be raised by motion." As previously noted, defendant filed a motion to dismiss plaintiff's complaint under Rule 12 (b)(2) and (5), alleging lack of personal jurisdiction due to alleged defective service of process. Defendant could have, but deliberately chose not to, filed either a petition to compel arbitration or a motion to dismiss plaintiff's complaint under Rule 12 (b) based on the existence of an arbitration agreement. Defendant's failure to timely move to dismiss this matter is in violation of Rule 12(g). Thus, defendant's motion to dismiss alleging the existence of an arbitration agreement should be stricken.

Although motions to dismiss based on the existence of an arbitration agreement are most commonly filed under Rule 12 (b)(1)[lack of subject matter jurisdiction] or (b)(6)[failure to state a claim upon which relief can be granted], and the validity of the arbitration agreement dealt with without more than a passing reference as to the section under which the motion was filed,[2]

---

[1]Plaintiff incorporates herein by reference as though the same were set forth herein at length, Plaintiff's Opposition to Defendant Airborne Express' Motion to Compel Arbitration, which is being simultaneously filed with the Court.

[2]*See, e.g., Nationwide Insurance Co. v. Patterson,* 953 F.2d 44, 45 n.1 (3rd Cir. 1991)(noting that dismissal on the basis of an arbitration agreement is "generally effected" under

neither 12 (b)(1) or (6) is the appropriate section under which to make such a motion. The existence of an arbitration agreement does not affect the court's subject matter jurisdiction, which is conferred by statute[3] and not ousted by the existence of a private agreement. *See*, *e.g.*, *Action Air Freight, Inc. v. Pilot Airfreight Co.,* 769 F. Supp. 899 (E.D. Pa. 1991); *Benado v. Buckeye Union Ins. Co.,* 666 F.Supp. 79 (W.D. Pa. 1987); *Wilk v. Ravin,* 46 Pa. D&C 4th 347 (1991)(C.C.P. Allegheny, Wettick, J.). Nor does the existence of an arbitration agreement attack the merits of plaintiff's claim – it merely seeks to have plaintiff's claim litigated in an arbitral forum rather than a judicial forum. *Moore's Federal Practice* 3d ed., Vol. 2, §12.34[6][a]("A dismissal for failure to state a claim is a judgment on the merits, unlike dismissals for lack of subject matter or personal jurisdiction, improper venue, ... [and] has a claim preclusive effect").

The objection to the court's exercise of jurisdiction based upon the existence of an arbitration agreement is more properly brought under Rule 12 (b)(2)[lack of personal jurisdiction], *Wilk, supra* at 352 ("A [motion to dismiss] based on an agreement for alternative dispute resolution is analogous to one based on a lack of jurisdiction over the person because both grounds involve objections to the consideration of the merits of the complaint by the court in which the lawsuit was filed"), or (4) [improper venue] since the objection relates to the place in which the dispute is brought for resolution. *See* Charles Alan Wright, *The Law of Federal Courts* §42, at 257 (5th ed. 1994)("The distinction must be clearly understood between jurisdiction, which is the power to adjudicate, and venue, which relates to the place where judicial authority may be exercised .... The most important difference between venue and

---

Rule 12 (b)(6) and noting that the district court's dismissal based on lack of subject matter jurisdiction was erroneous).

[3] 28 U.S.C. § 1331.

jurisdiction is that a party may consent to be sued in a district that would otherwise be an improper venue, and it waives its objection to venue if it fails to assert it promptly"). Thus, under Rule 12 (h)(1), defendant's failure to raise the arbitration agreement in its initial motion to dismiss under Rule 12 constitutes a waiver[4] of its claim that this dispute must be referred to arbitration.[5]

---

[4]While plaintiff acknowledges the cases stating that waiver of arbitration is "not to be lightly inferred ... the cases are legion where our courts have held that the right to arbitration may be waived." *E.g., Blocker v. Providian Life & Health,* 2001 WL 43644, *2 (E.D. Pa. 2001)(citations omitted). Where a party delays asserting an arbitration agreement, causing prejudice to the other party, waiver of the arbitration claim should be found. *Id.* Defendant has taken the position, in its original motion to dismiss where it attacked service and personal jurisdiction, that dismissal of plaintiff's complaint will result in her claims being time barred because any attempted refiling would be outside the Title VII 90 day statute of limitations following her receipt of a right to sue letter from the EEOC. (Defendant's Memo of Law in Support of Motion to dismiss, pp. 11 - 14.) Moreover, the arbitration agreement proffered by defendant requires that written notice of any claim be given within the applicable state or federal statute of limitation to defendant's "Senior Vice President of Human Resources at the Company's headquarters." (See 3rd unnumbered paragraph of defendant's Exhibit "A" to Opposition to Renewed Motion to Enter Default Judgment.) Were this court to grant defendant's motion, defendant would undoubtedly renew its argument before the arbitrator that plaintiff's claim was time barred and that she failed to follow the written notice procedures of an agreement *of which she was not even given a copy* , which plaintiff has no recollection of ever seeing or signing. (see Affidavit of Margaret Palcko, ¶¶ 4, 5, attached as exhibit "A" to Plaintiff's Opposition to Defendant Airborne Express' Motion to Compel Arbitration). Here, defendant sought to gain a tactical advantage over plaintiff by failing to assert the arbitration agreement until after it had been caught in a bald faced lie to this court on its motion to dismiss for failure to effectuate proper service. To grant defendant's motion would, in effect, reward defendant for its duplicitous conduct by giving defendant another chance to have plaintiff's claim dismissed without reaching the merits. Such an outcome would be a travesty given the circumstances of this case. *See Marranca General Contracting Co., Inc. v. Amerimar Cherry Hill Associates Limited Partnership,* 610 A.2d 499 (Pa. Super. 1992)(finding that defendant waived arbitration when it waited until after receiving an adverse ruling on its motion to dismiss before demanding arbitration).

[5]Nor may defendant later raise the arbitration agreement in its answer under Rule 8 (c) since an agreement to arbitrate "is not an affirmative defense because it does not relate to the merits of plaintiff's claim." *Wilk, supra* at 349, n. 1. Although Rule 8 (c) does provide the affirmative defense of "arbitration and award", this "refers to a situation in which an arbitrator has already ruled." *Thyssen, Inc. v. Calypso Shipping Corp., S.A., A.M.,* 2002 WL 31122383 *3

WHEREFORE, for all the foregoing reasons, plaintiff requests that defendant's Motion to Compel Arbitration be denied and that default judgment be entered against it.

                              SPRAGUE & SPRAGUE

                              BY: _____
                                   David L. DaCosta, Esquire
                                   Joseph J. McAlee, Esquire
                                   The Wellington Building
                                   135 So. 19th Street, Suite 400
                                   Philadelphia, PA 19103
                                   (215) 561-7681

Dated: November 18, 2002

---

(2nd Cir. 2002).

## CERTIFICATE OF SERVICE

      I, Joseph J. McAlee, Esquire, hereby certify that a true and correct copy of the foregoing **Plaintiff's Motion to Strike Opposition of Defendant Airborne Express to Plaintiff's Renewed Motion to Enter Default Judgment** was served this day on the person(s) indicated below by regular mail:


Sharon M. Erwin, Esquire
Law Offices of Sharon M. Erwin, L.L.C.
3130 West Penn Street
Philadelphia, PA 19129

*Counsel for Defendant Airborne Express, Inc.*


                                                                            _____
                                                                            Joseph J. McAlee

Dated: November 18, 2002