```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

|  |  |
|---|---|
| MARGARET PALCKO | CIVIL ACTION<br>NO: 02-2990 |
| Plaintiff, | |
| v. | |
| AIRBORNE EXPRESS, INC. | |
| Defendant. | JURY TRIAL DEMANDED |

### ANSWER AND AFFIRMATIVE DEFENSES
### OF DEFENDANT AIRBORNE EXPRESS TO PLAINTIFF'S COMPLAINT

Defendant Airborne Express ("Airborne") denies the allegations of the plaintiff s Complaint and responds to the specific averments of plaintiff s Complaint as follows:

1. Admitted only that plaintiff has brought this action and alleges that it is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended by 42 U.S.C. §1981a and the Pennsylvania Human Relations Act, 43 Pa.Cons.Stat.Ann. §§951 *et seq*. The remaining averments of paragraph 1 of the Complaint are denied.

### THE PARTIES

2. Admitted that plaintiff reported her address as 2 Exeter Drive, Blackwood, New Jersey 08012 from on or about August 10, 2001 until she quit her job with Airborne Express in March of 2001. Airborne is without knowledge or information sufficient to

form a belief as to the truth of plaintiff's residence thereafter.

 3. Admitted.

 4. Denied.  Airborne Express is without knowledge or information sufficient to form a belief as to the truth of the averments concerning unidentified "agents, servants and/or employees" and therefore denies same.  To the extent that the averments of paragraph 4 are conclusions of law, they are deemed denied and no response is required.

 5. Denied.  Airborne Express is without knowledge or information sufficient to form a belief as to the truth of the averments concerning unidentified "agents, servants and/or employees" and therefore denies same.  To the extent that the averments of paragraph 5 are conclusions of law, they are deemed denied and no response is required.

 6. Denied.

 7. Denied.

## JURISDICTION AND VENUE

 8. Admitted only that the plaintiff so invokes the jurisdiction of the court.  The remaining averments are conclusions of law to which no response is required.

 9. Denied as a conclusion of law to which no response is required.

**FACTUAL BACKGROUND**

10.  Denied.  Upon information and belief, plaintiff's date of birth is November 22, 1972.

11.  Admitted in part; denied in part.  The number of drivers directly supervised by plaintiff varied.

12.  Admitted in part; denied in part.  It is admitted only that plaintiff reported to the station manager that Assistant Shop Steward Greg Sangmeister had approached her and told her that another employee told him that she had been seen rubbing a driver's back.  The remaining averments of paragraph 12 are denied.

13.  Admitted only that plaintiff reported Sangmeister's alleged comments as set forth in paragraph 12, above, to the District Field Services Manager, Michael Matey ("Matey").  The remaining averments of paragraph 13 are denied.

14.  Denied.

15.  Denied.

16.  Denied.  Airborne Express is without knowledge or information sufficient to form a belief as to the truth of the averments concerning Steve Link and John McAndrews.

17.  Denied.

18.  Denied.

19.  Denied.  Plaintiff did not report any such remarks by Sangmeister to her, although Field Services Supervisor Peter

Sankus reported that Sangmeister made a somewhat similar remark to him on or about October 9, 2000.  The remaining averments of paragraph 19 are denied.

    20.   Admitted in part; denied in part.  It is admitted only that plaintiff brought the remark set forth in paragraph 12 to the attention of Michael Matey who, in turn, questioned Peter Sankus.  It is denied that plaintiff requested initiation of a training program, although among other measures taken by Airborne as a result of its investigation of plaintiff's complaints, the company's polices against sexual harassment were reviewed with all of the drivers.

    21.   Denied.

    22.   Denied as stated.  Michael Matey made the comment to group of his management people, which included the plaintiff, in a staff meeting.  The comment was not specifically directed toward the plaintiff but was made to the group for their failure to discipline poor performers.

    23.   Denied.

    24.   Admitted in part; denied in part.  It is admitted only that for a day or two in December 2000 and for approximately three days in January, an Airborne pager was stolen from the station and was used to send offensive messages, including vulgar language, about plaintiff and other members of management. It is also admitted that plaintiff believes the sender to have

been an employee of Airborne Express but the identity of the sender(s) has not been established, despite Airborne's investigation of the incidents.

      25. Admitted in part; denied in part. It is admitted that the messages made references to plaintiff and other members of management using vulgarities. The remaining averments are denied.

      26. Denied.

      27. Denied.

      28. Denied in part; admitted in part. Airborne is not aware of any remarks made about plaintiff other than what she reported as set forth in paragraph 12, above, and what was sent over the pager. It is admitted that cars belonging to members of management, including plaintiff, were vandalized on occasion. The remaining averments of paragraph 28 are denied.

      29. Denied.

      30. Denied.

      31. Denied.

      32. Admitted in part; denied in part. It is admitted that plaintiff walked off the job, refused to return telephone calls for a week and then voluntarily quit. The remaining averments are denied.

      33. Denied. Upon information and belief, plaintiff refused to speak to Matey.

34. Denied.

35. Denied.

36. Denied as a conclusion of law to which no response is required.

37. Denied.

38. Denied.

39. Denied.

40. Airborne is without knowledge or information sufficient to form a belief as to the averments of paragraph 40 and therefore denies same.

41. Denied.

42. Admitted in part; denied in part. It is admitted only that plaintiff filed a Charge with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 170A11213; that plaintiff requested a Dismissal and Notice of Rights in a letter dated February 12, 2002; and that the EEOC issued the Dismissal and Notice on or about February 27, 2002. It is denied that the Charge was filed on May 31, 2001. The remaining averments of paragraph 42 are conclusions of law to which no response is required and which are deemed denied.

43. Denied. Airborne Express is without knowledge or information sufficient to form a belief as to the date on which plaintiff may have cross-filed with the Pennsylvania Human Relations Commission ("PHRC") and therefore denies same. The

remaining averments of paragraph 43 are conclusions of law to which no response is required and which are deemed denied.

## COUNT I

44. Defendant Airborne Express fully incorporates herein the averments of its responses to paragraphs 1 through 43 of the Complaint, above, as if set forth at length.

    45   Denied.

    46.  Admitted.

    47.  Denied.

    48.  Denied.

    49.  Denied.

    50.  Denied.

    51.  Admitted.

    52.  Denied.

    53.  Denied.

    54.  Denied.

WHEREFORE, defendant Airborne Express respectfully requests that the Court enter judgment in its favor and against plaintiff on Count I of plaintiff's Complaint, and award Airborne Express its attorneys' fees, costs, and such other and further relief as the Court deems equitable and just.

## COUNT TWO

55. Defendant Airborne Express fully incorporates herein the averments of its responses to paragraphs 1 through 54

of the Complaint, above, as if set forth at length.

    56. Denied.

    57. Admitted.

    58. Section 5(a) of the Pennsylvania Human Relations Act is a statute that speaks for itself.

    59. Section 5(a) of the Pennsylvania Human Relations Act is a statute that speaks for itself.

    60. Denied.

    61. Denied.

    62. Denied.

    63. Denied.

    64. Denied.

WHEREFORE, defendant Airborne Express respectfully requests that the Court enter judgment in its favor and against plaintiff on Count II of plaintiff's Complaint, and award Airborne Express its attorneys' fees, costs, and such other and further relief as the Court deems equitable and just.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted in whole or in part.

### SECOND AFFIRMATIVE DEFENSE

Airborne Express did not terminate plaintiff's employment; plaintiff voluntarily quit her job at Airborne Express.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are or may be barred by plaintiff s failure to properly exhaust her administrative remedies.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are or may be barred by the applicable statutes of limitations.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are or may be barred by the doctrines of waiver, estoppel, laches and/or unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are subject to arbitration in accordance with the parties' Mutual Agreement to Arbitrate Claims, a copy of which is attached hereto as Exhibit "A", and plaintiff is compelled to arbitrate her claims against Airborne Express in accordance with the Mutual Agreement.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are or may be barred by her failure to satisfy all conditions precedent to the institution of this lawsuit and/or her claims against Airborne Express.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff has not suffered any damages as alleged and/or any damage claims are barred or limited by her failure to mitigate.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred and/or must be dismissed for failure to join indispensable parties.

**TENTH AFFIRMATIVE DEFENSE**

Airborne Express took reasonable steps to investigate plaintiff's complaints and promptly correct improper behavior in its workplace.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are pre-empted or barred by applicable federal and state laws and/or regulations and/or the Mutual Agreement to Arbitrate Claims.

**TWELFTH AFFIRMATIVE DEFENSE**

To the extent that plaintiff has suffered any damages or injuries, which is denied, those damages and/or injuries are not attributable to Airborne Express.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Airborne Express acted at all times in accordance with its policies against harassment in the workplace, promptly investigated plaintiff's complaints and took effective remedial action.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Airborne Express acted at all times in accordance with the requirements of the federal and state statutes at issue.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a jury trial under the Pennsylvania Human Relations Act.

### SIXTEENTH AFFIRMATIVE DEFENSE

Any actions taken by Airborne Express against plaintiff were for legitimate reasons unrelated to any complaints raised by plaintiff.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Airborne Express did not take any tangible, adverse action against plaintiff.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff was not subjected to pervasive and regular harassment and/or discrimination.

### NINETEENTH AFFIRMATIVE DEFENSE

Airborne Express did not violate any right of or duty to plaintiff and acted at all times in good faith.

### TWENTIETH AFFIRMATIVE DEFENSE

Airborne Express did not retaliate against plaintiff for any complaints she raised.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff engaged in behavior that, had it been known to Airborne Express, would have resulted in her dismissal or transfer.

WHEREFORE, defendant Airborne Express respectfully

requests that the Court enter judgment in its favor and against plaintiff on plaintiff's Complaint, and award Airborne Express its attorneys' fees, costs, and such other and further relief as the Court deems equitable and just.

                                              Sharon M. Erwin
                                              Law Offices of
                                                Sharon M. Erwin, LLC
                                              3130 W. Penn Street
                                              Philadelphia, PA 19129-1016
                                              (215) 438-8813

                                              Attorney for defendant
                                              Airborne Express

Dated: January 26, 2003

**CERTIFICATE OF SERVICE**

    I, Sharon M. Erwin, certify that I am causing a true and correct copy of the foregoing Answer and Affirmative Defenses of Airborne Express to Plaintiff's Complaint to be served by first class mail, postage pre-paid, this day of 26th Day of January, 2003, upon the following:

>David L. DaCosta, Esquire
>Joseph J. McAlee, Esquire
>Sprague & Sprague
>The Wellington Building
>135 S. 19th Street, Suite 400
>Philadelphia, PA 19103
>
>Attorneys for plaintiff

_____
Sharon M. Erwin

Dated: January 26, 2003