IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
_____ :
                                 :
MARGARET PALCKO                  :    CIVIL ACTION
                                 :    NO: 02-2990
                                 :
            Plaintiff,           :
                                 :
        v.                       :
                                 :
AIRBORNE EXPRESS, INC.           :
                                 :
            Defendant.           :
_____ :
```

**ORDER**

AND NOW, this ___ day of April, 2003, upon consideration of the Motion of Defendant Airborne Express for Protective Order and Stay of Proceedings and the plaintiff's response thereto, it is hereby ORDERED and DECREED that the Motion is GRANTED.  It is ORDERED that neither discovery nor disclosure be had in this matter and this action is stayed pending resolution of the defendant's Motion to Compel Arbitration.

BY THE COURT:

_____
Waldman, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
_____  :
                                 :
MARGARET PALCKO                  :    CIVIL ACTION
                                 :    NO: 02-2990
                                 :
            Plaintiff,           :
                                 :
        v.                       :
                                 :
AIRBORNE EXPRESS, INC.           :
                                 :
            Defendant.           :
_____  :
```

## ORDER

AND NOW, this ___ day of April, 2003, upon consideration of the Motions of Defendant Airborne Express to Compel Arbitration and for Protective Order and Stay of Proceedings, and the plaintiff's responses thereto, it is hereby ORDERED and DECREED that the Motions are GRANTED.  Plaintiff is ORDERED to arbitrate her claims in accordance with the parties' Mutual Agreement to Arbitrate Claims and this action is stayed pending resolution of the arbitration proceedings.

BY THE COURT:

_____
Waldman, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
_____ :
                                 :
                                 :
MARGARET PALCKO                  :     CIVIL ACTION
                                 :     NO: 02-2990
                                 :
            Plaintiff,           :
                                 :
        v.                       :
                                 :
AIRBORNE EXPRESS, INC.           :
                                 :
            Defendant.           :
_____ :
```

**MOTION OF DEFENDANT AIRBORNE EXPRESS
FOR A PROTECTIVE ORDER AND STAY OF PROCEEDINGS**

Defendant Airborne Express respectfully moves the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure for a Protective Order directing that disclosure and discovery not be had in this action while the defendant's Motion to Compel Arbitration remains pending, and renews its request, set forth in its pending Motion to Compel Arbitration, that the Court compel plaintiff to arbitrate her claims in accordance with the parties' Mutual Agreement to Arbitrate Claims.  Airborne further requests that the Court stay this action and rule on this Motion and the Motion to Compel Arbitration as expeditiously as possible.

The facts and the law in support of this Motion are set

forth in the accompanying Memorandum of Law.

Respectfully submitted,

_____
Sharon M. Erwin
Attorney I.D. No. 35143
Law Offices of
  Sharon M. Erwin, LLC
3130 W. Penn Street
Philadelphia, PA 19129-1016
(215) 438-8813

Attorney for defendant
Airborne Express

Dated:  April 1, 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
_____
                                :
                                :
MARGARET PALCKO                 :     CIVIL ACTION
                                :     NO: 02-2990
                                :
            Plaintiff,          :
                                :
        v.                      :
                                :
AIRBORNE EXPRESS, INC.          :
                                :
            Defendant.          :
_____
```

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANT
AIRBORNE EXPRESS FOR A PROTECTIVE ORDER AND STAY**

Defendant Airborne Express ("Airborne") respectfully
moves the Court pursuant to Rule 26(c) of the Federal Rules of
Civil Procedure for a protective Order directing that disclosure
and discovery not be had in this action while the defendant's
Motion to Compel Arbitration remains pending.  Airborne further
renews its pending request that the Court compel plaintiff to
arbitrate her claims and dismiss or stay this action pending
resolution of the arbitration proceedings.

**Procedural Background**

Defendant Airborne learned of this lawsuit on September
24, 2002 and filed a Motion to Dismiss on October 2, 2002 based
upon insufficiency of service and lack of personal jurisdiction.
On October 22, 2002, while the Motion to Dismiss remained
pending, Airborne provided plaintiff's counsel with a copy of a

Mutual Agreement to Arbitrate Claims ("the Agreement"), signed by Airborne and by plaintiff in 1998, and asked that plaintiff arbitrate her claims as required under the Agreement.  A true and correct copy of the Agreement is attached hereto as Exhibit "A".

    Plaintiff declined to voluntarily submit her claims to arbitration, following which Airborne filed its Opposition to plaintiff's Renewed Motion for Default Judgment and its Motion to Compel Arbitration (filed as one document, the Opposition Memorandum and the Motion to Compel Arbitration are separately identified on the Docket Sheet as Docket Entries Nos. 11 and 12). Airborne requested that the Court dismiss plaintiff's Complaint on the additional ground that her claims were subject to arbitration and compel plaintiff to arbitrate.  Plaintiff filed her Opposition to the Motion to Compel Arbitration on November 18, 2002.  (Docket No. 15)

    Plaintiff renewed her motion for a default judgment based upon the purported service of the complaint in June.  In its Response to Plaintiff's Motion to Strike Opposition to Plaintiff's Renewed Motion to Enter Default Judgment [hereinafter "Airborne Response"],[1] Airborne requested that the Court stay plaintiff's action on the basis of the Arbitration Agreement. *See*

---

[1]Airborne requested the Court to also consider the Response, to the extent necessary, as a reply to plaintiff's Opposition to Airborne's Motion to Compel Arbitration.

2

Response, at 16. (Docket No. 19)

On January 9, 2003, the Court issued an Order denying Airborne's Motion to Dismiss on the basis that service of the plaintiff's complaint "comport[ed] with the requirements of Pennsylvania law."  A true and correct copy of the Order is attached hereto as Exhibit "B". (Docket No. 21)  The Court also denied plaintiff's Renewed Motion for Default Judgment and Motion to Strike Opposition of Defendant in a separate Order, also issued on January 9, 2003.  (Docket No. 20)  A true and correct copy of the second Order is attached hereto as Exhibit "C".

Although Airborne's Motion to Compel Arbitration remained pending, Airborne filed its Answer and Affirmative Defenses to the Complaint on January 26, 2003, in the absence of a ruling on the Motion to Compel Arbitration to avoid a claim that it failed to timely respond to the Complaint.  Airborne also preserved its request for arbitration by again raising the existence of the Arbitration Agreement as an affirmative defense.

In response to the request of the Court's Deputy, plaintiff and Airborne Express each filed a Case Status Form on February 14 and 17, 2003, respectively.  Airborne specified that its submission of the Form was without waiver of its pending Motion to Compel Arbitration.  Further, Airborne identified the pending Motion as a Special Issue, stating:

> Defendant Airborne Express' Motion to Compel
> Arbitration, based upon the parties' Mutual

3

> Agreement to Arbitrate Claims, remains pending.
> In the event it is denied, Airborne anticipates
> filing an interlocutory appeal. . . .
>
> Airborne Express adopts by reference the
> plaintiff's summary of the procedural posture of
> the this case, set forth on the reverse of
> plaintiff's Case Status Form.  Should plaintiff
> commence discovery, however, Airborne Express will
> move for a stay, pending resolution of the Motion
> to Compel Arbitration.

A true and correct copy of Airborne's Case Status Form is
attached hereto as Exhibit "D".  Plaintiff's recitation of the
procedural posture of the case also identified defendant's Motion
to Compel Arbitration "as pending".

On February 26, 2003, the Court issued a Scheduling
Order, setting deadlines for the completion of discovery and
trial readiness.  Airborne's counsel wrote to the Court's Deputy
on March 6, 2003, raising the issue of the pendency of the Motion
to Compel Arbitration.   A true and correct copy of the
correspondence is attached hereto as Exhibit "E".

Plaintiff served Interrogatories, a Request for
Production of Documents and an Initial Disclosure by mail on
March 26, 2003, answers and/or objections which will be due on
April 28, 2003 absent a stay or a Protective Order.  On March 28,
2003, Airborne's counsel conferred with plaintiff's counsel
concerning plaintiff's discovery and, as set forth in the
confirming correspondence attached hereto as Exhibit "F",
plaintiff's counsel will oppose Airborne's request for a

4

Protective Order and Stay.

### ARGUMENT

Airborne respectfully requests, pursuant to Fed.R.Civ.P. 26(c) and the Court's inherent power to control its docket, that the Court issue a Protective Order providing that neither disclosure nor discovery be had until the Court issues a ruling on the Motion to Compel Arbitration. Airborne also renews its pending request that the Court compel plaintiff to arbitrate her claims in accordance with the parties' Mutual Agreement to Arbitrate Claims, and stay all proceedings pending arbitration or dismiss plaintiff's action in its entirety.

### A Stay of Discovery and All Proceedings Pending Arbitration Is Appropriate Under the Federal Rules of Civil Procedure, Federal Law and State Law

Fed.R.Civ.P. 26(c) provides that upon motion and for good cause shown, a court may issue any Order "which justice requires to protect a party . . . from annoyance, . . . oppression or undue burden or expense," including an order that discovery and disclosure not be had. Courts are "empowered to impose a stay of discovery on a showing of good cause." Weisman v. Mediq, Inc., 1995 U.S.Dist. LEXIS 5900, *4 (E.D.Pa. 1995)(Rendell, J.)(discovery stayed pending resolution of motion to dismiss that may narrow or eliminate the need for discovery). Further, trial courts have broad discretion to "stay discovery until preliminary questions that may dispose of the case are

5

determined." <u>Petrus v. Bowen</u>, 833 F.2d 581, 583 (5th Cir. 1987).

The granting of Airborne's Motion to Compel Arbitration will eliminate the need for discovery under the Federal Rules of Civil Procedure, while the Arbitration Agreement in and of itself establishes good cause for staying discovery. The strong federal and state policies favoring arbitration also constitute good cause for staying discovery where, as here, the request to compel arbitration has been made, the parties signed an unambiguous Mutual Agreement to Arbitrate Claims and the Agreement has been provided to the Court for review. *See generally,* <u>Spinetti v. Service Corporation International</u>, No. 01-4415 (3d Cir. Mar. 31, 2003)(affirming order severing offending provision of arbitration agreement and compelling arbitration on basis of public policy favoring arbitration and Pennsylvania contract law). Requiring the parties to submit to discovery while the Motion to Compel Arbitration remains pending would unnecessarily subject them to "the very complexities, inconsistencies, and expenses of litigation" that the parties agreed to avoid under the Arbitration Agreement. <u>Suarez-Valdez v. Shearson Lehman/American Express, Inc.</u>, 858 F.2d 648, 650 (11th Cir. 1988)(Tjoflat, J. concurring).

The discovery served by plaintiff addresses the substance of plaintiff's claims and the defendant's defenses. This is not a situation, therefore, in which discovery is

6

necessary to resolve the arbitration issue.  As discussed more

fully *infra*, the Motion to Compel Arbitration can be decided on

the basis of undisputed facts.  For purposes of the Motion,

Airborne accepts as true the allegations set forth in plaintiff's

Opposition to the Motion to Compel and in her supporting

Affidavit.

   The Protective Order and stay requested by Airborne are

also consistent with the requirements of applicable law.  The

Federal Arbitration Act ("FAA") obligates courts to stay suits

involving claims subject to an arbitration agreement:

> If any suit or proceeding be brought in any of the
> courts of the United States upon any issue
> referable to arbitration under an agreement in
> writing for such arbitration, *the court in which
> such suit is pending, upon being satisfied that
> the issue involved in such suit or proceeding is
> referable to arbitration under such an agreement,
> shall on application of one of the parties stay
> the trial of the action until such arbitration has
> been had in accordance with the terms of the
> agreement . . ..*

9 U.S.C.A. § 3 (2003)(emphasis added).  If all of the claims are

subject to arbitration, the court may dismiss the action instead

of staying it.  <u>Seus v. John Nuveen & Company</u>, 146 F.3d 175, 179

(3d Cir. 1998).

   In her Opposition to Airborne's Motion to Compel

Arbitration, plaintiff argues that the FAA does not apply in this

case.  *See* Memorandum of Law in Opposition to Motion to Compel,

at 2-3.  (Docket No. 15)  While Airborne disagrees for the

7

reasons set forth in its Response at 9-12 (Docket No. 19), the
result is the same even if the FAA does not apply.  In accordance
with the parties' Arbitration Agreement, the law of Washington
applies to the extent that the FAA does not.  *See* Arbitration
Agreement, Exhibit "A" hereto.

Under Washington's Arbitration statute, a Court shall,
"upon being satisfied that any issue involved in such action ...
is referable to arbitration" stay the action "until an
arbitration has been made in accordance with the agreement."
Rev. Code Wash. § 7.04.030.  Although not necessary to the
Court's analysis, Pennsylvania law also provides for a stay
pending arbitration.  42 Pa.C.S. § 7304 (2002).

Plaintiff does not dispute that she signed the
Arbitration Agreement, but argues, in essence, that she did not
read what she signed nor was it explained to her.  Affidavit of
Margaret Palcko, ¶ 6, Exhibit "A" of Plaintiff's Opposition to
Airborne's Motion to Compel Arbitration. (Docket No. 15).  As set
forth in Airborne's Response, this argument is without merit as a
matter of law, whether under the FAA, Washington law or
Pennsylvania law.  Response at 14-16.  *See e.g.,* <u>Seus v. John
Nuveen & Company</u>, *supra* at 183-184 (3d Cir. 1998)(under FAA,
court need not inquire into matters such as "plaintiff's
opportunity for deliberation and negotiation, and whether
plaintiff was encouraged to consult counsel"), *cert. denied*, 525

8

U.S. 1139, 143 L.Ed.2d 38, 119 S.Ct. 1028 (1999); <u>Tjart v. Smith
Barney, Inc.</u>, 107 Wn. App. 885, 897 (Wn. App. 2001)(under
Washington law, "ignorance of the contents of a contract
expressed in a written instrument does not ordinarily affect the
liability of one who signs it", rejecting the argument that the
arbitration agreement was unenforceable because plaintiff signed
it as "a matter of office procedure", relatively rapidly and was
not given a copy), *review denied*, 145 Wn.2d 1027, *cert. denied*,
154 L.Ed.2d 303, 123 S.Ct. 424 (2002); and <u>Smith v. Creative
Resources, Inc.</u>, 1998 U.S.Dist. LEXIS 18545, *6 (E.D.Pa.
1998)(under Pennsylvania law, ignorance of the terms of an
agreement or a failure to read is no defense to a contractual
obligation)(citations omitted).

      In sum, good cause for issuing the requested Protective
Order arises from the law governing agreements to arbitrate, the
terms of the Mutual Agreement to Arbitrate Claims, judicial
economy and efficiency, and Airborne's reasonable expectations
and reliance upon the Agreement.  Plaintiff is not harmed by a
Protective Order since she contractually obligated herself to
arbitrate and she can pursue her claims and remedies in
arbitration.  Further, plaintiff's service of discovery is yet a
further breach of her obligations under the Arbitration
Agreement.  Subjecting Airborne to arbitration would place an
undue burden and expense on it, depriving Airborne of the benefit

of its bargain.

Airborne respectfully requests that the Court issue a
Protective Order that disclosure and discovery not be had pending
resolution of the Motion to Compel Arbitration.  Airborne further
requests that the Order be issued as expeditiously as possible to
avoid the passage of discovery and trial deadlines.

### Standard for Deciding Motion to Stay

Under the FAA, the appropriate standard for review of a
motion to compel arbitration and/or a request to stay is the
standard used to review a motion for summary judgment.  E-Time
System, Inc. v.  VoiceStream Wireless Corporation, 2002 U.S.Dist.
LEXIS 15568, *16 (E.D.Pa. 2002)(Yohn, J.)(citations omitted).
The court must determine whether there is a genuine factual issue
as to the applicability of the arbitration agreement to
plaintiff's claims.  Id.  When the applicability of the
Arbitration Agreement is clear, the "defendant will be entitled
to the stay it seeks."  Id.

Similarly, under the Washington Arbitration Act, if a
trial court is satisfied after hearing from the parties "that no
substantial issue exists as to the existence or validity of the
agreement to arbitrate or the failure to comply therewith" it
shall direct the parties to arbitration in accordance with the
agreement.  Wash. Rev. Code § 7.04.040(1).  The court shall stay
the proceeding until arbitration has been had on the motion of

10

any party to the agreement.  Wash. Rev. Code § 7.04.030.  *Accord*, 42 Pa.C.S. § 7304 (court to proceed "summarily" to determine arbitration issue).

Assuming the truth of the plaintiff's statements in her affidavit for purposes of this motion, there is no genuine issue of material fact concerning arbitration.  The parties both signed the Agreement and it establishes that plaintiff's claims are arbitrable.  *See e.g.,* Arbitration Agreement, "Claims Covered by this Agreement", Exhibit "A".  Airborne requested that plaintiff voluntarily arbitrate her claims and she refused.  Finally, plaintiff's allegations concerning the circumstances of her execution of the Arbitration Agreement are irrelevant as a matter of law.

<u>**CONCLUSION**</u>

Airborne requests that the Court enter an Order directing that discovery and disclosure not be had pending the resolution of the pending Motion to Compel Arbitration and renews its request, set forth in its Motion to Compel Arbitration, that the Court dismiss this action or stay it pending arbitration of the plaintiff's claims in accordance with the Mutual Agreement to Arbitrate Claims.

11

Respectfully submitted,

_____
Sharon M. Erwin
Attorney I.D. No. 35143
Law Offices of
  Sharon M. Erwin, LLC
3130 W. Penn Street
Philadelphia, PA 19129-1016
(215) 438-8813

Attorney for defendant
Airborne Express

Dated:  April 1, 2003

12

### Certification

I, Sharon M. Erwin, certify pursuant to Fed.R.Civ.P. 26(c) that I conferred in good faith with plaintiff's counsel, David L. DaCosta, on March 28, 2003 in an effort to resolve the dispute raised by this motion, but was unsuccessful.

_____
Sharon M. Erwin

Dated: April 1, 2003

13

## CERTIFICATE OF SERVICE

I, Sharon M. Erwin, certify that I am causing a true and correct copy of the foregoing Motion of Defendant Airborne Express for Protective Order and Stay of Discovery to be served by hand delivery this 1st day of April, 2003 upon the following:

> David L. DaCosta, Esquire
> Joseph J. McAlee, Esquire
> Sprague & Sprague
> The Wellington Building
> 135 S. 19th Street, Suite 400
> Philadelphia, PA 19103
>
> Attorneys for plaintiff

_____
Sharon M. Erwin

Dated: April 1, 2003