```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

|  |  |
|---|---|
| MARGARET PALCKO : | CIVIL ACTION |
| : | NO: 02-2990 |
| Plaintiff, : |  |
| : |  |
| v. : |  |
| : |  |
| AIRBORNE EXPRESS, INC. : |  |
| Defendant. : | JURY TRIAL DEMANDED |

**ORDER**

AND NOW, this ___ day of _____, 2003, upon consideration of plaintiff's Motion for Leave to File Supplemental Memorandum of Law and the Response thereto, it is hereby ORDERED and DECREED that the Motion is DENIED.

BY THE COURT:


_____
O'Neill, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
:
:
MARGARET PALCKO                    :    CIVIL ACTION
:    NO: 02-2990
:
      Plaintiff,            :
:
  v.                              :
:
AIRBORNE EXPRESS, INC.             :
:
      Defendant.            :    JURY TRIAL DEMANDED
_____

## **ORDER**

      AND NOW, this ___ day of _____, 2003, upon consideration of the Motion of Defendant Airborne Express for Leave to File Reply to Plaintiff's Supplemental Memorandum of Law and the Response thereto, it is hereby ORDERED and DECREED that the Motion is GRANTED. Airborne Express is granted leave to file a Reply to Plaintiff's Supplemental Memorandum of Law in Opposition to Defendant's Motion to Compel Arbitration.

                                      BY THE COURT:


                                      _____
                                      O'Neill, J.

```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

|  |  |
|---|---|
| MARGARET PALCKO | CIVIL ACTION |
|  | NO: 02-2990 |
| Plaintiff, |  |
| v. |  |
| AIRBORNE EXPRESS, INC. |  |
| Defendant. | JURY TRIAL DEMANDED |

**RESPONSE OF DEFENDANT AIRBORNE EXPRESS TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM OF LAW OR, IN THE ALTERNATIVE, DEFENDANT'S MOTION FOR LEAVE TO <u>FILE REPLY TO PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW</u>**

Defendant Airborne Express ("Airborne") opposes plaintiff's Motion for Leave to File Supplemental Memorandum of Law on the ground that it is untimely, unnecessary, fails to provide the Court with meritorious arguments, and merely increases the costs and delays of litigation that the parties' Mutual Agreement to Arbitrate Claims is designed to eliminate.

In the alternative, should the Court grant plaintiff leave to file the Supplemental Memorandum of Law, Airborne requests leave, pursuant to Local Rule 7.1(c), to file the Reply attached hereto as Exhibit "A", which addresses the arguments raised in plaintiff's Supplemental Memorandum.

        Respectfully submitted,

        _____
        Sharon M. Erwin
        Attorney I.D. No. 35143
        Law Offices
          of Sharon M. Erwin, LLC
        3130 W. Penn Street
        Philadelphia, PA 19129-1016
        (215) 438-8813

        Attorney for defendant
        Airborne Express

Dated: April 17, 2003

**EXHIBIT "A"**

```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

|  |  |
|---|---|
| MARGARET PALCKO | CIVIL ACTION |
|  | NO: 02-2990 |
| Plaintiff, |  |
| v. |  |
| AIRBORNE EXPRESS, INC. |  |
| Defendant. | JURY TRIAL DEMANDED |

### REPLY OF DEFENDANT AIRBORNE EXPRESS
### TO PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW
### IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

### Introduction

More than four (4) months after filing her Opposition to the Motion of Defendant Airborne Express to Compel Arbitration, plaintiff Margaret Palcko ("Palcko") raises a new argument in opposition to the Motion. Setting aside the untimeliness of her Supplemental Memorandum of Law, plaintiff's new argument is without merit or has no support under the applicable law.

Plaintiff argues that a narrow exclusion of the Federal Arbitration Act ("FAA") preempts state law favoring arbitration. Her argument is based on two assumptions. First, plaintiff assumes that the parties' Mutual Agreement to Arbitrate Claims is a "contract of employment". She further assumes that she is a "transportation worker" for purposes of the narrow exemption

provision of Section 1 of the Federal Arbitration Act ("FAA"). Airborne disputes plaintiff's assumptions but, even accepting them as true, the FAA does not prohibit arbitration by individuals excluded under Section 1; it merely excludes them from the coverage of the FAA.

## Plaintiff is Not a Transportation Worker for Purposes of the FAA

Section 1 of the FAA includes a narrow exclusion to the provisions of the Act. Specifically, the "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce" are excluded. Assuming *arguendo* that the parties' Mutual Agreement to Arbitrate Claims ("Arbitration Agreement") is a contract of employment, plaintiff was not a "transportation worker" when employed by Airborne.

Section 1's extremely narrow exclusion is limited to transportation workers, as unequivocally stated by the United States Supreme Court in Circuit City v. Adams, 532 U.S. 105, 121 (2001). Moreover, as explained by the Third Circuit Court of Appeals and approved in Circuit City, it is not enough that the activities of employees "undoubtedly affect commerce." Instead, the focus is on whether the employees are "acting directly in the channels of commerce itself." Tenney Engineering, Inc. v. United Electrical Radio & Machine Workers of America, 207 F.2d 450, 453 (3d Cir. 1953). Plaintiff, by her own admission, did not.

2

In her Affidavit submitted with her Opposition to Airborne's Motion to Compel (Docket No. 15), plaintiff described her job as follows:

> I was employed by [Airborne] as a Field Service Supervisor and was the immediate supervisor of between 30-35 drivers who delivered packages from our terminal to their ultimate destination in Philadelphia and vicinity and who delivered packages picked up from customers in Philadelphia and vicinity from our terminal to the Airborne Express cargo planes at Philadelphia International Airport for transshipment. *I was responsible for monitoring and improving the performance of drivers under my supervision to insure timely and efficient delivery of the packages.*

Affidavit of Margaret Palcko, ¶ 3 (emphasis added).

Plaintiff describes the work of drivers working exclusively with the Philadelphia region because the terminal is located in Philadelphia (Complaint, ¶ 3), establishing that her duties were limited to monitoring intrastate activities. More to the point, plaintiff describes her duties as limited to monitoring and improving the performance of the drivers. Consequently, her duties were similar to the plaintiffs in Perez v. Globe Airport Security Services, Inc., 253 F.3d 1280, *rehearing denied,* 273 F.3d 1118 (11th Cir. 2001), *vacated on other grounds,* 294 F.3d 1275 (11th Cir. 2002) and Elgart v. Sono-Tek Corporation, 1989 U.S.Dist. LEXIS 13519, *2 (E.D.Pa. 1989)(Newcomer, J.) and did not make her a transportation worker for purposes of the FAA.

Although of limited precedential value given its

procedural history, the court's analysis in Perez is instructive. The plaintiff in Perez, a security guard at Miami International Airport, argued that she was engaged in interstate commerce because "she inspected goods, materials, and people that were headed to locations around the United States and, indeed, the world." Id. at 1282. The court held that plaintiff was not engaged in the transportation of goods in commerce as she "merely inspected and guarded such goods prior to transport." Id. Palcko was similarly removed from the actual transportation of goods. She merely monitored the drivers who transported the goods and, even then, she monitored only local activities.

      The plaintiff in Elgart was the president of a medical products division that manufactured goods for sale in interstate commerce. His duties were broad, encompassing all aspects of the division's functions, including marketing, sales, administration and human resources. Elgart, *supra,* 1989 U.S. Dist. LEXIS at *4. The court held that plaintiff did not fall within the FAA exclusion. The holding was based upon the nature of plaintiff's duties and case law excluding employees engaged in the production of goods for subsequent sale in interstate commerce. Id. The nature of Palcko's duties are just as removed from the actual transportation of goods in interstate commerce as were those of the plaintiff in Elgart. Her specific activities did not require her to act "directly in the channels of commerce itself" and were

4

therefore not so closely related to the movement of interstate commerce to bring her within the ambit of the FAA exclusion.

### The FAA Does Not Prohibit Arbitration By Individuals Excluded By Section 1 of the FAA

The FAA does not prohibit arbitration by individuals excluded by Section 1 of the FAA, as the decision in Circuit City makes clear:

> [I]t is a permissible inference that the employment contracts of the classes of workers in § 1 were excluded from the FAA precisely because of Congress' undoubted authority to govern the employment relationships at issue by the enactment of statutes specific to them. *By the time the FAA was passed, Congress had already enacted federal legislation providing for the arbitration of disputes between seamen and their employers*, see Shipping Commissioners Act of 1872, 17 Stat. 262. When the FAA was adopted, moreover, grievance procedures existed for railroad employees under federal law, see Transportation Act of 1920, §§ 300-316, 41 Stat. 456, and the passage of a more comprehensive statute providing for the mediation and arbitration of railroad labor disputes was imminent, see Railway Labor Act of 1926, 44 Stat. 577, 46 U.S.C. § 651 (repealed).

532 U.S. at 120-21 (emphasis added). Rather than intimate that Section 1 prohibits arbitration of labor disputes, the Court expressly acknowledged that the claims of clearly exempt employees were and could be arbitrated under authority other than the FAA.

Plaintiff's argument that "it would not make sense for Congress to specifically exempt a class of workers from

5

arbitrating disputes under the FAA and yet allow that same class of workers to be compelled to arbitrate that same dispute under state law" misconceives that purpose and effect of Section 1 as enunciated by the Supreme Court in <u>Circuit City</u>.  Section 1 does not "exempt" workers from arbitrating labor disputes; it refers them to arbitration under other governing statutes or laws, such as the Shipping Commissioners' Act.  There is no support whatsoever for the notion that Section 1 of the FAA "bars" arbitration under any circumstances.

  Plaintiff provides no authority for her argument that the FAA preempts state law favoring arbitration.  In all of the cases cited in her Memorandum of Law, and as plaintiff's parentheticals acknowledge, the courts compelled arbitration on the basis that the FAA preempted state law *prohibiting* arbitration.  Nor could Airborne's counsel locate any such authority.

  The purpose of the FAA is to override "old common-law hostility toward arbitration, and the failure of state arbitration statutes to mandate the enforcement of arbitration agreements."  <u>Southland Corporation</u>, *supra,* 465 U.S. at 14.  It preempts only state laws that "undercut the enforcement of arbitration agreements."  <u>Id</u> at 16.  Further, "questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration."  <u>Moses H. Cone Memorial</u>

Hospital v. Mercury Construction Corporation, 460 U.S. 1, 24 (1988).  There is no authority, however, for the proposition that the FAA preempts state laws that *favor* arbitration, such as Washington State's statutory scheme.

### Conclusion

The parties' Arbitration Agreement remains a valid contract under state law even if deemed to be outside the scope of the FAA.  Airborne Express respectfully requests that the Court compel arbitration and stay these proceedings pending resolution of the arbitration proceedings, or dismiss plaintiff's complaint in its entirety.

                                        Sharon M. Erwin
                                        Attorney I.D. No. 35143
Law Offices
  of Sharon M. Erwin, LLC
3130 W. Penn Street
Philadelphia, PA 19129-1016
(215) 438-8813

Attorney for defendant
Airborne Express

Dated: April 17, 2003

**CERTIFICATE OF SERVICE**

    I, Sharon M. Erwin, certify that I am causing a true and correct copy of the foregoing Response of Defendant Airborne Express to Plaintiff's Motion for Leave to File Supplemental Memorandum of Law to be served by first class mail, postage pre-paid, this 17th day of April, 2003, upon the following:

> David L. DaCosta, Esquire
> Joseph J. McAlee, Esquire
> Sprague & Sprague
> The Wellington Building
> 135 S. 19th Street, Suite 400
> Philadelphia, PA 19103
>
> Attorneys for plaintiff

                                                                     _____
                                                                      Sharon M. Erwin

Dated: April 17, 2003