UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Margaret Palcko,** | : | Civil Action |
| **Plaintiff** | : | |
| | : | |
| v | : | |
| | : | |
| **Airborne Express, Inc.**, | : | No.:  02-CV-2990 |
| **Defendant** | : | |
| | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
MOTION OF DEFENDANT AIRBORNE EXPRESS
FOR PROTECTIVE ORDER AND STAY OF PROCEEDINGS**

**Procedural History**

On May 20, 2002 plaintiff Margaret Palcko ("plaintiff") filed a complaint against her former employer, defendant Airborne Express, Inc. ("defendant") alleging causes of action under Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act for acts of sexual discrimination, hostile work environment, and unlawful retaliation. On June 4, 2002, defendant was served with a copy of the Summons and Complaint.  Plaintiff's counsel received no response to the Complaint, and on June 28, 2002, filed a Praecipe to Enter Default against defendant, and the Clerk entered default that day.  Even though no rule of Court required it, on July 15, 2002, plaintiff's counsel sent a letter to defendant's representative.

On October 2, 2002, before plaintiff's counsel filed a renewed motion for default judgment, defendant's counsel entered her appearance and filed a motion to dismiss the complaint for an alleged lack of personal jurisdiction due to alleged improper service.  On October 15, 2002, plaintiff's counsel filed an answer to the motion to dismiss and renewed her motion to enter default judgment, submitting affidavits that established that defendant's motion to dismiss was without merit.  Defendant responded to plaintiff's renewed motion for default

judgment, on November 1, 2002 by requesting the Court for the first time, plaintiff is required to arbitrate her claims against defendant.[1] On January 9, 2003, in 2 separate Orders, the Honorable Jay C. Waldman denied defendant's Motion to Dismiss on the grounds that plaintiff had failed to effect proper service within the time provided by the Federal Rules of Civil Procedure and denied plaintiff's Renewed Motion to Enter Default Judgment. (*see* Exhibit "A" and Exhibit "B" to Motion of Defendant Airborne Express for Protective Order and Stay of Proceedings (hereinafter "Defendant's Motion for Stay")).[2]

Thereafter, plaintiff and defendant, at the direction of the Court, filed Case Status Forms. On February 26, 2003, Judge Waldman issued a Scheduling Order. Following the issuance of a Scheduling Order, Plaintiff served Initial Disclosures, Interrogatories and a Request for Production of Documents on defendant on March 26, 2003.

On April 1, 2003, defendant moved for a protective order and/or stay of the proceedings pending a decision on its request this matter be referred to arbitration. Noticeably absent from defendant's Motion for Stay is any argument that the arbitration agreement executed by plaintiff is applicable or enforceable or that defendant timely raised as a defense in this matter the arbitrability of plaintiff's claims. For reasons stated below, the agreement to arbitrate is a nullity and defendant's Motion to Compel Arbitration should be denied while Defendant's Motion for Stay should be dismissed as moot.

---

[1] While the issue of the arbitrability of this matter has been briefed, at various times, in this case, this is the first opportunity Plaintiff has had to raise this issue with this Court as the matter was only recently reassigned to this Court from the Honorable Jay C. Waldman.

[2] It is significant that when plaintiff and defendant noted that Judge Waldman deferred his decision on defendant's request this matter be referred to arbitration, His Honor nevertheless issued the Scheduling Order. (Defendant's Motion for Stay at pp. 3-4.)

# ARGUMENT

### Plaintiff Is One Of Those Employees Who Is Exempted From Arbitrating Employment-Related Disputes Pursuant to Section 1 of the Federal Arbitration Act.

Significantly, defendant first states that it "accepts as true the allegations set forth in plaintiff's Opposition to the Motion to Compel Arbitration and in [plaintiff's] supporting Affidavit" attached thereto. (Motion to Stay at p. 7.) Defendant has, therefore, admitted that (1) plaintiff was engaged in furtherance of interstate commerce[3] and (2) the Federal Arbitration Act (hereinafter "FAA") bars the arbitration of Plaintiff's employment related dispute. (*see*, Memorandum of Law in Opposition to Defendant Airborne Express' Motion to Compel Arbitration at pp. 2-3, which is incorporated herein by reference.) Consequently, defendant's contention that this Court is obligated to stay this litigation pursuant to the terms of the FAA is without merit.

### Federal Law Preempts Washington State Law Requiring Plaintiff's Federal Discrimination Claims To Be Heard In Federal Court.

Defendant next argues that even if the FAA does not apply to plaintiff's claims, the law of the state of Washington apply to the extent the FAA does not and require this matter be submitted to arbitration. (Defendant's Motion for Stay p. 8.) Defendant wrongly argues that assuming Plaintiff is within that class of employees whose employment claims are not subject to

---

[3]The FAA does not apply to "contracts of employment of seamen, railroad employees, or any other class of workers engaged in interstate or foreign commerce." 9 U.S.C. § 1. In *Tenney Engineering, Inc. v. United Electrical, Radio & Machine Workers of America, (U.E.) Local 437,* 207 F.2d 450 (3rd Cir. 1953) the Third Circuit interpreted the exemption as applying "only to those classes of workers directly engaged in commerce, that is, only those other classes of workers who are actually engaged in the movement of interstate or foreign commerce *or in work so closely related thereto as to be in practical effect part of it."* (*Id.* at 452)(emphasis added). The Supreme Court has recently adopted the Third Circuit's interpretation of the exemption in *Circuit City Stores, Inc. v. Adams,* 525 U.S. 105, 121 S. Ct. 1302 (2001).

arbitration under the FAA, that the FAA does not apply and, therefore, Plaintiff's claims are subject to arbitration under state law. This is premised on a fundamental misapprehension of federal jurisdiction and the doctrine or preemption.

In *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S. Ct. 927, 942, 74 L. Ed.2d 765 (1983) the United States Supreme Court determined that the FAA "create[s] a body of federal substantive law of arbitrability applicable to any arbitration agreement within the coverage of the Act." Further, federal law, in terms of the FAA, governs that issue in either state or federal Court. *Southland Corp. v. Keating*, 465 U.S. 1, 12, 104 S. Ct. 852, 859, 79 L. Ed.2d 1 (1984). To the extent any state law or policy conflicts with the FAA, it is preempted. *Moses H. Cone*, 460 U.S. at 24, 103 S. Ct. at 941; *Keating*, 465 U.S. at 12, 104 S. Ct. at 859; *Cohen v. Wedbush, Noble, Cooke, Inc.*, 841 F.2d 282 (9th Cir. 1988). *See also*, *Bondy's Ford, Inc. v. Sterling Truck Corp.*, 147 F. Supp.2d 1283. (M.D. Ala.2001) (Alabama Motor Vehicle Franchise Act, prohibiting binding arbitration of disputes between franchisor and franchisee was preempted by FAA); *Central Jersey Freightliners Inc. v. Freightliner Corp.*, 987 F. Supp. 289 (D. N.J 1997) (provisions in New Jersey Franchise Practices Act creating presumption of invalidity of arbitration clauses in franchise agreements was preempted by the FAA); *Haluska v. RADF Financial Corp.*, 875 F.Supp.825 (N.D. Ga.1994) (FAA preempted Georgia statute providing that, if an employer pays employee lesser amount than the minimum wage law, employee can bring a civil action for recovery of the difference between the amount paid and minimum wage). Therefore, to the extent the FAA bars the arbitration of Plaintiff's employment related dispute in federal court, it is of no moment that the state law favors the arbitration of that type of dispute; it is preempted.

Further, as a practical matter, it would not make sense for Congress to specifically exempt a class of workers from arbitrating disputes under the FAA and yet allow that same class of workers to be compelled to arbitrate that same dispute under state law. As most if not all states allow for the arbitration of disputes, this would render Section 1 of the FAA a nullity.

Lastly, the language in the Arbitration agreement upon which defendant relies in asserting that the matter is arbitrable under state law in the event the FAA does not apply, does not, upon closer inspection, support defendant's position.[4] It is conceded that while defendant has numerous employees, not all of those employees are engaged in work in interstate or foreign commerce such that Section 1 of the FAA would bar the arbitration of any employment-related dispute with defendant. While the FAA may preempt the application of any state statute or common law inimical to the purposes behind the FAA, the FAA is itself not an independent source of federal subject matter jurisdiction. *Huffco Petroleun Corp. v. Transcontinental Gas Pipe Line Corp.*, 681 F. Supp. 400 (S.D. Tex. 1988); *Hamilton Life Ins. Co. of New York v. Republic Nat. Life Ins. Co.*, 291 F. Supp. 225 (S.D. N.Y.1968), *affirmed*, 408 F.2d 606 (2nd Cir. 1969) (diversity of citizenship or federal question jurisdiction is a requisite under the FAA).

The terms of the Arbitration agreement require that, at least in the first instance, the FAA govern the resolution of any employment-related dispute. Therefore, for the FAA to apply to any employment-related dispute, the dispute must in the first instance be arbitrable and there must be federal jurisdiction over the dispute. In the event the employment-related dispute is arbitrable and there is no federal jurisdiction, the FAA would not apply, but under the terms of the

---

[4]This language at issue in the Arbitration agreement states: "To the extent that the Federal Arbitration Act is inapplicable, Washington law pertaining to agreements to arbitrate shall apply."

5

Arbitration agreement, the employment-related dispute would still be arbitrable under Washington state law.  However, because Plaintiff is one of those employees of defendant who was "actually engaged in the movement of interstate or foreign commerce or in work so closely related thereto as to be in practical effect part of it" Section 1 of the FAA would bar the arbitration of *any* employment-related dispute between Plaintiff and defendant, whether that claim arose im state or federal court. Simply stated, Plaintiff is not one of those employees whose employment discrimination claims are subject to arbitration.

**The Agreement To Arbitrate Plaintiff's Employment-Related Disputes Is Unenforceable**

When presented with an arbitration agreement, the court must decide as a preliminary matter whether the agreement is enforceable. *E.g., John Ashe Associates, Inc. v. Envirogenics Co.,* 425 F. Supp. 238, 241 (E.D.Pa. 1977).  For the reasons set out below, the "agreement" in the instant case in not enforceable.

As is clear from plaintiff's Affidavit (attached as Exhibit "A" to Memorandum of Law in Opposition to Defendant Airborne Express' Motion to Compel Arbitration), there was no agreement to arbitrate between the parties.  The "agreement" (attached as Exhibit "A" to Defendant's Motion for Stay), presented in fine print on one half of a form that also contains an "Equal Employment Opportunity Questionnaire" and "Consumer Credit Report Disclosure and Consent" which appear in much larger print is inherently deceptive[5] and appears calculated to draw the reader's eye to the latter two items and assume that they are the purpose of the form.  Indeed, that appears to be what occurred in this case in which plaintiff was presented with this

---

[5]The copy of the arbitration agreement provided to the Court by defendant as Exhibit "A" has blanked out these two items.  Compare copy originally provided to plaintiff's counsel attached as Exhibit "B" to the Memorandum of Law in Opposition to Defendant Airborne Express' Motion to Compel Arbitration

form, along with other forms, at the end of the interview process in which she was hired. The forms were presented to her as "merely routine forms that were needed by personnel" before she started work. (Palcko affidavit, Exhibit "A", ¶ 6). She was asked to fill out the forms while still in the office of the interviewer, who distracted her with small talk while she filled out the forms (Palcko affidavit, Exhibit "A", ¶ 6).

No one explained to her that she was signing away her right to a judicial forum or explained to her that she had the right to consult an attorney before signing the form – had this been done, she would not have signed the form. (Palcko Affidavit, Exhibit "A", ¶ 6). These circumstances lead to the inescapable conclusion that plaintiff was fraudulently lead to believe that she was signing only some routine personnel forms, and thus the "agreement" is unenforceable. *E.g. Kramer v. Schaeffer,* 751 A.2d 241, 246 (Pa. Super. 2000)("...when there is mistake on one side and fraud on the other, relief is available (citation omitted). Likewise, irrespective of fraud, if the other party knows or has good reason to know of the unilateral mistake, relief will be granted to the same extent as a mutual mistake (citations omitted).").

While plaintiff acknowledges the cases stating that waiver of arbitration is "not to be lightly inferred ... the cases are legion where our courts have held that the right to arbitration may be waived." *E.g., Blocker v. Providian Life & Health,* 2001 WL 43644, *2 (E.D. Pa. 2001)(citations omitted). Where a party delays asserting an arbitration agreement, causing prejudice to the other party, waiver of the arbitration claim should be found. *Id.* Defendant took the position, in its original motion to dismiss where it attacked service and personal jurisdiction, that dismissal of plaintiff's complaint will result in her claims being time barred because any attempted refiling would be outside the Title VII 90 day statute of limitations following her

receipt of a right to sue letter from the EEOC. (Defendant's Memo of Law in Support of Motion to dismiss, pp. 11 - 14.) Moreover, the arbitration agreement proffered by defendant requires that written notice of any claim be given within the applicable state or federal statute of limitation to defendant's "Senior Vice President of Human Resources at the Company's headquarters." (See 3rd unnumbered paragraph of defendant's Exhibit "A"). Were this court to grant defendant's motion, defendant would undoubtedly renew its argument before the arbitrator that plaintiff's claim was time barred and that she failed to follow the written notice procedures of an agreement *of which she was not even given a copy* (See Palcko affidavit, Exhibit "A", ¶¶ 4, 5). Here, defendant sought to gain a tactical advantage over plaintiff by failing to assert the arbitration agreement until after it moved to dismiss plaintiff's Complaint for failure to effectuate proper service. To grant defendant's motion would, in effect, reward defendant for its duplicitous conduct by giving defendant another chance to have plaintiff's claim dismissed without reaching the merits. Such an outcome would be a travesty given the circumstances of this case. *See Marranca General Contracting Co., Inc. v. Amerimar Cherry Hill Associates Limited Partnership,* 610 A.2d 499 (Pa. Super. 1992)(finding that defendant waived arbitration when it waited until after receiving an adverse ruling on its motion to dismiss before demanding arbitration).

### Defendant Has Failed To Timely Raise The Defense Of Arbitration

Lastly, by failing to raise the arbitrability of plaintiff's employment-related claims in its motion to dismiss, defendant has waived the right to assert arbitration as a defense and defendant's Motion to Compel Arbitration must be stricken.[6]

---

[6] Plaintiff admits that in its January 9, 2003 Order attached as Exhibit "C" to Defendant's Motion for Stay, Judge Waldman denied plaintiff's Motion to Strike Opposition of Defendant to

It is inappropriate to move to dismiss an action on the grounds of the existence of an agreement to arbitrate under Rule 12 (b)(1)[lack of subject matter jurisdiction] or (b)(6)[failure to state a claim upon which relief can be granted].[7]  Neither 12 (b)(1) or (6) is the appropriate section under which to make such a motion.  The existence of an arbitration agreement does not affect the court's subject matter jurisdiction, which is conferred by statute[8] and not ousted by the existence of a private agreement. *See*, *e.g., Action Air Freight, Inc. v. Pilot Airfreight Co.,* 769 F. Supp. 899 (E.D. Pa. 1991); *Benado v. Buckeye Union Ins. Co.,* 666 F.Supp. 79 (W.D. Pa. 1987); *Wilk v. Ravin,* 46 Pa. D&C 4th 347 (1991)(C.C.P. Allegheny, Wettick, J.). Nor does the existence of an arbitration agreement attack the merits of plaintiff's claim – it merely seeks to have plaintiff's claim litigated in an arbitral forum rather than a judicial forum. *Moore's Federal Practice* 3d ed., Vol. 2, §12.34[6][a]("A dismissal for failure to state a claim is a judgment on the

---

Open Default Judgment which requested the Court strike defendant's Motion to Compel Arbitration on the grounds that defendant's motion was untimely.  However, that Order, as well as the January 9, 2003 Order attached as Exhibit "B" to Defendant's Motion for Stay all concern whether plaintiff had made proper service of the Complaint upon defendant.  Given the fact that Judge Waldman deferred ruling on the issue of the arbitrability of plaintiff's claims and that the January 9, 2003 Orders do not specifically address the Court's ruling upon Defendant's Petition to Open Default.  It is, therefore, respectfully submitted that Judge Waldman may have denied plaintiff's Motion to Strike Opposition of Defendant to Open Default Judgment, which concerned the issue of arbitration, when His Honor intended to deny plaintiff's Opposition to Defendant's Petition to Open Default, which concerned the issue of whether the defualt should be opened.  Plaintiff is, therefore, requesting the Court consider denying defendant's Motion to Compel Arbitration on the grounds it is untimely for the reasons stated in the previously filed Motion to Strike Opposition of Defendant to Open Default Judgment.

[7]*See, e.g., Nationwide Insurance Co. v. Patterson,* 953 F.2d 44, 45 n.1 (3rd Cir. 1991)(noting that dismissal on the basis of an arbitration agreement is "generally effected" under Rule 12 (b)(6) and noting that the district court's dismissal based on lack of subject matter jurisdiction was erroneous).

[8]28 U.S.C. § 1331.

merits, unlike dismissals for lack of subject matter or personal jurisdiction, improper venue, ... [and] has a claim preclusive effect").

The objection to the court's exercise of jurisdiction based upon the existence of an arbitration agreement is more properly brought under Rule 12 (b)(2)[lack of personal jurisdiction], *Wilk, supra* at 352 ("A [motion to dismiss] based on an agreement for alternative dispute resolution is analogous to one based on a lack of jurisdiction over the person because both grounds involve objections to the consideration of the merits of the complaint by the court in which the lawsuit was filed"), or (4) [improper venue] since the objection relates to the place in which the dispute is brought for resolution. *See* Charles Alan Wright, *The Law of Federal Courts* §42, at 257 (5th ed. 1994)("The distinction must be clearly understood between jurisdiction, which is the power to adjudicate, and venue, which relates to the place where judicial authority may be exercised .... The most important difference between venue and jurisdiction is that a party may consent to be sued in a district that would otherwise be an improper venue, and it waives its objection to venue if it fails to assert it promptly"). Thus, under Rule 12 (h)(1), defendant's failure to raise the arbitration agreement in its initial motion to dismiss under Rule 12 constitutes a waiver of its claim that this dispute must be referred to arbitration.[9]

Fed.R.C.P. 12 (g) provides, with certain exceptions not herein applicable, that a party who makes a motion under this rule (Rule 12) waives any omitted "defense or objection then

---

[9] Nor may defendant later raise the arbitration agreement in its answer under Rule 8 (c) since an agreement to arbitrate "is not an affirmative defense because it does not relate to the merits of plaintiff's claim." *Wilk, supra* at 349, n. 1. Although Rule 8 (c) does provide the affirmative defense of "arbitration and award", this "refers to a situation in which an arbitrator has already ruled." *Thyssen, Inc. v. Calypso Shipping Corp., S.A., A.M.,* 2002 WL 31122383 *3 (2nd Cir. 2002).

available to the party which this rule permits to be raised by motion." As previously noted, defendant filed a motion to dismiss plaintiff's complaint under Rule 12 (b)(2) and (5), alleging lack of personal jurisdiction due to alleged defective service of process. Defendant could have, but deliberately chose not to, filed either a petition to compel arbitration or a motion to dismiss plaintiff's complaint under Rule 12 (b) based on the existence of an arbitration agreement. Defendant's failure to timely move to dismiss this matter is in violation of Rule 12(g). Thus, defendant's motion to dismiss alleging the existence of an arbitration agreement should be stricken.

WHEREFORE, for all the foregoing reasons, plaintiff requests that defendant's Motion to Compel Arbitration should be denied while Defendant's Motion for Stay should be dismissed as moot..

SPRAGUE & SPRAGUE

BY: _____
David L. DaCosta, Esquire
Joseph J. McAlee, Esquire
The Wellington Building
135 So. 19th Street, Suite 400
Philadelphia, PA 19103
(215) 561-7681

Dated: April 17, 2003

UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Margaret Palcko,** | : | Civil Action |
| **Plaintiff** | : | |
| | : | |
| V. | : | |
| | : | |
| **Airborne Express, Inc.**, | : | No.:  02-CV-2990 |
| **Defendant** | : | |
| | : | |

OPPOSITION TO
MOTION OF DEFENDANT AIRBORNE EXPRESS
FOR PROTECTIVE ORDER AND STAY OF PROCEEDINGS

 Plaintiff files the following her Opposition to Motion of Defendant Airborne Express for Protective Order and Stay of Proceedings.

 In support thereof, Plaintiff incorporates by reference the attached Memorandum of Law in Opposition to Motion of Defendant Airborne Express for Protective Order and Stay of Proceedings.

               SPRAGUE & SPRAGUE


            BY: _____
               David L. DaCosta, Esquire
               Joseph J. McAlee, Esquire
               The Wellington Building
               135 So. 19th Street, Suite 400
               Philadelphia, PA 19103
               (215) 561-7681

Dated: April 17, 2003

UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Margaret Palcko,** | : | Civil Action |
| **Plaintiff** | : | |
| | : | |
| V. | : | |
| | : | |
| **Airborne Express, Inc.**, | : | No.:  02-CV-2990 |
| **Defendant** | : | |
| | : | |

**O R D E R**

    **AND NOW** this            day of                    , 2003, upon consideration of the Defendant's Motion to Compel Arbitration and Defendant's Motion for Protective Order and Stay of Proceedings and Plaintiff's Opposition Thereto, it is hereby **ORDERED** that defendant's Motion to Compel Arbitration is **DENIED**, with prejudice, and Defendant's Motion for Stay is **DISMISSED**, as **MOOT**.

                                BY THE COURT:

                                _____

                                                     , J.

**CERTIFICATE OF SERVICE**

      I, Joseph J. McAlee, Esquire, hereby certify that I caused a true and correct copy of the foregoing **Opposition to Motion of Defendant Airborne Express for Protective Order and Stay of Proceedings** and **Memorandum of Law in Opposition to Motion of Defendant Airborne Express for Protective Order and Stay of Proceedings** to be served this day on the person(s) indicated below by first class mail:

Sharon M. Erwin, Esquire
Law Offices of Sharon M. Erwin, L.L.C.
3130 West Penn Street
Philadelphia, PA 19129

*Counsel for Defendant Airborne Express, Inc.*

                                                                                                                      _____
                                                                                                                       Joseph J. McAlee

April 17, 2003