UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Margaret Palcko,** | : | Civil Action |
| **Plaintiff** | : | |
| | : | |
| v. | : | |
| | : | |
| **Airborne Express, Inc.**, | : | No.:  02-CV-2990 |
| **Defendant** | : | |
| | : | |

### PLAINTIFF'S MOTION TO COMPEL DEFENDANT AIRBORNE EXPRESS, INC. TO RESPOND TO INTERROGATORIES AND REQUESTS <u>FOR PRODUCTION OF DOCUMENTS</u>

Plaintiff, Margaret Palcko, by and through her attorneys, move the Court pursuant to Fed. R.C.P. 37 for an Order compelling defendant Airborne Express, Inc. to respond to plaintiff's Interrogatories and Requests for Production of Documents, and for such other relief as the Court deems appropriate, and in support thereof avers as follows:

1. On May 20, 2002 plaintiff filed a complaint against her former employer, defendant Airborne Express, Inc. ("defendant") alleging causes of action under Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act for acts of sexual discrimination, hostile work environment and unlawful retaliation.

2. On October 2, 2002, defendant filed a Motion to Dismiss plaintiff's complaint. On November 1, 2002, defendant also filed a Motion to Compel Arbitration. Plaintiff filed responses to both motions.

3. On January 9, 2003, the Court denied defendant's Motion to Dismiss plaintiff's complaint. A Scheduling Order was thereafter issued by the Court on February 26, 2003. On March 26, 2003, plaintiff simultaneously served defendant with Plaintiff's Self Executing

Disclosure Statement, First Set of Interrogatories Addressed to Defendant, and First Request for Production of Documents Addressed to Defendant.

    4.    On April 1, 2003, defendant filed a Motion for a Protective Order and Stay of Discovery pending a ruling on defendant's Motion to Compel Arbitration to which plaintiff filed a reply on April 17, 2003.

    5.    On April 23, 2003, the Court issued an Order denying defendant's Motion to Compel Arbitration.[1] Defendant filed a Notice of Appeal to the Third Circuit on April 28, 2003, which is the same day that Defendant's responses to plaintiff's discovery requests were due.

    6.    On April 29, 2003, counsel for plaintiff spoke to counsel for defendant about defendant's overdue discovery responses, and was advised by counsel for defendant that it was defendant's position that the Notice of Appeal "divested" this Court of jurisdiction and operated as a *de facto* stay of discovery proceedings. This discussion was later followed up with a letter from defendant's counsel to plaintiff's counsel (attached hereto as Exhibit "A").

    7.    On April 30, 2003, counsel for plaintiff responded to defendant's April 29th letter, pointing out that Federal Rule of Appellate Procedure 8 was the sole mechanism to stay proceedings in the District Court during the pendency of an appeal and stating that a motion to compel discovery responses would be filed if discovery responses were not received by Friday, May 2, 2003 (attached as Exhibit "B").

---

[1] On April 24, 2003, the Court also denied as moot plaintiff's motion for leave to file attached supplemental memorandum of law in opposition to defendant's motion to compel arbitration and defendant's motion for protective order and stay of proceedings. The only way that plaintiff's opposition could have been moot was if the Court intended to, and indeed did, albeit *sub silentio*, deny defendant's motion for protective order and stay of proceedings. Thus, when this Court stated at the end of its Memorandum Opinion denying defendant's motion to compel arbitration that "[a]ccordingly, plaintiff's claims will be allowed to proceed in this court," it meant that plaintiff's claims were to proceed, not be stayed. Memorandum Op., at p. 9.

8.      On May 2, 2003, counsel for plaintiff received another letter from defendant citing two inapposite cases to support defendant's assertion that it did not have to comply with discovery during the pendency of the appeal (attached as Exhibit "C"), to which plaintiff replied by fax on May 5, 2003, inquiring whether or not defendant intended to comply with plaintiff's discovery requests and advising defendant that an appropriate motion would follow if defendant did not intend to comply (attached hereto as Exhibit "D").

9.      On May 6, 2003 defendant replied that it would not be serving answers or objections to plaintiff's discovery requests while their appeal was pending (attached hereto as Exhibit "E").

10.     The certification required by Fed.R.Civ.P. 26(c) and Local Rule of Civil Procedure 26.1(f) is attached hereto.

WHEREFORE, plaintiff respectfully requests the Court to enter an Order compelling defendant to comply with plaintiff's discovery requests within ten (10) days and awarding such other relief as the Court deems appropriate.

                                        SPRAGUE & SPRAGUE


                                        BY: _____
                                            David L. DaCosta, Esquire
                                            Joseph J. McAlee, Esquire
                                            The Wellington Building
                                            135 So. 19th Street, Suite 400
                                            Philadelphia, PA 19103
                                            (215) 561-7681

Dated: May 7, 2003.

UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Margaret Palcko,** : | Civil Action |
| **Plaintiff** : | |
| : | |
| v. : | |
| : | |
| **Airborne Express, Inc.**, : | No.:  02-CV-2990 |
| **Defendant** : | |
| : | |

**O R D E R**

**AND NOW** this _____ day of _____, 2003, upon consideration of Plaintiff's Motion to Compel Defendant Airborne Express, Inc. to Respond to Plaintiff's Interrogatories and Requests for Production of Documents, and Defendant's response thereto, it is hereby **ORDERED** that Defendant, Airborne Express, Inc. respond to Plaintiff's Interrogatories and Requests for Production of documents within five (5) days of the date of this Order.

BY THE COURT:

_____
Hon. Thomas N. O'Neill, U.S.D.J.

## **CERTIFICATION**

      I, David L. DaCosta, Esquire, certify pursuant to Fed.R.Civ.P. 26(c) and Local Rule of Civil Procedure 26.1(f) that I conferred in good faith with defendant's counsel, Sharon M. Erwin, Esquire on April 29, 2003, April 30, 2003, and May 5, 2003 in an effort to resolve the dispute raised by this motion, but was unsuccessful.

                                                                                                                     David L. DaCosta

## CERTIFICATE OF SERVICE

    I, David L. DaCosta, Esquire, hereby certify that a true and correct copy of the foregoing **Plaintiff's Motion To Compel Defendant Airborne Express To Respond To Interrogatories And Requests For Production Of Documents** was served this day on the person(s) indicated below by telefax (without exhibits) and regular mail (with exhibits):

Sharon M. Erwin, Esquire
Law Offices of Sharon M. Erwin, L.L.C.
3130 West Penn Street
Philadelphia, PA 19129

*Counsel for Defendant Airborne Express, Inc.*

                                                                                               _____
                                                                                                 David L. DaCosta

Dated: May 7, 2003