```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


_____
                               :
                               :
MARGARET PALCKO                :    CIVIL ACTION
                               :    NO: 02-2990
                               :
         Plaintiff,            :
                               :
    v.                         :
                               :
AIRBORNE EXPRESS, INC.         :
                               :
         Defendant.            :
_____
```

**ORDER**

AND NOW, this ___ day of _____, 2003, upon consideration of the Plaintiff's Motion to Compel Defendant Airborne Express to Respond to Interrogatories and Requests for Production of Documents and the response thereto, it is hereby ORDERED and DECREED that the Motion is DENIED.  This matter is STAYED pending resolution of defendant's appeal of the Order denying its Motion to Compel Arbitration.

                              BY THE COURT:



                              _____
                              O'Neill, Jr., J.

```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

|  |  |
|---|---|
| MARGARET PALCKO | CIVIL ACTION |
|  | NO: 02-2990 |
| Plaintiff, |  |
| v. |  |
| AIRBORNE EXPRESS, INC. |  |
| Defendant. |  |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
TO COMPEL DEFENDANT AIRBORNE EXPRESS TO RESPOND TO
INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendant Airborne Express opposes plaintiff's Motion to Compel responses to Interrogatories and Requests for Production of Documents and responds to the Motion as follows:

1. Admitted.

2. Admitted.

3. Admitted, although plaintiff's Disclosure Statement, First Set of Interrogatories and First Request for Production of Documents were served by first class mail.

4. Admitted.

5. Admitted in part; denied in part. Defendant Airborne admits the averments of paragraph 5, excluding the footnote, except that the responses to plaintiff's discovery would have been due on April 28, 2003, but for the appeal. As to the footnote, the Court's Order of April 24, 2003 speaks for

itself.

      6.    Admitted that counsel spoke on April 29, 2003 and that defendant's counsel sent the letter attached to plaintiff's Motion as Exhibit "A", which is a document that speaks for itself; denied that the discovery responses were overdue.

      7.    Admitted only that plaintiff's counsel sent the letter attached to the plaintiff's Motion as Exhibit "B", a document that speaks for itself.  The remaining averments of paragraph 7 are denied as conclusions of law, which are deemed denied.

      8.    Admitted only that defense counsel sent the letter attached to plaintiff's Motion as Exhibit "C" and plaintiff's counsel sent the letter attached to plaintiff's Motion as Exhibit "D", both of which are documents that speak for themselves.  The remaining averments of paragraph 8 are denied as conclusions of law, which are deemed denied.

      9.    Admitted only that defense counsel sent the letter attached to plaintiff's Motion as Exhibit "E", a document that speaks for itself.

    10.    Admitted.

                          Respectfully submitted,

                          _____
                          Sharon M. Erwin
                          Attorney I.D. No. 35143
                          Law Offices
                            of Sharon M. Erwin, LLC
                          3130 W. Penn Street
                          Philadelphia, PA 19129-1016
                          (215) 438-8813

                          Attorney for defendant
                          Airborne Express


Dated: May 12, 2003

```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

|  |  |
|---|---|
| MARGARET PALCKO | CIVIL ACTION<br>NO: 02-2990 |
| Plaintiff, |  |
| v. |  |
| AIRBORNE EXPRESS, INC. |  |
| Defendant. |  |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION
TO COMPEL DEFENDANT AIRBORNE EXPRESS TO RESPOND TO
INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendant Airborne Express ("Airborne") opposes plaintiff's Motion to Compel Discovery Responses on the ground that the proceedings before this Court are suspended pending resolution of Airborne's appeal of the Court's Order denying Airborne's Motion to Compel Arbitration.  In the alternative, Airborne respectfully moves the Court to exercise its authority to act in aid of an appeal and enter an Order staying this action pending the defendant's appeal.

**Procedural and Factual Background**

Defendant Airborne moved, pursuant to Section 4 of the Federal Arbitration Act ("FAA"), to compel arbitration of plaintiff's action on the basis of a Mutual Agreement to Arbitrate Claims signed by plaintiff and Airborne Express in 1998.  Airborne also requested that the Court stay this action

pursuant to Section 3 of the FAA pending resolution of arbitration proceedings. Plaintiff opposed the Motion on several grounds, including an argument that the FAA did not apply because the Mutual Agreement to Arbitrate Claims fell within the narrow exclusion provision of Section 1 of the FAA. While Airborne disagreed that the exclusion applied in the context of this case, it asked the Court, in the alternative, to compel arbitration pursuant to Washington law, which applies under the parties' Arbitration Agreement to the extent the FAA does not. *See* Arbitration Agreement, Exhibit "A" to Motion to Compel (Docket No. 12). As previously briefed by Airborne, Washington law, like the FAA and Pennsylvania law, favors the enforcement of arbitration agreements.

On April 23, 2003, the Court issued an Order, entered on Friday, April 24, 2003, denying the Motion to Compel Arbitration. The Court ruled that the FAA exclusion applied in this case and further held that the FAA's exclusion preempted Washington law favoring the enforcement of arbitration agreements. Airborne promptly filed a Notice of Appeal on April 28, 2003, pursuant to Section 16 of the FAA, authorizing immediate appeals from anti-arbitration decisions. 9 U.S.C. § 16.

Notwithstanding the filing of the appeal, plaintiff's counsel asked whether Airborne Express would be serving responses to plaintiff's discovery requests. As set forth in the

correspondence attached to plaintiff's Motion as Exhibits "A" through "E", the parties were unable to reach an agreement as to the effect of the appeal on this Court's jurisdiction. Plaintiff then filed her motion to compel discovery responses.

**Preparation for Trial is Properly Suspended Upon the Filing of an Appeal From an Order Denying a Motion to Compel Arbitration**

It is well established that "the filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Company, 459 U.S. 56, 58 (1982). While there are limited exceptions, none are applicable here, with the exception of the authority of a district court "to act in aid of the appeal." *See e.g.,* Sheet Metal Workers' International Association v. Herre Brothers, Inc., 198 F.3d 391 (3d Cir. 1999), *citing* Showtime/The Movie Channel, Inc. v. Covered Bridge Condominium Association, 895 F.2d 711, 713 (11th Cir. 1990)("delineating exceptions such as the 'authority to act in aid of the appeal, to correct clerical mistakes or to aid in the execution of a judgment that has not been superceded'").

In Venen v. Sweet, 758 F.2d 117 (3d Cir. 1985), the court stated that "'[d]ivest' means what it says -- the power to act, in all but a limited number of circumstances, has been taken away and placed elsewhere." *Id*. at 120-21 (footnote omitted)(vacating orders entered while appeal pending of denial

3

of motion to dismiss on the ground of judicial immunity; denial of claim of absolute immunity immediately appealable).

Whether this litigation, including discovery, may go forward is the precise issue presently before the Court of Appeals, divesting this Court of jurisdiction over this issue in accordance with Griggs.  By seeking discovery despite the pending appeal, plaintiff is attempting to do precisely what the court in Lummus Company v. Commonwealth Oil Refining Company, 273 F.2d 613 (1st Cir. 1959) found to be impermissible.  Plaintiff's strategy is consistent with that of the plaintiff in Lummus, leading to the same conclusion reached by the First Circuit Court of Appeals:

> We cannot avoid the thought that
> the principal reason appellee has
> for not awaiting discovery until
> the decision of this court is the
> fear that that course will be unavailable
> if such ruling proves to be adverse.
> Until it is determined whether this action
> has been properly brought, appellee should
> not receive any unnecessary fruits thereof.

Id. at 614. (stay of discovery ordered).

Under circumstances similar to those in this case, the Seventh Circuit Court of Appeals, in Bradford-Scott Data Corporation, Inc. v. Physician Computer Network, Inc., 128 F.3d 504 (7th Cir. 1997), concluded that preparation for trial must be suspended upon the filing of an appeal from an Order denying a Motion to Compel Arbitration pursuant to the FAA.  Relying upon

4

Griggs, *supra,* 459 U.S. at 58, the court began its analysis by stating that "it is fundamental to a hierarchical judiciary that 'a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously.'" Bradford-Scott, *supra,* 128 F.3d at 505.  As stated in Griggs:

> The filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.

Griggs, *supra,* at 58.

The Seventh Circuit emphasized that the Griggs' qualification "involved in the appeal" is essential.  The qualification explains why district courts have only limited authority to act on issues collateral to the appeal, such as awarding attorneys' fees to a prevailing party following an appeal on the merits.  Bradford-Scott, *supra*, at 505.  Whether the case is to be litigated rather than arbitrated, however, "is *not* an issue collateral to the question presented by an appeal under § 16(a)(1)(A); . . . it is the mirror image of the question presented on appeal." *Id.* (emphasis added).[1]  As a consequence, continuation of the proceedings before the trial court "largely defeats the point of the appeal and creates a risk of inconsistent handling of the case by two tribunals."  Cases

---

[1] Airborne's appeal arises under both Section 16(a)(1)(A) and Section 16(a)(1)(B) of the FAA.

5

involving appeals of denials of arbitrability, therefore, are "poor candidates for exceptions from the principle that a notice of appeal divests the district court of power to proceed with the aspects of the case that have been transferred to the court of appeals." *Id.*

Also in reliance upon Griggs, the United States Court of Appeals for the District of Columbia, in Princz v. Federal Republic of Germany, 302 U.S.App. 383 (D.C.Cir. 1993), ruled that an appeal of an order renders "unnecessary" a motion for stay of all proceedings before the district court when the appeal involves the threshold issue as to whether an action may proceed at all. *Id*. (motion to stay proceedings denied as unnecessary where appeal pending of order refusing to dismiss on ground of sovereign immunity; district court's denial on grounds of sovereign immunity immediately appealable).

The notice of appeal filed by Airborne, like the notices in Bradford-Scott and Princz, suspends the trial court proceedings. *Accord,* Baron, *supra,* at 1356 (stay entered on the authority of Bradford-Scott); Satcom International Group PLC v. Orbcomm International Partners, L.P., 55 F.Supp. 2d 231, 236-237 (S.D.N.Y. 1999)(proceedings before the district court during the pendency of an appeal of an Order denying arbitration raise precisely the issue on appeal, "namely the proper forum for the resolution of the remaining issues"; normal rule of divestiture

6

of jurisdiction applies and a stay is appropriate).  Moreover, as the court observed in Baron v. Best Buy Company, 79 F.Supp. 1350, 1354 (S.D. Fla. 1999) "it is difficult to conceptualize how (or why) a district court could (or should) proceed with litigation . . . given the Griggs' principle of divestiture, when the argument on appeal is that the district court is not the proper forum for the resolution of the claims at issue."

Plaintiff argues that the trial court proceedings should continue during the pendency of an appeal of an Order denying a Motion to Compel Arbitration absent an Order granting a Motion to Stay pursuant to Fed.R.App.P. 8.  Plaintiff's argument, however, makes a nullity of the FAA's provision for immediate appeals of orders denying arbitration and stays pending arbitration.  It is also incorrect.  *See e.g.,* Stewart v. Donges, 915 F.2d 572, 578 (10th Cir. 1990)(trial court may have erroneously applied Fed.R.App.P. 8 in denying motion for stay pending appeal of immediately appealable order).

Plaintiff's argument cannot be reconciled with the purpose of the FAA, declaring "a national policy favoring arbitration".  Southland Corporation v. Keating, 465 U.S. 1, 10 (1984).  That policy is reflected in the FAA's insistence on an immediate appeal as of right of an order denying a motion to compel arbitration.  9 U.S.C. § 16.  Plaintiff seeks to render the FAA's authorization of an immediate appeal meaningless by

7

subjecting Airborne to litigation before the court of appeals has decided whether to allow litigation to go forward. Airborne's asserted right to arbitration would be irretrievably lost in the absence of an immediate appeal and just as lost if it is subjected to litigation during the pendency of the appeal.

The central issue on appeal in this case is Airborne's asserted right not to proceed to trial. In such appeals, "the divestiture of jurisdiction brought about by the defendant's filing of a notice of appeal is virtually complete, leaving the court with jurisdiction only over peripheral matters unrelated to the disputed right not to defend the prosecution or action at trial."  Stewart v. Donges, 915 F.2d 572, 576 (10th Cir. 1990)(trial proceedings and trial conducted during pendency of appeal from order denying summary judgment raising defense of qualified immunity without effect because conducted without jurisdiction).

If the arbitration agreement at issue in this case involved less than all parties or less than all issues, Fed.R.App.P. 8 might be implicated, although it is difficult to reconcile Rule 8 with Section 16 of the FAA, the holding of Griggs and principles of judicial economy and efficiency. *But see,* Britton v. Co-op Banking Group, 916 F.2d 1405 (9th Cir. 1990)(stay pending appeal of arbitrability discretionary where only one of multiple defendants raised arbitration issue and

8

issue was but one small component of a much larger securities fraud litigation involving multiple parties and claims not within the scope of arbitration agreement).  Here, however, all of the parties are signatories to the Arbitration Agreement, the Agreement, if enforceable, covers all of plaintiff's claims, and Airborne has taken no action to avail itself of litigation procedures.

### Airborne's Notice of Appeal Raises Substantial Issues of First Impression Warranting a Stay of Proceedings

Airborne's appeal raises significant issues of first impression, which further warrant a stay of the proceedings pending resolution of the appeal.  The first issue is whether the Mutual Agreement to Arbitrate Claims falls within the narrow exclusion from application of the FAA of "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce."  As the Court stated in its Memorandum of April 24, 2003, the Third Circuit "has never considered the scope of § 1's exemption in a context similar to the instant case."  Memorandum at 5.

Airborne's appeal also raises an issue of first impression arising under the Supreme Court's decision in Circuit City Store, Inc. v. Adams, 532 U.S. 105 (2001).  Circuit City acknowledged that employment contracts falling within the Section 1 exclusion were nevertheless subject to arbitration under other statutory schemes, including arbitration under the Shipping

9

Commissioners Act and the Railway Labor Act.  Specifically, the Supreme Court stated as follows:

> [I]t is a permissible inference that the employment contracts of the classes of workers in § 1 were excluded from the FAA precisely because of Congress' undoubted authority to govern the employment relationships at issue by the enactment of statutes specific to them.  *By the time the FAA was passed, Congress had already enacted federal legislation providing for the arbitration of disputes between seamen and their employers*, see Shipping Commissioners Act of 1872, 17 Stat. 262. *When the FAA was adopted, moreover, grievance procedures existed for railroad employees under federal law,* see Transportation Act of 1920, §§ 300-316, 41 Stat. 456, *and the passage of a more comprehensive statute providing for the mediation and arbitration of railroad labor disputes was imminent*, see Railway Labor Act of 1926, 44 Stat. 577, 46 U.S.C. § 651 (repealed).

532 U.S. at 120-21 (emphasis added).

In ruling upon Airborne's appeal, the Third Circuit Court of Appeals may determine that <u>Circuit City</u> dictates that Section 1's exclusion does not "exempt" workers from arbitrating employment disputes; it merely refers those excluded to arbitration under other governing statutes or laws, if applicable, such as the Shipping Commissioners' Act or state law favoring arbitration.[2]  This would be consistent with the Third

---

[2] Airborne raised this argument in the Reply it requested leave to file in response to plaintiff's Motion for Leave to File Supplemental Memorandum of Law in Opposition to Airborne's Motion to Compel Arbitration. (Docket No. 28; Exhibit "A").  Plaintiff first raised the issue of preemption in the Supplemental Motion.

Circuit's recognition that federal arbitration policy must be implemented in lock-step with a determination of contract validity under state law. Spinetti v. Service Corporation International, 324 F.3d 212 (3d Cir. 2003), *citing* First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995). Such a result would also be consistent with the reasoning of the Court of Appeals for the District of Columbia Circuit in the context of litigation identical to this case, i.e., a determination as to whether a contract fell within Section 1's narrow exclusion.

In Cole v. Burns International Security Services, 105 F.3d 1465, 1472 (D.C. Cir. 1997), the defendant, like Airborne, contended that arbitration was required under both the FAA and state law favoring arbitration. The Court of Appeals for the District of Columbia Circuit expressly noted that it would make no difference if Section 1's exclusion applied because "if this case were deemed to be outside the scope of the FAA . . . [t]he parties' agreement would still be a contract that waives [plaintiff's] right to a judicial forum for employment-related claims and agrees to submit those claims to arbitration." The Cole court concluded:

> [W]e have little doubt that, even
> if an arbitration agreement is outside
> the FAA, the agreement still may be

---

Plaintiff's Motion for Leave was denied as moot, so it is not clear whether the Court considered Airborne's argument in issuing its Order and Memorandum.

11

> enforced and the arbitrator's
> award still may be subject to judicial
> review. However, we need not resolve this
> issue in light of our holding that section
> 1 of the FAA excludes from the FAA only the
> employment contracts of workers engaged
> in the transportation of goods in commerce.

*Id.*

A third, equally compelling issue raised by Airborne's appeal is whether, assuming the exclusion does apply, it preempts state law *favoring* the enforcement of arbitration agreements. The United States Supreme Court and the Third Circuit Court of Appeals have consistently ruled that the FAA's preemptive effect is limited and that it does not reflect a Congressional intent to occupy the entire field of arbitration. Volt Information Sciences, Inc. v. Board of Trustees of the Leland Stanford Junior University, 489 U.S. 477-78 (1989); Great Western Mortgage Corporation v. Peacock, 110 F.3d 222, 230 (3d Cir.), *cert. denied*, 522 U.S. 198 (1997).

The Supreme Court has also upheld the application of state law favoring arbitration in cases outside the scope of the FAA. *See e.g.,* Bernhardt v. Polygraphic Company of America, Inc., 350 U.S. 198 (1956) (state law applied where arbitration agreement outside the scope of the FAA) and Volt Information Sciences, Inc., *supra,* 489 U.S. at 477 (1989)(citing Bernhardt as "upholding application of state arbitration law to arbitration provision in contract not covered by the FAA").

12

The Third Circuit has also ruled that in the absence of state law *disfavoring* arbitration, a preemption issue does not arise. In <u>Great Western Mortgage Corporation v. Peacock</u>, *supra,* 110 F.3d at 231, the court held that "in the absence of a state law which discourages the enforcement of arbitration agreements, no question of preemption, as such, is presented." *Accord*, <u>Wyatt, V.I., Inc. v. Hovensa, L.L.C.</u>, 2002 U.S.Dist. LEXIS 10584 (V.I. 2002)(ruling that in the absence of state law discouraging arbitration agreements, no question of preemption arises, relying upon <u>Southland Corporation</u> and <u>Great Western</u>).

The absence of preemption when state law favors arbitration is consistent with the Supreme Court's repeated recognition that the FAA "declared a national policy favoring arbitration" and "withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration." <u>Southland</u>, *supra*, 465 U.S. at 10. The Supreme Court has explained that the FAA's purpose "was to reverse the longstanding judicial hostility to arbitration agreements that had existed at English common law and had been adopted by American courts, and to place arbitration agreements on the same footing as other contracts." <u>Equal Employment Opportunity Commission v. Waffle House, Inc.</u>, 534 U.S. 279, 289 (2002), *quoting* <u>Gilmer v. Interstate/Johnson Lane Corporation</u>, 500 U.S. 20, 24 (1991). *Accord* <u>Brayman Construction</u>

Corporation v. Home Insurance Company, 319 F.3d 622(3d Cir. 2003)("FAA prevents state law from undermining parties' contract to arbitrate").

While Great Western did not arise in the context of Section 1's exclusion, it nevertheless follows that the Court of Appeals may rule that no question of preemption arises under Section 1's exclusion in this case because Washington law favors arbitration and no federal statutory scheme otherwise applies to plaintiff's employment relationship with Airborne.

In sum, Airborne's appeal raises important issues in an evolving area of the law, which also counsels in favor of a stay pending resolution of the appeal. The appeal is not frivolous or dilatory. Nor is it a sham. It is based upon a contract in which the plaintiff expressly agreed to arbitrate, rather than litigate, her claims of discrimination.

## Conclusion

Airborne respectfully requests that the Court deny plaintiff's Motion to Compel Defendant Airborne Express to Respond to Interrogatories and Requests for Production of Documents, and further requests the entry of an Order in aid of the appeal, confirming that the action is stayed pending resolution of the appeal.

Respectfully submitted,

_____
Sharon M. Erwin
Attorney I.D. No. 35143
Law Offices
  of Sharon M. Erwin, LLC
3130 W. Penn Street
Philadelphia, PA 19129-1016
(215) 438-8813

Attorney for defendant
Airborne Express

Dated: May 12, 2003

**CERTIFICATE OF SERVICE**

      I, Sharon M. Erwin, certify that I am causing a true and correct copy of the foregoing Opposition to Plaintiff's Motion to Compel Defendant Airborne Express to Respond to Interrogatories and Requests for Production of Documents to be served by first class mail, postage prepaid, this 12th day of May, 2003 upon the following:

        David L. DaCosta, Esquire
        Joseph J. McAlee, Esquire
        Sprague & Sprague
        The Wellington Building
        135 S. 19th Street, Suite 400
        Philadelphia, PA 19103

        Attorneys for plaintiff


_____
Sharon M. Erwin


Dated: May 12, 2003