UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Margaret Palcko,** : | | **Civil Action** |
| **Plaintiff** : | | |
| : | | |
| v. : | | |
| : | | |
| **Airborne Express, Inc.**, : | | No.:  02-CV-2990 |
| **Defendant** : | | |
| : | | |

**MOTION TO RECONSIDER ORDER OF MAY 13, 2003 DENYING
PLAINTIFF'S MOTION TO COMPEL DEFENDANT AIRBORNE EXPRESS, INC.
TO RESPOND TO INTERROGATORIES AND REQUESTS
<u>FOR PRODUCTION OF DOCUMENTS</u>**

Plaintiff, Margaret Palcko ("plaintiff"), by and through her attorneys, moves the Court pursuant to Local Rule 7.1 (g) for reconsideration of this Court's Order of May 13, 2003 denying Plaintiff's Motion to Compel Defendant Airborne Express, Inc. to Respond to Plaintiff's Interrogatories and Requests for Production of Documents, and in support thereof avers as follows:

1. On May 20, 2002 plaintiff filed a complaint against her former employer, defendant Airborne Express, Inc. ("defendant") alleging causes of action under Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act for acts of sexual discrimination, hostile work environment and unlawful retaliation.

2. On October 2, 2002, defendant filed a Motion to Dismiss plaintiff's complaint. On November 1, 2002, defendant also filed a Motion to Compel Arbitration. Plaintiff filed responses to both motions.

3. On January 9, 2003, the Court denied defendant's Motion to Dismiss plaintiff's complaint. A Scheduling Order was thereafter issued by the Court on February 26, 2003. On March 26, 2003, plaintiff simultaneously served defendant with Plaintiff's Self Executing

Disclosure Statement, First Set of Interrogatories Addressed to Defendant, and First Request for Production of Documents Addressed to Defendant.

4. On April 1, 2003, defendant filed a Motion for a Protective Order and Stay of Discovery pending a ruling on defendant's Motion to Compel Arbitration to which plaintiff filed a reply on April 17, 2003.

5. On April 23, 2003, the Court issued an Order with Opinion denying defendant's Motion to Compel Arbitration. Defendant filed a Notice of Appeal to the Third Circuit on April 28, 2003, which is the same day that Defendant's responses to plaintiff's discovery requests were due.

6. On April 29, 2003, counsel for plaintiff spoke to counsel for defendant about defendant's overdue discovery responses, and was advised by counsel for defendant that it was defendant's position that the Notice of Appeal "divested" this Court of jurisdiction and operated as a *de facto* stay of discovery proceedings.

7. On May 7, 2003, plaintiff filed a Motion to Compel defendant to respond to plaintiff's discovery requests. On May 12, 2003 defendant filed a response with memorandum of law to Plaintiff's Motion to Compel Defendant Airborne Express, Inc. to Respond to Plaintiff's Interrogatories and Requests for Production of Documents which was, in essence, a motion for stay of the proceedings in the District Court during the pendency of the appeal to the Circuit Court.

8. On May 13, 2003, without giving plaintiff a chance to respond to defendant's arguments, this Court entered an Order denying plaintiff's Motion to Compel without prejudice to its renewal after disposition of the pending appeal, in effect staying further proceedings in this Court.

9.	Since the defendant has not and cannot meet the high standard for granting a stay, the Third Circuit has not ruled on the issue presented herein, the case law cited by defendant is in conflict with other case law not cited by defendant, and plaintiff has not had the opportunity to be heard, plaintiff respectfully requests the Court to reconsider it's Order summarily denying plaintiff's Motion to Compel, and enter an Order compelling defendant to comply with plaintiff's discovery requests within five (5) days.

**WHEREFORE**, Plaintiff, Margaret Palcko, respectfully requests this Honorable Court to enter the attached Order.

Respectfully submitted,

SPRAGUE & SPRAGUE

BY: _____
David L. DaCosta, Esquire
Joseph J. McAlee, Esquire
The Wellington Building
135 So. 19th Street, Suite 400
Philadelphia, PA 19103
(215) 561-7681

Dated: May 23, 2003.

UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Margaret Palcko,** | : | Civil Action |
| **Plaintiff** | : | |
| | : | |
| v. | : | |
| | : | |
| **Airborne Express, Inc.**, | : | No.: 02-CV-2990 |
| **Defendant** | : | |
| | : | |

# O R D E R

**AND NOW** this         day of                          , 2003, upon consideration of Plaintiff's Motion To Reconsider Order of May 13, 2003 Denying Plaintiff's Motion to Compel Defendant Airborne Express, Inc. to Respond to Interrogatories and Requests for Production of Documents, and Defendant's response thereto it is hereby ORDERED that:

1. Plaintiff's Motion To Reconsider Order of May 13, 2003 Denying Plaintiff's Motion to Compel Defendant Airborne Express, Inc. to Respond to Interrogatories and Requests for Production of Documents this Court's Order of May 13, 2003 is **GRANTED**;

2. This Court's Order of May 13, 2003 denying Plaintiff's Motion to Compel Defendant Airborne Express, Inc. to Respond to Interrogatories and Requests for Production of Documents is **VACATED**; and

3. Defendant, Airborne Express, Inc. shall provide, full, complete and specific answers, only, to Plaintiff's Interrogatories and produce documents responsive to Plaintiff's Requests for Production of Documents within five (5) days of the date of this Order.

                                                                BY THE COURT:


                                                                _____
                                                                Hon. Thomas N. O'Neill, U.S.D.J.

UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Margaret Palcko,** | : | **Civil Action** |
| **Plaintiff** | : | |
| | : | |
| v. | : | |
| | : | |
| **Airborne Express, Inc.**, | : | No.:  02-CV-2990 |
| **Defendant** | : | |
| | : | |

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO RECONSIDER ORDER OF MAY 13 DENYING
MOTION TO COMPEL DEFENDANT AIRBORNE EXPRESS, INC.
TO RESPOND TO INTERROGATORIES AND REQUESTS
<u>FOR PRODUCTION OF DOCUMENTS</u>

**I.     Procedural History**

On May 20, 2002 plaintiff, Margaret Palcko ("plaintiff"), filed a complaint against her former employer, defendant Airborne Express, Inc. ("defendant") alleging causes of action under Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act for acts of sexual discrimination, hostile work environment and unlawful retaliation.

On October 2, 2002, defendant filed a Motion to Dismiss plaintiff's complaint. On November 1, 2002, defendant also filed a Motion to Compel Arbitration. Plaintiff filed responses to both motions. On January 9, 2003, the Court denied defendant's Motion to Dismiss plaintiff's complaint. A Scheduling Order was thereafter issued by the Court on February 26, 2003.

On March 26, 2003, plaintiff simultaneously served defendant with Plaintiff's Self Executing Disclosure Statement, First Set of Interrogatories Addressed to Defendant, and First Request for Production of Documents Addressed to Defendant. On April 1, 2003, defendant filed a Motion for a Protective Order and Stay of Discovery pending a ruling on defendant's Motion to

Compel Arbitration to which plaintiff filed a reply on April 17, 2003. On April 23, 2003, the Court issued an Order with Opinion denying defendant's Motion to Compel Arbitration.

Defendant filed a Notice of Appeal to the Third Circuit on April 28, 2003, which is the same day that Defendant's responses to plaintiff's discovery requests were due. On April 29, 2003, counsel for plaintiff spoke to counsel for defendant about defendant's overdue discovery responses, and was advised by counsel for defendant that it was defendant's position that the Notice of Appeal "divested" this Court of jurisdiction and operated as a *de facto* stay of discovery proceedings.

On May 7, 2003, plaintiff filed a Motion to Compel defendant to respond to plaintiff's discovery requests.[1] On May 12, 2003 defendant filed a response with memorandum of law to Plaintiff's Motion to Compel Defendant Airborne Express, Inc. to Respond to Plaintiff's Interrogatories and Requests for Production of Documents which was, in essence, a motion for stay of the proceedings in the District Court during the pendency of the appeal to the Circuit Court.

On May 13, 2003, without giving plaintiff a chance to respond to defendant's arguments, this Court entered an Order denying plaintiff's Motion to Compel without prejudice to its renewal after disposition of the pending appeal, in effect staying further proceedings in this Court.

**II.     Argument**

Federal Rule of Appellate Procedure 8 (a) provides that a party desiring a stay of proceedings pending appeal must file a motion with the District Court. Federal Rule of Civil Procedure 62 (c) provides the mechanism by which a defendant may seek a stay in the District

---

[1] Plaintiff did not file a memorandum of law with her motion since, pursuant to Local Rule 26.1 "[a] routine motion to compel answers to interrogatories or to compel compliance with a request for production ... wherein it is averred that no response or objection has been timely served, need have no accompanying brief...."

2

Court. Defendant has not done so in this case, and even if it had, it cannot meet the burden required for a stay.

Fed.R.Civ.P. 62 (c) gives the District Court discretion to enter a stay of proceedings pending appeal. In exercising its discretion, the Court should consider four factors: (1) whether the stay applicant has made a strong showing that it is likely to succeed on appeal; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure other interested parties; and, (4) the public interest. *E.g., Taylor v. Chevrolet Motor Division of The General Motors Corporation,* 1998 WL 525812 (E.D. Pa.). Defendant has not satisfied these criteria.

First, defendant has not made a showing that it is substantially likely to succeed on appeal. Defendant assumes that because it has raised 2 issues which are issues of first impression in this Circuit, those issues will be decided in its favor, thus establishing a strong likelihood of success.[2] The opposite is true. Indeed, were defendant to point to some authority in the Third Circuit which would arguably support its position that it will succeed on appeal, this would *not* necessarily demonstrate an entitlement to a stay. The fact that an issue has not been addressed by the Third Circuit presents, at best, only the *possibility* of success on appeal and not the strong showing required to obtain a stay of the proceedings in the District Court.

As noted by the District Court in *Connecticut Hospital Association v. O'Neill*, 863 F. Supp. 59, 62 (D. Conn. 1994), [i]t is inherently difficult for litigants to convince a judge who has not

---

[2]The issues, as framed by defendant, are: (1) whether a worker in plaintiff's position is so substantially related to transportation in interstate commerce as to in effect be a part thereof; (2) whether employment contracts falling within the § 1 exclusion of the Federal Arbitration Act are nevertheless subject to arbitration under state law.

ruled [in] their favor they are likely to succeed on appeal." The District Court went on to state that in determining whether there is a substantial likelihood of success on appeal such that a stay is warranted, "[o]bjectivity is best obtained from a review of the precedent on which the court relied." 863 F. Supp. at 62, *citing*, *United States v. Eastern Airlines*, 923 F.2d 241, 244 (2d. Cir. 1991). In light of the case law discussed in this Court's Opinion, as well as plaintiff's memoranda filed with the Court, the issues raised by defendant are not so novel, nor is the authority cited by defendant so persuasive as to warrant that defendant has made a strong showing that it is likely to succeed on appeal.

     As to the second factor, defendant has failed to demonstrate any irreparable harm it would suffer from answering defendant's interrogatories and producing documents beyond a conclusory allegation that compliance with plaintiff's discovery requests would cause such harm. Scrutiny of this protest reveals it to be hollow. Defendant is not alleging that plaintiff is not entitled to any discovery under the arbitration agreement, and indeed the arbitration agreement in dispute specifically entitles Plaintiff to one individual deposition, one expert deposition, request the production of documents, subpoena witnesses and documents to the arbitration hearing, and additional discovery as allowed by the arbitrator (see Arbitration Agreement, attached hereto as Exhibit "A", clauses headed "Discovery" and "Subpoenas"). In this case Plaintiff has submitted to defendant seven (7) interrogatories and thirty two (32) requests for productions of documents (attached hereto as Exhibit "B"). Defendant has not, and in good faith could not, argued that Plaintiff's discovery requests are onerous or unreasonable. The information requested is the minimum Plaintiff would be entitled to in order for her to receive due process in whatever forum. Where then is the harm, much less the irreparable harm, in requiring defendant to answer

plaintiff's discovery where she is explicitly allowed some of the same discovery under the disputed arbitration agreement and discretionarily allowed the remainder under the same agreement? The answer is that there is none.

Consideration of the third and forth factors cuts against Defendant as well, as granting a stay will substantially injure plaintiff's interests. As discussed in more detail below, defendant has sought to delay and obstruct this case which was filed almost a year ago and now seeks further delay in the form of a tenuous-at-best appeal. If plaintiff is required to wait until the Third Circuit rules on this appeal, which has not yet even been given a briefing schedule, to receive any discovery more time will be lost. Indeed, whether the matter continues in this Court or is ultimately referred to arbitration, conducting the discovery during the pendency of the appeal will shorten the time required to finally resolve this matter. Speedy resolution of disputes is in the public as well as the plaintiff's individual interest.

Relying on one side of a Circuit split in authority, defendant cites the Seventh Circuit case of *Bradford Scott Data Corporation v. Physicians Computer Network, Inc.,* 128 F.3d 504 (7th Cir. 1997) for the proposition that filing an appeal of an order denying a motion to compel arbitration "divests" the District Court of jurisdiction and automatically stays proceedings in the District Court (Defendant's Memo of Law, p. 4 - 6). Two other Circuit Courts, however, have allowed proceedings to continue in the trial court pending appeal of an order denying arbitration. *In re Salomon Inc. Shareholders' Derivative Litigation,* 68 F.3d 554, 557 (2nd Cir. 1995); *Britton v. Co-Op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990).

The *Bradford Scott* rationale for ignoring the discretionary approach to stays required by Rule 62 (c) and finding a jurisdictional basis for staying proceedings –"[c]ontinuation of the

5

proceedings in the district court largely defeats the point of the appeal and creates a risk of inconsistent handling of the case by two tribunals" (128 F.3d at 505) – is unpersuasive and, even as articulated, inapposite to the instant motion to compel discovery. As correctly pointed out by the *Britton* court,"since the issue of arbitrability [is] the only substantive issue presented in this appeal the district court [is] not divested of jurisdiction to proceed with the case on the merits," and whether to grant a stay pending appeal "is a proper subject for the exercise of discretion by the trial court." 916 F.2d at 1412. Moreover, allowing discovery to proceed pending appeal does not create a risk of inconstant handling by two tribunals since, as pointed out *supra,* Plaintiff is entitled to discovery even if this dispute is determined to be arbitrable.

      Both *Bradford Scott* and *Britton* recognize that an automatic stay pending appeal of an order denying arbitration presents a risk that an "obstinate and crafty litigant" can stall a trial by filing an appeal. 128 F.3d at 506; 916 F.2d at 1412. As even a cursory inspection of the docket in this case reveals, defendant has attempted to stall and delay proceedings from the inception of this litigation by not answering the complaint, contesting entry of the default by claiming that service was improper, belatedly producing an alleged agreement to arbitrate and filing a motion to compel arbitration after Plaintiff's response demonstrated the tenuous basis for Defendant's motion to dismiss, filing a motion for stay pending this Court's decision on the motion to compel arbitration after entry of a scheduling order, and, after that motion was denied, refusing to engage in discovery. *Bradford Scott's* solution to the "obstinate and crafty litigant" is to place the burden on the plaintiff to ask the Court of Appeals to dismiss the appeal as frivolous or to affirm summarily. *Id.* Plaintiff submits that the approach taken by the *Britton* court is more appropriate:

> The system created by the Federal Arbitration Act allows the

> district court to evaluate the merits of the movant's claim, and if, for instance, the court finds that the motion presents a *substantial question*, to stay the proceedings pending an appeal from its refusal to compel arbitration.

916 F.2d at 1412 (emphasis added). *Accord, Desktop Images, Inc. v. Ames,* 930 F. Supp. 1450 (D. Colo. 1996); *Ellsworth Associates, Inc. v. United States,* 917 F. Supp. 841 (D.D.C. 1996); *Triton Container International Limited v. Baltic Shipping Company,* 1995 WL 758928 (E.D. La. 1995). Here, defendant, has not presented a substantial question likely to result in reversal on appeal and it should not be afforded further delay by staying proceedings pending appeal.

**WHEREFORE**, Plaintiff, Margaret Palcko, respectfully requests this Honorable Court to enter the attached Order.

          Respectfully submitted,

          SPRAGUE & SPRAGUE

          BY: _____
               David L. DaCosta, Esquire
               Joseph J. McAlee, Esquire
               The Wellington Building
               135 So. 19th Street, Suite 400
               Philadelphia, PA 19103
               (215) 561-7681

Dated: May 23, 2003.

**CERTIFICATE OF SERVICE**

    I, Joseph J. McAlee, Esquire, hereby certify that a true and correct copy of the foregoing **Motion to Reconsider Order of May 13, 2002 denying Plaintiff's Motion To Compel Defendant Airborne Express To Respond To Interrogatories And Requests For Production Of Documents and Memorandum of Law** was served this day on the person(s) indicated below by regular mail:

Sharon M. Erwin, Esquire
Law Offices of Sharon M. Erwin, L.L.C.
3130 West Penn Street
Philadelphia, PA 19129

*Counsel for Defendant Airborne Express, Inc.*

                                                                Joseph J. McAlee, Esquire

Dated: May 23, 2003