IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| MARGARET PALCKO, <br><br> Plaintiff, <br><br> v. <br><br> AIRBORNE EXPRESS, INC. <br><br> Defendant. | CIVIL ACTION <br> NO: 02-2990 |

**ORDER**

AND NOW, this ___ day of _____, 2003, upon consideration of the Plaintiff's Motion for Reconsideration of the Court's Order of May 13, 2003 and the response thereto, it is hereby ORDERED and DECREED that the Motion is DENIED. This matter is STAYED pending resolution of defendant's appeal of the Order denying its Motion to Compel Arbitration.

BY THE COURT:


_____
O'Neill, Jr., J.

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

|  |  |
|---|---|
| MARGARET PALCKO | CIVIL ACTION  NO: 02-2990 |
| Plaintiff, |  |
| v. |  |
| AIRBORNE EXPRESS, INC. |  |
| Defendant. |  |

**OPPOSITION OF DEFENDANT AIRBORNE EXPRESS TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S ORDER OF MAY 14, 2003**

Defendant Airborne Express opposes plaintiff's Motion for Reconsideration of the Court's Order of May 13, 2003, denying plaintiff's Motion to Compel Defendant to Respond to Interrogatories and Requests for Production of Documents without prejudice, and responds to the Motion as follows:

1. - 7.   The factual averments of paragraphs 1 through 7 of plaintiff's Motion are admitted. To the extent that any of the averments are conclusions of law, they are deemed denied and no response is required.

8.   Admitted that the Court entered the described Order. Denied that plaintiff was entitled to submit a reply brief in response to Airborne's Opposition to the Motion to Compel. *See e.g.,* Local Rule 7.1(c).

9.   Denied.

**WHEREFORE,** Defendant Airborne Express respectfully requests that the Court deny plaintiff's Motion. The facts and law in support of Airborne's Opposition are set forth in the accompanying Memorandum of Law.

Respectfully submitted,

_____
Sharon M. Erwin
Attorney I.D. No. 35143
Law Offices
  of Sharon M. Erwin, LLC
3130 W. Penn Street
Philadelphia, PA 19129-1016
(215) 438-8813

Attorney for defendant
Airborne Express

Dated: June 3, 2003

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

|  |  |
|---|---|
| MARGARET PALCKO | CIVIL ACTION<br>NO: 02-2990 |
| Plaintiff, |  |
| v. |  |
| AIRBORNE EXPRESS, INC. |  |
| Defendant. |  |

**OPPOSITION OF DEFENDANT AIRBORNE EXPRESS**
**TO PLAINTIFF'S MOTION TO RECONSIDER COURT'S ORDER OF MAY 13, 2003**

Defendant Airborne Express opposes plaintiff's Motion for Reconsideration of the Court's Order of May 13, 2003 on the ground that the Motion is improper because it "merely request[s] the court to rethink' a decision it has already made.'" Horizon Unlimited, Inc. v. Silva, 2001 U.S. Dist. LEXIS 275, *8 (E.D.Pa., January 16, 2001)(Shapiro, J.)(citations omitted). There has been no intervening change in controlling law nor any newly available evidence that would warrant reconsideration of the Court's decision denying plaintiff's Motion for Reconsideration. Moreover, plaintiff's Motion does not identify any allegedly manifest errors of law or fact.

**Plaintiff's Motion Fails to Identify a Basis for**
**Reconsideration of the Court's Order of May 13, 2003**

As stated by the Court in Harsco Corporation v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 476

U.S. 1171 (1986) "[t]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." (citations omitted)(trial court did not abuse its discretion in denying motion for reconsideration of summary judgment based solely on evidence available prior to the summary judgment). Such motions should be granted "sparingly" because of the federal courts' strong interest in finality. Horizon, *supra* at *6 (citations omitted).

    Courts reconsider an issue only when "(1) there has been an intervening change in controlling law; (2) new evidence has become available; or (3) there is a need to correct a clear error or prevent manifest injustice." Id. at *7. Plaintiff's Motion for Reconsideration in this case does not present any newly available evidence nor does it argue an intervening change in controlling law. Instead, plaintiff merely "disputes the Court's conclusion" as to the divestiture of the Court's jurisdiction pending resolution of Airborne's appeal of the Order denying arbitration. As such, plaintiff's motion is nothing more than a request that the Court "rethink" its decision, which is not a proper basis for reconsideration.

    Airborne requests that the Court deny plaintiff's Motion on the ground that it fails to present a basis for reconsideration. In addition, the Rules and decisions cited by plaintiff do not apply to the circumstances of this case.

2

**The Rules and the Decisions Cited by Plaintiff**
**<u>Do Not Apply to the Circumstances of this Case</u>**

Plaintiff's Motion does not acknowledge, let alone address, the well-established principle, first articulated in <u>Griggs v. Provident Consumer Discount Company</u>, 459 U.S. 56, 58 (1982) that "the filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." Airborne fully incorporates herein its Memorandum of Law in Opposition to Plaintiff's Motion to Compel Discovery Responses (Docket No. 36) and will not repeat the discussion of <u>Griggs</u> and related case law discussed therein. Rather, Airborne will address plaintiff's mistaken belief that Fed.R.Civ.P. 62(c) and Fed.R.App.P. 8 apply to this case.

**Plaintiff's Reliance on**
**<u>Fed.R.Civ.P. 62(c) and Fed.R.App.P. 8 is Misplaced</u>**

Plaintiff ignores the divestiture of jurisdiction that occurred upon the filing of Airborne's Notice of Appeal and argues that discovery should take place absent a stay issued pursuant to Fed.R.Civ.P. 62(c). Rule 62, however, addresses stays of proceedings to enforce judgments and interlocutory or final judgments granting, dissolving an injunction. No judgment or injunction has been entered in this case and Rule 62(c) and the four factor analysis as to whether the trial court should exercise its discretion under the Rule to enter a stay does not

3

come into play.

Rule 62(c) expressly applies to appeals "taken from an interlocutory or final judgment granting, dissolving, or denying an injunction."  Airborne is not appealing from such an judgment and Rule 62(c) is therefore irrelevant.  <u>Taylor v. Chevrolet Motor Division of The General Motors Corporation</u>, 1998 WL 525812, 1998 U.S.Dist. LEXIS 12977 (E.D.Pa. 1998)(defendant requesting stay of enforcement of judgment) and <u>Connecticut Hospital Association v. O'Neill</u>, 863 F.Supp. 59 (D.Ct. 1994)(defendant seeking stay of injunctive relief pursuant to Rule 62(c)), cited by plaintiff, are equally irrelevant.[1]

Plaintiff's reliance on <u>United States v. Eastern Airlines, Inc.</u>, 923 F.2d 241 (2d Cir. 1991) is also unavailing because it involved an appeal of an order refusing to keep an affidavit used in obtaining a search warrant under seal, an issue collateral to the criminal proceeding.  Further, the court in

---

[1] The conclusion reached by the court in <u>Desktop Images, Inc. v. Ames</u>, 930 F.Supp. 1450 (D.Colo. 1996) that an Order denying a Motion to Compel Arbitration is an injunction appears to be an anomaly and is not good law in its own circuit. *See* <u>Stewart v. Donges</u>, 915 F.2d 572, 576, 578 (10th Cir. 1990)(standard to be applied by trial court in face of pending appeal "where the central issue in the appeal is the defendant's asserted right not to have to proceed to trial" is whether the appeal is frivolous or the right of appeal has been forfeited and not the standard under Fed.R.App.P. 8).  Under the <u>Desktop</u> reasoning, a simple Order compelling discovery would be an injunction as it can be characterized as "a coercive order by the court directing a party to do . . . something, and applies to future actions." *Id.* at 1451.

Eastern Airlines cited the decision in Hilton v. Braunskill, 481 U.S. 770, 776 (1987) as the basis for its conclusion as to the standard to be used in deciding whether to grant the requested stay.  Hilton, in turn, involved a requested stay pending appeal of a judgment, in that case a final order granting relief to a habeas petitioner.  *Id*. at 774, 776-77 (court making initial custody determination as to habeas petitioner under Fed.R.App.P. 23(c) should be "guided by the factors traditionally considered in deciding whether to stay a *judgment* in a civil case", i.e., under Fed.R.Civ.P. 62(c) and Fed.R.App.P. 8(a)(emphasis added)).

      Airborne did not appeal from a judgment as contemplated under Rule 62 but from an Order denying arbitration, immediately appealable under the Federal Arbitration Act ("FAA").  For the reasons set forth in its Opposition to Plaintiff's Motion to Compel Discovery Responses, the appeal divests this Court of jurisdiction over whether pretrial proceedings, including discovery, are to go forward.

      The standard for issuing a stay under Fed.R.App.P. 8 also does not apply when the issue on appeal is the defendant's asserted right not to have to proceed to trial. Stewart v. Donges, *supra,* 915 F.2d at 576 (when central issue is defendant's asserted right not to proceed to trial, divestiture of jurisdiction upon filing appeal is virtually complete).  In this case, Airborne's asserted right not to proceed to trial arises

5

under the FAA's grant of an immediate appeal of an anti-arbitration Order. With arbitrability as the central issue, the district court retains jurisdiction only if the Court finds the motion or appeal to be frivolous and supports its conclusions by written findings. *Id.* *See also* United States v. Leppo, 634 F.2d 101, 105 (3d Cir. 1980)(appeal from denial of double jeopardy motion). In denying Airborne's Motion to Compel Arbitration, the Court did not find it to be a frivolous appeal. Nor did Airborne waive its right to appeal. Rule 8, therefore, simply does not apply to the circumstances of this case.

### Plaintiff Relies on Case Law That Is Irrelevant and/or Inapplicable to the Circumstances of This Case

The decisions in Britton v. Co-op Banking Group, 916 F.2d 1405 (9th Cir. 1990) and In re Salomon Inc. Shareholders' Derivative Litigation, 68 F.3d 554 (2d Cir. 1995) on which plaintiff also relies are readily distinguishable. In Britton, only one of the multiple defendants had an arbitration agreement with the plaintiffs and the right to arbitration was asserted solely by a non-signatory to that agreement. The non-signatory defendant did not timely raise the existence of the arbitration agreement. When he subsequently moved to compel arbitration, the court denied the motion on the ground that he had waived arbitration by actively pursuing litigation, which had prejudiced the plaintiffs. *Id.* at 1408.

Here, Airborne promptly raised the existence of the

arbitration agreement, less than a month after learning of the lawsuit.  Unlike the situation in Britton, Airborne's appeal relates to all of the parties and all of the claims, not just to one issue affecting but one defendant in a much broader securities fraud litigation.

In Salomon Brothers, also cited by plaintiff, the Second Circuit did not provide any reasons for its decision to deny the requested stay.  The facts in Salomon Brothers were unique.  The first request for arbitration did not come until after three (3) years of litigation, although it was nevertheless granted initially.  The New York Stock Action, before which arbitration was contemplated under the relevant documents, declined to arbitrate the dispute and the court then denied a second request to compel arbitration.  As explained in Satcom International Group PLC v. Orbcomm International Partners, L.P., 55 F.Supp. 231 (S.D.N.Y. 1999), Salomon Brothers is "limited to cases with similar facts".  *Id.* at 236.  And "the better view is the one adopted [in Bradford-Scott], that the district court is ordinarily divested of jurisdiction during the pendency of an appeal under 16(a)[of the FAA]." *Id*.  Bradford-Scott Data Corporation, Inc. v. Physician Computer Network, Inc., 128 F.3d 504 (7th Cir. 1997) is discussed at length in Airborne's Opposition to plaintiff's Motion to Compel Discovery.

Application of the normal rule of divestiture of

7

jurisdiction during the pendency of Airborne's appeal, as stated in Satcom International, "is entirely in keeping with the principle of judicial economy from which the rule arises, . . . [and] is consistent with . . . the statutory objective of Section 16(a) to promote arbitration.  *Id*. at 236-37 (citations omitted).

  The cases cited by plaintiff in which the courts applied the Rule 62 analysis are all ones in which the determinative factor appears to have been the presence of other parties who could not claim a right to arbitration or in which the courts implicitly found the appeal to be frivolous.  *See e.g.,* Triton Container International v. Baltic Shipping Company, 1995 WL 758928, 1995 U.S.Dist. LEXIS 18924 (E.D.La. 1995)(defendant seeking arbitration found to have waived arbitration and other claimants in consolidated proceedings would be prejudiced by stay); Ellsworth Associates, Inc. v. United States of America, (limited arbitration clause and only two (2) of several defendants sought arbitration and appealed); and Desktop Images, Inc. v. Ames, *supra,* 930 F.Supp. 1450 (less than all defendants sought arbitration; of those that did, one did not agree in writing to arbitrate and three did not have an arbitration clause in their agreements or any other basis for seeking mandatory arbitration).  None of those circumstances exist in this case.  The better reasoned analysis, and the one consistent with the law in the Third Circuit is Bradford-Scott,

8

*supra*.  *See e.g.,* Venon v. Sweet, 758 F.2d 117, 121 (3d Cir. 1985) and Griggs, *supra.*

### The Factors for Entering a Stay
### Under Fed.R.Civ.P. 62 Are Met in This Case

Airborne, as explained above, does not believe that a Rule 62 analysis is proper in this case.  Nevertheless, if an analysis under 62(c) were required, the four factors all weigh in favor of a stay.[2]  First, as many courts have recognized, particularly when the remaining three factors weigh in favor of a stay, the first prong is satisfied when the movant presents a "serious legal question" rather than a mathematical probability of success.  The Washington Area Transit Commission v. Holiday Tours, Inc., 182 U.S.App.D.C. 220, 559 F.2d 841, 844 (D.C.Cir. 1997); *accord* Trefny Bear Stearns Securities Corporation, 243 Bankruptcy Rptr. 300, 309 (S.D.Tx. 1999) and Desktop Images, Inc. v. Ames, *supra,* 930 F.Supp. at 1452.  As set forth in more detail in its Opposition to plaintiff's Motion to Compel Discovery, Airborne has raised serious and substantial issues on appeal, including whether the broad Mutual Agreement to Arbitrate Claims falls within the exclusion of Section 1 of the FAA and, if it does, whether Section 1 bars arbitration otherwise required under

---

[2]The four factors are (1) whether the stay applicant has made a strong showing that it is likely to succeed on appeal; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure other interested parties; and (4) where the public interest lies. Hilton v. Braunskill, *supra,* 481 U.S. at 776.

9

state law favoring arbitration and basic contract principles.

Airborne will be irreparably harmed absent a stay if it is forced to conduct discovery under Court Order "and its right to arbitrate the dispute will be jeopardized by such discovery." Trefny Bear Stearns Securities Corporation, *supra* 243 Bankruptcy Rptr. at 309.  As stated in Bradford-Scott, *supra,* 128 F.3d at 506, "Arbitration clauses reflect the parties' preference for non-judicial dispute resolution, which may be faster and cheaper. These benefits are eroded, and may be lost or even turned into net losses, if it is necessary to proceed in both judicial and arbitral forums . . .. Yet, combining the costs of litigation and arbitration is what lies in store if a district court continues the case while an appeal under 16(a) is pending."

Under the Mutual Agreement to Arbitrate Claims, discovery is essentially under the direction of the arbitrator, as opposed to the Federal Rules of Civil Procedure and, as plaintiff conveniently overlooks, discovery through interrogatories is not automatic but can be pursued only if "the Arbitrator selected pursuant to this Agreement so orders, upon a showing of substantial need."  Forcing Airborne to conduct discovery only to have the Third Circuit order the dispute to be arbitrated will result in irreparable harm to Airborne, including the loss of Airborne's time, energy, resources, and, if the Mutual Agreement to Arbitrate Claims is upheld, the loss of the

benefit of its bargain. The issue is not whether plaintiff's Requests for Production are objectionable under the Federal Rules of Civil Procedure but whether Airborne should be forced to conduct discovery under the Rules at all.

In contrast, plaintiff has not asserted any harm to her by having discovery delayed during the pendency of the appeal. Plaintiff's suggestion that she should have the simultaneous benefits of discovery in accordance with the Agreement to Arbitrate and under the Federal Rules of Civil Procedure is disingenuous. Plaintiff, it must be remembered, is the party seeking to get out from under a contractual agreement she signed. Moreover, plaintiff's argument creates the risk of inconsistent handling by *three* tribunals -- this Court, the Circuit Court and the arbitrator if arbitration is ordered. A stay of the proceedings is the only way to mitigate the already substantial harm Airborne has suffered as a result of the plaintiff's breach of her agreement to arbitrate should the Third Circuit order plaintiff to arbitrate as she agreed to do.

As to the fourth factor, the public interest, expressed in the FAA's pro-arbitration policy and in principles of judicial economy and efficiency, is served by a stay. Given the wide-spread use of arbitration agreements, the public interest is also served by having the appellate court address the scope of Section 1's exclusion and the interplay of Section 1,

11

the FAA's limited preemptive effect and applicable state law favoring arbitration.

Finally, plaintiff's allegations concerning delay are not only untrue but misleading. It is plaintiff who moved for a snap entry of default from the Clerk of Court and then, when her Motion for Default Judgment was denied, ignored the Court's instruction to either serve Airborne at its headquarters or inquire of the status of the employee plaintiff contended had been served with process. Plaintiff chose not to, letting another two (2) months go by before Airborne learned of the lawsuit from its outside counsel. Airborne filed its Motion to Dismiss within six (6) days of learning of the suit, and advised plaintiff's counsel of the Mutual Agreement to Arbitrate Claims less than a month thereafter.

## Conclusion

Airborne respectfully requests that the Court deny plaintiff's Motion for Reconsideration and/or enter a stay of these proceedings pending resolution of Airborne's appeal.

Respectfully submitted,

_____
Sharon M. Erwin
Attorney I.D. No. 35143
Law Offices
  of Sharon M. Erwin, LLC

12

                3130 W. Penn Street
                Philadelphia, PA 19129-1016
                (215) 438-8813

                Attorney for defendant
                Airborne Express

Dated: June 3, 2003

**CERTIFICATE OF SERVICE**

        I, Sharon M. Erwin, certify that I am causing a true and correct copy of the foregoing Opposition of Defendant Airborne Express to Plaintiff's Motion for Reconsideration of the Court's Order of May 13, 2003 to be served by fax and by first class mail, postage prepaid, this 3rd day of June, 2003, upon the following:

        David L. DaCosta, Esquire
        Joseph J. McAlee, Esquire
        Sprague & Sprague
        The Wellington Building
        135 S. 19th Street, Suite 400
        Philadelphia, PA 19103

        Attorneys for plaintiff

        _____
        Sharon M. Erwin

Dated: June 3, 2003